**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) ) ) ) | Case No. 19- |
| Debtors. | ) ) ) | Joint Administration Requested |

**MOTION OF THE DEBTORS FOR INTERIM AND
FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), 363,
1107 AND 1108 AUTHORIZING: (A) CONTINUED MAINTENANCE OF
EXISTING BANK ACCOUNTS, (B) CONTINUED USE OF EXISTING BUSINESS
FORMS AND (C) WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT
REQUIREMENTS AND CERTAIN UNITED STATES TRUSTEE GUIDELINES**

The debtors and debtors in possession (together, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") hereby move for entry of interim and final orders pursuant to sections 105(a), 345(b), 363, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") authorizing: (a) continued maintenance of Debtors' existing bank accounts, (b) continued use of Debtors' existing business forms and checks, and (c) a waiver of the section 345(b) deposit and investment requirements and certain United States Trustee operating guidelines relating to bank accounts. In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

{00025163.3 }

for the relief requested herein are sections 105(a), 345(b), 363, 1107 and 1108 of the Bankruptcy Code. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion, to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Background

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code commencing these Chapter 11 Cases. The factual background regarding the Debtors, including their business operations and the events leading up to the commencement of these Chapter 11 Cases are set forth in the *Declaration of J. David Hansen in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "Hansen Declaration"), which was filed with the Court on the Petition Date and is fully incorporated by reference.

3. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4. Debtor MabVax is a wholly owned subsidiary of Debtor MabVax Holdings. Debtor MabVax is non-operating company that holds certain patents and other property that the Debtors are seeking to sell in these Chapter 11 Cases.

5. Debtor MabVax Holdings is a biotechnology company. Specifically, a clinical-stage immuno-oncology drug development company with a fully human antibody discovery platform focused on the clinical development of products to address unmet medical needs in the treatment of cancer and pancreatitis.

6. Debtor MabVax Therapeutics Holdings maintains two bank accounts: (a) a checking account (the "Checking Account") and (b) a money market account (the "Money Market Account" and together with the Checking Account, the "Bank Accounts") at Pacific Premier Bank (the "Bank"). The Bank is located at 17901 Von Karman Ave, Suite 1200, Irvine, California 92614. The Checking Account is used for all the Debtors' payable transactions and disbursements including employee payroll. The Money Market Account is used to receive money transfers such as wires. No payments are issued from the Money Market Account. Debtor MabVax does not maintain any bank accounts. A schedule identifying the specific accounts is attached hereto as **Exhibit A**.

## Relief Requested

7. The Debtors seek the following authorization: (a) to maintain the existing Bank Accounts, (b) to continue to use its existing check stock and business forms, and (c) a waiver of the section 345(b) deposit and investment requirements and certain operating guidelines relating to bank accounts set forth in the U.S. Department of Justice, Office of the United States Trustee: Operating Guidelines for Chapter 11 Cases (the "U.S. Trustee Guidelines"), adopted by the United States Trustee for the District of Delaware (the "U.S. Trustee").

## Basis for Relief

**A. The Debtors Should Be Granted Authority To Maintain Their Existing Bank Accounts.**

9. The U.S. Trustee has established the U.S. Trustee Guidelines for a debtor in possession in order to supervise the administration of a chapter 11 case. These U.S. Trustee Guidelines require a chapter 11 debtor, among other obligations, to (a) close all existing bank accounts and open new debtor in possession bank accounts; (b) establish one debtor in possession account for all estate monies required for the payment of taxes including payroll

taxes; (c) maintain a separate debtor in possession account for cash collateral; and (d) obtain checks for all debtor in possession accounts which bear the designation "Debtor In Possession." The last requirement is designed to draw a clear line of demarcation between prepetition and post-petition transactions and operations and prevent the inadvertent post-petition payment of prepetition claims. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Debtors seek a waiver of these requirements and authorization to continue using the existing Bank Accounts as its debtor in possession accounts.

10. The Debtors believe that the Bank is a financially stable banking institution and insured by the Federal Deposit Insurance Corporation (the "<u>FDIC</u>"). The Bank is a wholly owned subsidiary of Pacific Premier Bancorp, Inc. The Bank is a California state-chartered commercial bank. Additionally, the Bank is a member of the Federal Home Loan Bank of San Francisco, which is a member bank of the Federal Home Loan Bank System. The Bank's deposit accounts are insured by the FDIC up to the maximum amount currently allowable under federal law. The Bank is currently subject to examination and regulation by the Federal Reserve Bank, the California Department of Business Oversight-Division of Financial Institutions, the Consumer Financial Protection Bureau and the FDIC. Accordingly, the Debtors believe such Bank Accounts will be collateralized in a manner consistent with the requirements of section 345 of the Bankruptcy Code.

11. The Debtors seek a waiver of the U.S. Trustee's requirement that their prepetition Bank Accounts be closed and new post-petition bank accounts be opened. If enforced in this case, such requirement would cause disruption in the Debtors' business. The Debtors need to maintain its Bank Accounts in order to ensure smooth collections and disbursements in the ordinary course.

12. Accordingly, in order to avoid delays in making immediate payments to administrative creditors, to ensure as smooth a transition into chapter 11 as possible with minimal disruption, and to aid in the Debtors' efforts to complete these Chapter 11 Cases successfully and rapidly, the Debtors seek authority to continue to maintain the Bank Accounts.

13. It has been recognized that the strict enforcement of bank account closing requirements does not serve the rehabilitative purposes of chapter 11. In other cases, this Court has waived such requirements and replaced them with alternative procedures that provide the same protections.

14. In sum, subject to a prohibition against honoring prepetition checks without specific authorization from this Court, the Debtors request that the Bank Accounts be deemed debtor in possession accounts and that their maintenance and continued use, in the same manner and with the same account numbers, styles and document forms as those employed during the prepetition period, be authorized.

15. The Debtors also seek a waiver of the requirement to establish specific bank accounts for tax payments. The Debtors believe that they can pay their tax obligations most efficiently out of the existing Bank Accounts, that the U.S. Trustee can adequately monitor the flow of funds into and out of such Bank Accounts, and that the creation of new debtor in possession accounts designated solely for tax obligations would be unnecessary and inefficient. The Debtors are current on all taxes. Payroll taxes are processed by the Debtors' payroll administrator, Paychex Inc., and the Debtors do not anticipate owing any use taxes.

16. The Debtors represent that if the relief requested in this Motion is granted, they will not pay, and the Bank will be directed not to pay, any checks dated on or prior to the Petition Date, other than as authorized by this Court.

## B. The Debtors Should Be Granted Authority To Continue To Use Existing Business Forms And Checks.

17. In order to minimize expenses to its estate, the Debtors also seek a waiver of these requirements and authorization to continue using all correspondence, business forms (including, but not limited to, letterhead, purchase orders and invoices) and checks existing immediately prior to the Petition Date, without reference to the Debtors' status as debtors in possession.

18. Most parties doing business with the Debtors undoubtedly will be aware of the Debtors' status as debtors in possession as a result of the notoriety of the Chapter 11 Cases, and the Debtors' primary creditors will receive direct notice of the commencement of these Chapter 11 Cases.

19. Changing correspondence and business forms would be expensive, unnecessary and burdensome to the Debtors' estates and disruptive to the Debtors' business operations and would not confer any benefit upon those dealing with the Debtors. For these reasons, the Debtors request that they be authorized to use existing checks and business forms without being required to place the label "Debtor in Possession" on each. In accordance with Local Rule 2015-2(a), once the Debtors have exhausted their existing supply of business forms, the Debtors will reorder business forms with the designation "Debtor in Possession" and the corresponding bankruptcy number on all such forms (including checks).

20. In furtherance of this goal, the Debtors request that the Bank be authorized to continue to administer the Bank Accounts as such account was maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, drafts, wires or ACH transfers issued on the Bank Accounts after the Petition Date so long as sufficient funds are in the Bank Accounts.

21. The Debtors further request that the Bank be restrained from honoring any check, draft, wire or ACH Transfer presented, issued or drawn on the Bank Accounts on or prior to the Petition Date unless (i) authorized by an order of this Court and requested to be paid by the Debtors, (ii) not otherwise prohibited by a "stop payment" request received by the Bank from the Debtors and (iii) supported by sufficient funds in the Bank Accounts.

22. To effectuate the foregoing, the Debtors request that the Bank be authorized to honor all representations from the Debtors as to which checks should be honored or dishonored. To the extent that the Debtors have directed that any prepetition checks be dishonored, they reserve the right to issue replacement checks to pay the amounts related to such dishonored checks consistent with the orders of this Court.

C.  **Authorizing the Debtors to Continue Using Debit, Wire, and ACH Transfers Is Warranted**

23. The Debtors request that the Court grant further relief from the U.S. Trustee Guidelines to the extent they require the Debtors to make all disbursements by check. In particular, the U.S. Trustee Guidelines require that all receipts and all disbursements of estate funds must be made by check with a notation representing the reason for the disbursement. During normal course operations, the Debtors conduct transactions through ACH transfers and other similar methods. If the Debtors' ability to conduct transactions by debit, wire, ACH transfer, or other similar methods is impaired, the Debtors may be unable to perform under certain contracts, their business operations may be unnecessarily disrupted, and their estates will incur additional costs. The Debtors send ACH/wire transfer to, to employees for expense reimbursements, certain vendors, and creditors.

**The Requirements of Bankruptcy Rule 6003(b) Are Satisfied**

24. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." For reasons discussed above, granting the relief requested herein is integral to the Debtors' ability to transition its operations into these Chapter 11 Cases. Failure to receive such authorization and other relief during the first 21 days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture. For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their business in the ordinary course and preserve the ongoing value of the Debtors' operations and maximize the value of their estates for the benefit of all stakeholders. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### Request for Final Hearing

25. Pursuant to Bankruptcy Rule 4001(b)(2) and Local Rule 4001-2(c), the Debtors request that the Court set a date for the Final Hearing on or about fourteen (14) days from the Petition Date and fix the time and date prior to the Final Hearing for parties to file objections to this Motion.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

26. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Notice

27.     Notice of this Motion will be given via e-mail, facsimile, telephone, and/or hand delivery to: (a) the Office of the United States Trustee for the District of Delaware, attn.: Linda Richenderfer, (b) the Bank, (c) counsel to BioNTech AG, as the Debtors' proposed lender to the Debtors' post-petition financing facility, (d) counsel to Oxford Finance LLC, as the Debtors' prepetition secured lender, (e) the Securities and Exchange Commission, (f) the Food and Drug Administration, and (g) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  The Debtors submit that, under the circumstances, no other or further notice is required.

## No Prior Request

28.     No previous request for the relief sought herein has been made to this Court or any other court.

## Conclusion

**WHEREFORE**, the Debtors respectfully request that the Court enter interim and final orders, substantially in the forms attached hereto as **Exhibit B** and **Exhibit C**, respectively, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: March 21, 2019               **THE ROSNER LAW GROUP LLC**
       Wilmington, Delaware

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE # 3995)
Scott J. Leonhardt (DE # 4885)
Jason A. Gibson (DE # 6091)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email:  rosner@teamrosner.com
       leonhardt@teamrosner.com
       gibson@teamrosner.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

### LIST OF BANK ACCOUNTS

**The Bank Accounts:**
Bank Info:
Bank Name:             Pacific Premier Bank
Bank Address:          17901 Von Karman Ave, Suite 1200, Irvine, California 92614

| **Account Title** | **Currency** | **Account #** |
|---|---|---|
| Checking Account | USD | *5021[Last Four] ABA/Routing # 322285781 |
| Money Market Account | USD | *0870[Last Four] ABA/Routing # 322285781 |

# EXHIBIT B

# Proposed Interim Order

{00025163.3 }

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) Case No. 19- |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Re: D.I. __** |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), 363, 1107 AND 1108 AUTHORIZING: (A) CONTINUED MAINTENANCE OF EXISTING BANK ACCOUNTS, (B) CONTINUED USE OF EXISTING BUSINESS FORMS AND (C) WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS AND CERTAIN UNITED STATES TRUSTEE GUIDELINES**

Upon the Motion[2] of the Debtors for an Order, under sections 105, 345(b), 363, 1107 and 1108 of the Bankruptcy Code, authorizing (i) continued maintenance of existing bank accounts, (ii) continued use of existing business forms and (iii) a waiver of the section 345(b) deposit requirements and certain United States Trustee operating guidelines relating to bank accounts; and upon the representations contained in the Hansen Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, the creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED on an interim basis as provided herein.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

{00025163.3 }

2.     The final hearing (the "Final Hearing") on the Motion shall be held on April _____, 2019 at __:__ _.m. (ET).  Any objections or responses to entry of the final order shall be filed on or before March _____, 2019 at 4:00 p.m. (ET).

3.     Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized to designate, maintain and continue to use the Bank Accounts with the same account numbers, and treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as a debtors in possession.

4.     The Debtors are authorized to continue to use existing business forms (including letterhead, purchase orders, and invoices) and checks without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them, provided, however, in the event that the Debtors need to purchase new check stock or any other business forms during the pendency of these Chapter 11 Cases, such check stock or other business forms will include a legend referring to the Debtors as "Debtor in Possession" or "DIP."

5.     After the Petition Date, and subject to the terms of this Order, Pacific Premier Bank, the bank at which the Bank Accounts are maintained, is authorized to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, wire transfers, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Bank Accounts, provided, however, that, unless otherwise ordered by the Court and requested by the Debtors, no checks, drafts, ACH transfers (excluding any ACH Transfer that the Bank is obligated to settle), or other items presented, issued, or drawn on the Bank Accounts on or prior to the Petition Date shall be honored.

6. The Bank is authorized but not directed to implement reasonable handling procedures designed to effectuate the terms of this Order. If the Bank implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good-faith belief that the Court has authorized such prepetition check or item to be honored or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, it shall not be liable to the Debtors or their estates or otherwise in violation of this Order.

7. The Bank is authorized to honor all representations from the Debtors as to which checks should be honored or dishonored.

8. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived. The Debtors shall give notice to the Office of the U.S. Trustee and any official committees appointed in these Chapter 11 Cases prior to opening or closing a bank account. Any new bank account opened by the Debtors shall be established at an institution insured by the FDIC and that is a party to a Uniform Depository Agreement with the U.S. Trustee or is willing to immediately execute a Uniform Depository Agreement.

9. The Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors shall serve a copy of this Order on the Bank within three (3) business days of the entry of this Order.

14. The Debtors are granted a 30 day extension of time to comply with the investment and deposit requirements of section 345 of the Bankruptcy Code, which extension is without prejudice to the Debtors' ability to seek a final waiver of those requirements. For banks at which the Debtors hold accounts that are party to a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, within fifteen (15) days from the date of entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with the Debtors' employer identification numbers, and (c) identify the accounts held at such banks as being held by a debtor in possession. For banks that are not party to a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, the Debtors shall use its good faith efforts to cause the bank to execute a Uniform Depository Agreement in a form prescribed by the Office of the U.S. Trustee within thirty days of the date of entry of this Order.

Dated: March __, 2019
       Wilmington, Delaware

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

# Proposed Final Order

{00025163.3 }

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) Case No. 19- |
| Debtors. | ) Jointly Administered |
|  | ) **Re: D.I. ___** |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), 363, 1107 AND 1108 AUTHORIZING: (A) CONTINUED MAINTENANCE OF EXISTING BANK ACCOUNTS, (B) CONTINUED USE OF EXISTING BUSINESS FORMS AND (C) WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS AND CERTAIN UNITED STATES TRUSTEE GUIDELINES**

Upon the Motion[2] of the Debtors for an Order, under sections 105, 345(b), 363, 1107 and 1108 of the Bankruptcy Code, authorizing (i) continued maintenance of existing bank accounts, (ii) continued use of existing business forms and (iii) a waiver of the section 345(b) deposit requirements and certain United States Trustee operating guidelines relating to bank accounts; and upon the representations contained in the Hansen Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, the creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED on as final basis as provided herein.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

{00025163.3 }

2.      Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized to designate, maintain and continue to use the Bank Accounts with the same account numbers, and treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors in possession.

3.      The Debtors are authorized to continue to use existing business forms (including letterhead, purchase orders, and invoices) and checks without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them, <u>provided</u>, <u>however</u>, in the event that the Debtors need to purchase new check stock or any other business forms during the pendency of these Chapter 11 Cases, such check stock or other business forms will include a legend referring to the Debtors as "Debtor in Possession" or "DIP."

4.      After the Petition Date, and subject to the terms of this Order, Pacific Premier Bank, the bank at which the Bank Accounts are maintained, is authorized to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, wire transfers, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Bank Accounts, <u>provided</u>, <u>however</u>, that, unless otherwise ordered by the Court and requested by the Debtors, no checks, drafts, ACH transfers (excluding any ACH Transfer that the Bank is obligated to settle), or other items presented, issued, or drawn on the Bank Accounts on or prior to the Petition Date shall be honored.

5.      The Bank shall implement reasonable handling procedures designed to effectuate the terms of this Order. If the Bank implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good-faith belief that

{00025163.3 }

the Court has authorized such prepetition check or item to be honored or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, it shall not be liable to the Debtors or their estates or otherwise in violation of this Order.

6. The Bank is authorized to honor all representations from the Debtors as to which checks should be honored or dishonored.

7. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

8. The Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors shall serve a copy of this Order on the Bank within five (5) business days of the entry of this Order.

Dated: April ___, 2019
      Wilmington, Delaware

                                                                              _____
                                                                              UNITED STATES BANKRUPTCY JUDGE