**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) Case No. 19- |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

**MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PRE-PETITION TAXES AND (II) AUTHORIZING THE BANKS TO HONOR AND PROCESS THE PAYMENT OF SUCH AMOUNTS**

MabVax Therapeutics Holdings, Inc. ("MabVax Holdings") and MabVax Therapeutics, Inc. ("MabVax" and together with MabVax Holdings, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby file this motion for entry of (a) an interim order, substantially in the form attached hereto as **Exhibit A** (the "Interim Order"), and (b) a final order, substantially in the form attached hereto as **Exhibit B** (the "Final Order") (i) authorizing the debtors to pay certain pre-petition taxes and (ii) authorizing the banks to honor and process the payment of such amounts (the "Motion"). In further support hereof, the Debtors respectfully state as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and this Motion is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

{00025217.3 }

2.  The statutory predicates for the relief requested herein are sections 105(a), 506(a), 507(a) (8), 541, and 1129 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion, to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## II. BACKGROUND

3.  On the date hereof (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these bankruptcy cases. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  No trustee, examiner, or creditors' committee has been appointed in these Chapter 11 Cases.

5.  Debtor MabVax is a wholly owned subsidiary of Debtor MabVax Holdings. Debtor MabVax is a non-operating company that holds certain patents and other property that the Debtors are seeking to sell in these Chapter 11 Cases.

6.  Debtor MabVax Holdings is a biotechnology company. Specifically, a clinical-stage immuno-oncology drug development company with a fully human antibody discovery platform focused on the clinical development of products to address unmet medical needs in the treatment of cancer and pancreatitis.

7.  The Debtors' pre-petition capital structure and the events leading up to the commencement of the Chapter 11 Cases are set forth in *Declaration of J. David Hansen in Support*

*of Debtors Chapter 11 Petitions and First Day Motions* (the "Hansen Declaration") filed concurrently herewith and fully incorporated by reference.

8. In the ordinary course of business, the Debtors incur or collect and remit a variety of taxes, including, without limitation, (i) franchise taxes; (ii) business taxes; (iii) income taxes; (iv) property taxes; and (v) certain other miscellaneous taxes (collectively, the "Taxes"), to various federal, state, local and other governmental authorities and/or certain municipal or governmental subdivisions or agencies of those states (collectively, the "Authorities").[2] The Debtors also incur fees for business licenses and permits and various other fees and assessments (collectively, the "Fees," and together with the Taxes, the "Taxes and Fees") in connection with the operation of their business. The Debtors remit the Taxes and Fees to the Authorities in accordance with applicable regulations and laws.

9. The Debtors estimate that, as of the Petition Date, the total amount of pre-petition Taxes and Fees currently owed to the Authorities does not exceed approximately $10,000 in the aggregate. The Taxes and Fees are comprised entirely of current tax obligations and are not in respect of "catch-up" payments.

10. Many laws in the jurisdictions within which the Debtors operate impose personal liability on directors and/or responsible officers of entities responsible for collecting or paying

---

[2] In addition to the Taxes discussed herein, the Debtors are required by law to withhold from their employees' pay amounts related to, among other things, federal, state, and local income taxes and Social Security and Medicare taxes (collectively, the "Withheld Amounts") for remittance to the appropriate federal, state, or local taxing authorities. The Debtors must then match from their own funds for social security and Medicare taxes and pay, based upon a percentage of gross payroll, additional amounts for state and federal unemployment insurance (together with the Withheld Amounts, the "Payroll Taxes"). Any relief requested with respect to the Payroll Taxes is requested in the *Motion for Interim and Final Orders Pursuant to Sections 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) and 1108 of the Bankruptcy Code and Fed. R. Bankr. P. 6003 and 6004 (i) Authorizing Debtor MabVax Therapeutics Holdings, Inc. to (A) Pay Paid Time Off, Certain Pre-petition Wages, Compensation, and Employee Benefits, (B) Continue Payment of Paid Time Off, Wages, Compensation, and Employee Benefits in the Ordinary Course of Business and (C) Continue Payment of Employment, Unemployment, Social Security and Other Taxes Incident to the Employee Obligations; and (ii) Authorizing and Directing Debtor MabVax Therapeutics Holdings, Inc.'s Third-Party Payroll Administrator and Debtors' Bank to Receive, Process, Honor, and Pay Checks Issued and Electronic Payment Requests Relating to the Foregoing,* filed contemporaneously herewith.

certain taxes or fees to the extent that such taxes or fees are not remitted, as set forth below. Although the Debtors believe that all taxes and fees for which the Debtors' directors and/or responsible officers may be personally liable are described herein, it is possible that other pre-petition obligations similar in nature (and in threat of personal liability) may be uncovered by the Debtors subsequent to the filing of this Motion. To the extent that such pre-petition obligations exist, the Debtors will consider such obligations "Taxes and Fees" as that term is defined and used herein and request the authority to pay such Taxes and Fees as they may arise in the ordinary course of their business. As of the Petition Date, all Taxes and Fees, to the extent the obligations exist, are substantially current.

11. By this Motion, the Debtors request the Court enter the Interim Order and the Final Order (i) authorizing, but not directing, the Debtors, in their discretion, to pay the Taxes and Fees owing on account of periods prior to the Petition Date, subject to the $10,000 cap provided for in the Interim Order, plus any Taxes and Fees subsequently determined upon audit, or otherwise to be owed for periods prior to the Petition Date; and (ii) authorizing Pacific Premier Bank and all other applicable financial institutions (collectively, the "Banks") to honor and process checks and electronic transfer requests related thereto.

12. Also, the Debtors request that the Court schedule a final hearing on this Motion (the "Final Hearing") at its convenience on a date in advance of the expiration of thirty (30) days following the Petition Date in order to, as discussed below: (a) address any outstanding objection to the Motion and (b) resolve any disputes regarding the relief requested herein.

## BASIS FOR RELIEF REQUESTED

**A.    The Court Should Authorize, But Not Direct, the Debtors, in Their Discretion, to Pay the Taxes and Fees**

13. There are several reasons for granting the relief requested herein. First, section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate…." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy courts have invoked the equitable power of section 105 of the Bankruptcy Code to authorize the post-petition payment of pre-petition claims where such payment is necessary to preserve the value of a debtor's estate. *See, e.g.*, *Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 20 (Bankr. M. D. Fla. 2005) ("Bankruptcy courts recognize that section 363 is a source for authority to make critical vendor payments, and section 105 is used to fill in the blanks."). Courts have likewise acknowledged that "[u]nder [section] 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (*citing In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989)); *see In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999) (*citing In re Penn Central Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972)) (holding that the court is authorized under section 105(a) of the Bankruptcy Code to allow immediate payment of pre-petition claims of vendors found to be critical to the debtor's continued operation).

14. In a long line of well-established cases, federal courts consistently have permitted post-petition payment of pre-petition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. See, e.g., *Miltenberger v. Logansport, C. & S. W. Ry. Co.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim permitted to prevent "stoppage of [crucial] business relations"); *In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581

(3d Cir. 1981) (holding that "if payment of a claim which arose prior to [the commencement of the bankruptcy case] is essential to the continued operation of the . . . [business] during [the bankruptcy case], payment may be authorized even if it is made out of [the] corpus"); *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (extending doctrine for payment of pre-petition claims beyond railroad reorganization cases).

15. This legal principle—known as the "doctrine of necessity"—functions in chapter 11 cases as a mechanism by which a bankruptcy court can exercise its equitable power to allow payment of critical pre-petition claims not explicitly authorized by the Bankruptcy Code. *See Just for Feet*, 242 B.R. at 826 (finding that "to invoke the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is critical to the debtor's [continued operation]."). The doctrine is frequently invoked early in a bankruptcy case, particularly in connection with those Bankruptcy Code provisions that relate to payment of pre-petition claims. In one case, the court indicated its accord with "the principle that a bankruptcy court may exercise its equity powers under section 105(a) to authorize payment of pre-petition claims where such payment is necessary 'to permit the greatest likelihood of . . . payment of creditors in full or at least proportionately.'" *In re Structurelite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988).

16. The Debtors submit that the timely payment of the Taxes and Fees is critical to the Debtors' ability to preserve and maximize estate value for the benefit of all stakeholders. Failure to pay these obligations could damage the Debtors' relations with the Authorities and cause the Authorities to take precipitous action, including, among other things, conducting audits, filing liens, attempting to revoke licenses and permits, seeking to impose personal liability against the Debtors and their officers and directors and, if applicable, seeking to lift the automatic stay, all of which could disrupt the Debtors' chapter 11 efforts and impose significant costs on the Debtors'

estates. Payment of the Taxes and Fees will avoid these potentially burdensome and costly governmental actions, as well as the incurrence of potential penalties and interest if such Taxes and Fees are not timely paid. Thus, the Debtors submit that granting the relief requested herein will maximize the value of the Debtors' estates and benefit their creditors.

17. Second, authority for satisfying the Taxes and Fees may also be found in sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors, operating their business as debtors in possession under sections 1107(a) and 1108, are fiduciaries "holding the bankruptcy estate[s] and operating the business for the benefit of [their] creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 debtor in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." *Id*.

18. Courts have noted that there are instances in which a debtor in possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.* The *CoServ* court specifically noted that preplan satisfaction of pre-petition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate," and also when the payment was to "sole suppliers of a given product." *Id.* at 497-98. The court provided a three-pronged test for determining whether a preplan payment on account of a pre-petition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id.*

19. Payment of the Taxes and Fees meets each element of the *CoServ* court's standard. Any failure to pay the Taxes and Fees could impair the Debtors' ability to continue their business operations. Moreover, any unexpected or inopportune interruption of the Debtors' operations during the course of these Chapter 11 Cases could diminish estate value and frustrate the Debtors' prosecution of these cases. Therefore, the Debtors submit that they can only meet their fiduciary duties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code by paying the Taxes and Fees in the ordinary course of business.

20. Third, to the extent that the Taxes and Fees are entitled to priority status under section 507(a)(8) of the Bankruptcy Code, they must be paid in full under any chapter 11 plan before any of the Debtors' general unsecured obligations may be satisfied. As such, the payment of the Taxes and Fees could affect only the timing of the payments to the Authorities, and not the amounts that such Authorities ultimately would receive.

21. Fourth, the Authorities might assert that certain of the Taxes and Fees are so-called "trust fund" taxes that the Debtors are required to collect from third parties and hold in trust for the benefit of the Authorities. To the extent that the Debtors collect the Taxes and Fees on behalf of the Authorities, such Taxes and Fees may not constitute property of the Debtors' bankruptcy estates. *See Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57-60 (1990); *City of Ferrell v. Sharon Steel Corp.*, 41 F.3d 92, 97 (3d Cir. 1994). To the extent that the Taxes and Fees are "trust fund" taxes and the funds representing such Taxes and Fees can be adequately identified and traced, the Debtors would have no equitable interest in such funds and they would not be property of their estates. *See* 11 U.S.C. § 541(d); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987). Accordingly, the Debtors submit that the Court should authorize them to pay any of the Taxes and Fees that constitute trust fund taxes, and, further, that payment of such Taxes and Fees

would not prejudice the rights of any of the Debtors' other creditors or parties in interest.

22. Finally, some states hold corporate officers personally liable for unpaid taxes in certain circumstances. *See, e.g.*, John F. Olsen, et al., Director & Officer Liability: Indemnification and Insurance § 3:21 (2003) ("some states hold corporate officers personally liable for any sales tax and penalty owed and not paid by the corporation regardless of cause"). To the extent that any such "trust fund" taxes remain unpaid by the Debtors, their directors and officers could be subject to lawsuits or criminal prosecution during the pendency of these Chapter 11 Cases. Such potential lawsuits would prove extremely disruptive for the Debtors, the named officers and directors whose attention to the chapter 11 process is required, and for the Court, as the Court might be asked to entertain various requests for injunctions with respect to the potential state court actions against such individuals. Even the possibility of any such prosecution would distract the Debtors and their directors and officers, and impede their respective efforts in these Chapter 11 Cases. Furthermore, the Authorities may audit the Debtors if the Taxes and Fees are not timely paid. Payment of the Taxes and Fees will, therefore, avoid a loss of focus on the part of the Debtors' directors, officers and other employees resulting from the risk of personal liability and/or audits.

23. For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of their estates and creditors.

    **B.    The Court Should Authorize the Banks to Honor and Process the Debtors' Payments on Account of the Taxes and Fees**

24. The Debtors also request that the Court authorize the Banks, when requested by the Debtors, in their discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay pre-petition obligations described herein, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Debtors further request

that the Banks be authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Motion.

### SATISFACTION OF BANKRUPTCY RULE 6003(b)

25. Pursuant to Bankruptcy Rule 6003(b), any motion seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy pre-petition claims within twenty-one (21) days of the Petition Date requires the Debtors to demonstrate that such relief "is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(b). The Debtors believe that, among other things, the success of their chapter 11 efforts will require them to remain in good standing with the Authorities, and that any disruption in their business operations and any distractions caused by attending to any issues related to any failure to pay the Authorities on account of the Taxes and Fees, would substantially diminish or impair the Debtors' efforts to preserve and maximize estate value. Thus, if the relief requested herein is not granted, the Debtors' failure to satisfy the Taxes and Fees would cause the Debtors' estates immediate and irreparable harm by detracting from, and potentially derailing, the Debtors' chapter 11 efforts.

26. For this reason and those set forth above, the Debtors respectfully submit that Bankruptcy Rule 6003(b) has been satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates.

### WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

27. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth throughout this Motion, any delay in paying the Taxes and Fees would be detrimental to the Debtors, their estates and creditors, as the Debtors' ability to manage and run their business without any unexpected or

inopportune interruptions requires, in part, the Debtors remain current with such obligations.

28. For this reason and those set forth above, the Debtors submit that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

### DEBTORS' RESERVATION OF RIGHTS

29. Nothing in the Interim Order or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action against any Authority; or (iv) shall be construed as a promise to pay a claim.

### NOTICE

30. Notice of this Motion will be given via e-mail, facsimile, telephone, and/or hand delivery to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Debtors' twenty (20) largest unsecured creditors; (v) counsel to the Debtors' pre-petition and proposed post-petition secured lender; and (vi) the Banks. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

**WHEREFORE**, the Debtors request that the Court enter the Interim Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: March 21, 2019
       Wilmington, Delaware

Respectfully Submitted,

**THE ROSNER LAW GROUP LLC**

By: */s/ Frederick B. Rosner*
Frederick B. Rosner (DE # 3995)
Scott J. Leonhardt (DE # 4885)
Jason A. Gibson (DE # 6091)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email: rosner@teamrosner.com
       leonhardt@teamrosner.com
       gibson@teamrosner.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

## **Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) Case No. 19- |
|  | ) |
| Debtors. | ) Joint Administration Requested |
|  | ) |
|  | ) **Re: D.I. ___** |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(8), 541, 1107(a), AND 1108 OF THE BANKRUPTCY CODE AUTHORIZING (I) THE DEBTORS TO PAY CERTAIN PRE-PETITION TAXES AND FEES AND RELATED OBLIGATIONS AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon consideration of the Motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code, authorizing but not directing (i) the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Authorities, and (ii) the Banks to honor and process checks and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

{00025217.3 }

the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay pre-petition period Taxes and Fees, as they become due in the ordinary of business, to the Authorities in an amount not to exceed $10,000 without further order of this Court.

3. The Banks are authorized, but not directed, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay pre-petition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and the Banks shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

4. Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with

<a>
</a>
<p>
</p>

respect to any and all claims or causes of action against any Authority; or (iv) shall be construed as a promise to pay a claim.

5. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

6. The requirements of Bankruptcy Rule 6003(b) are satisfied.

7. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

9. A final hearing (the "Final Hearing") on the Motion shall be held before the undersigned on April ___, 2019 at _____ ___.m. (ET). Any party that objects to the relief sought in the Motion must file a written objection to the Motion and serve a copy of the objection on counsel for Debtor MabVax Holdings so that the objection is received at least seven days before the Final Hearing.

Dated: March __, 2019
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) Case No. 19- |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Re: D.I. ___** |

**FINAL ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(8), 541, 1107(a), AND 1108 OF THE BANKRUPTCY CODE AUTHORIZING (I) THE DEBTORS TO PAY CERTAIN PRE-PETITION TAXES AND FEES AND RELATED OBLIGATIONS AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon consideration of the Motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code, authorizing but not directing (i) the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Authorities, and (ii) the Banks to honor and process checks and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

{00025217.3 }

the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay pre-petition period Taxes and Fees, as they become due in the ordinary of business, to the Authorities in an amount not to exceed $10,000 without further order of this Court.

3. The Banks are authorized, but not directed, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay pre-petition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and the Banks shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

4. Nothing in this Final Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with

respect to any and all claims or causes of action against any Authority; or (iv) shall be construed as a promise to pay a claim.

5. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

6. The requirements of Bankruptcy Rule 6003(b) are satisfied.

7. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.


Dated: April __, 2019
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE