**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | Case No. 19- |
| Debtors. | Joint Administration Requested |

**MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO SECTIONS 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) AND 1108 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING DEBTOR MABVAX THERAPEUTICS HOLDINGS, INC. TO (A) PAY CERTAIN PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS, (B) CONTINUE PAYMENT OF WAGES, COMPENSATION, AND EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS AND (C) CONTINUE PAYMENT OF EMPLOYMENT, UNEMPLOYMENT, SOCIAL SECURITY AND OTHER TAXES INCIDENT TO THE EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING DEBTOR MABVAX THERAPEUTICS HOLDINGS, INC.'S THIRD-PARTY PAYROLL ADMINISTRATOR AND DEBTORS' BANK TO RECEIVE, PROCESS, HONOR, AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENT <u>REQUESTS RELATING TO THE FOREGOING</u>**

MabVax Therapeutics Holdings, Inc. ("<u>MabVax Holdings</u>") and MabVax Therapeutics, Inc. ("<u>MabVax</u>" and together with MabVax Holdings, the "<u>Debtors</u>"), as debtors and debtors in possession in the above-captioned chapter 11 cases, hereby file this Motion ("<u>Motion</u>"), pursuant to sections 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>"), for entry of interim and final orders, substantially in the forms annexed hereto as **Exhibit A** (the "<u>Interim Order</u>") and **Exhibit B** (the "<u>Final Order</u>"), (i) authorizing, but not directing, Debtor MabVax Holdings to (a) pay certain prepetition wages, compensation, and employee benefits, (b) continue post-petition

{00025290. }

payment of wages, compensation, and employee benefits in the ordinary course of business, and (c) pay all employment, unemployment, Social Security, and federal, state, and local taxes relating to the Employee Obligations (later defined); and (ii) authorizing and directing Debtor MabVax Holdings' third-party payroll administrator Paychex, Inc. ("Paychex"), and all applicable banks to receive, process, honor, and pay all checks issued and electronic payment requests made related to the foregoing.   In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Rule 9013-1(f), Debtor MabVax Holdings consents to the entry of a final order by the Court in connection with this Motion, to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      The statutory predicates for the relief requested in this Motion are sections 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) and 1108 of the Bankruptcy Code, as supplemented by Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On the date hereof (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

bankruptcy cases (together, the "Chapter 11 Cases").  The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     No trustee, examiner, or creditors' committee has been appointed in these Chapter 11 Cases.

5.     Debtor MabVax is a wholly owned subsidiary of Debtor MabVax Holdings. Debtor MabVax is a non-operating company that holds certain patents and other property that the Debtors are seeking to sell in these Chapter 11 Cases.

6.     Debtor MabVax Holdings is a biotechnology company.  Specially, a clinical-stage immuno-oncology drug development company with a fully human antibody discovery platform focused on the clinical development of products to address unmet medical needs in the treatment of cancer and pancreatitis.

7.     The Debtors' prepetition capital structure and the events leading up to the commencement of this case are set forth in *Declaration of J. David Hansen in Support of Debtors Chapter 11 Petitions and First Day Motions* (the "Hansen Declaration") filed concurrently herewith and fully incorporated by reference.

**RELIEF REQUESTED**

8.     Debtor MabVax Holdings' employees perform a variety of critical functions and services.  The skill and experience of Debtor MabVax Holdings' employees, as well as their knowledge of Debtor MabVax Holdings' industry, are essential to Debtor MabVax Holdings' ongoing operations and ability to effectively administer its businesses during the Chapter 11 Cases.  Accordingly, to maintain morale and enhance Debtor MabVax Holdings' ability to retain employees during the Chapter 11 Cases, by this Motion, pursuant to sections 105(a), 363(b),

363(c), 507(a), 541(b)(7), 541(d), 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, Debtor MabVax Holdings requests authority, but not the direction, to pay and honor certain prepetition claims and obligations, continue programs, and maintain funding, in the exercise of its discretion, relating to, among other things: (a) Wages/Salary Obligations, Withholdings and Deductions; (b) Reimbursable Expenses; (c) Employee Benefit Programs, in accordance with their terms; (d) the 401(k) Savings Plan; and (e) Other Employee Programs (each as defined herein and collectively, the "Employee Obligations").

9.      Debtor MabVax Holdings further requests that the Court authorize Paychex, Pacific Premier Bank and all other applicable financial institutions (each a "Bank" and collectively, the "Banks") to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing to the extent requested by Debtor MabVax Holdings in accordance with this Motion and Debtor MabVax Holdings has sufficient funds standing to its credit with such Bank, whether such checks were presented or electronic requests were submitted before or after the Petition Date, and that all such Banks be authorized to rely on Debtor MabVax Holdings' designation of any particular check or electronic payment request as appropriate pursuant to this Motion, without any duty of further inquiry, and without liability for following Debtor MabVax Holdings' instructions.

A.    **Debtor MabVax Holdings' Workforce**

10.     As of the Petition Date, Debtor MabVax Holdings employs six (6) full-time salaried employees (collectively, the "Employees") and an independent contractor who provides part-time controller services (the "Independent Contractor").

B.    **Wages and Salaries**

11.    The combined average bi-weekly payroll for Debtor MabVax Holdings' going forward Employees is no more than $60,000.  The Employees are paid an annual salary in bi-weekly payments (i.e., twenty-six (26) pay periods per year).  The last pay period prior to the Petition Date was March 8, 2019, which covered all accrued wages through that date.  The next pay period for the Employees is March 22, 2019 and will cover all wages from March 8, 2019 through March 22, 2019.

12.    The Independent Contractor is owed no more than $1,250 for prepetition services.

C.    **Approximate Pre-Petition Payroll**

13.    From March 8, 2019 through the Petition Date, Debtor MabVax Holdings estimates that a total of no more than $60,000 in earned, but unpaid salary and wages is owed to the Employees, and $1,250 is owed to the Independent Contractor and seeks authority to pay those amounts, plus any amounts for wages earned after the date hereof (the "Wages/Salary Obligations").  Debtor MabVax Holdings seeks the authority, but not the direction, to pay its Employees and the Independent Contractor the Wages/Salary Obligations in the ordinary course and consistent with past practice and to continue to pay such obligations in the ordinary course.  There is currently only one Employee for whom Debtor MabVax Holdings incurred outstanding Wages/Salary Obligations during the period prior to the Petition Date that exceed the $12,850 cap set forth pursuant to sections 507(a)(4) and (5) of the Bankruptcy Code.  The amount in excess of the cap is approximately $3,688.46.  Debtor MabVax Holdings will not seek interim relief to allow payment of Wages/Salary Obligations that exceeds the statutory cap and reserves such relief until after notice and an opportunity to be heard at a final hearing.

D.    **Gross Pay Deductions, Governmental Withholdings, and Payroll Taxes**

14.     During each applicable payroll period, Debtor MabVax Holdings (through its payroll administrator, Paychex) may routinely deduct certain amounts from Employees' paychecks, including garnishments, child support, and similar deductions, as well as other pre-tax and after-tax deductions payable pursuant to certain employee benefit plans discussed herein, such as an Employee's share of health care benefits and insurance premiums, 401(k) contributions, legally ordered deductions, and miscellaneous deductions (collectively, the "Deductions"), and forward such amounts to various third-party recipients.  In addition to the Deductions, certain federal and state laws require that certain amounts are withheld from the Employees' gross pay related to federal, state, and local income taxes, as well as Social Security and Medicare taxes for remittance to the appropriate federal, state, or local taxing authorities. Debtor MabVax Holdings must then match the employee withholdings from its own funds and pay, based upon a percentage of gross payroll, additional amounts for federal and state unemployment insurance and Social Security and Medicare taxes (together, the withholdings by the Employees and Debtor MabVax Holdings, the "Withholdings").  The Withholdings are generally processed and forwarded to the appropriate federal, state, and local taxing authorities at the same time the Employees' payroll checks are disbursed.  As of the Petition Date, Debtor MabVax Holdings estimates that it will have minimal, if any, unpaid Deductions and Withholdings outstanding, and in any event not more than $25,000, all of which would come due within the first 30 days of the Chapter 11 Cases.

15.     By this motion, Debtor MabVax Holdings seeks authority, but not direction, to pay in a manner consistent with historical practice, through its payroll administrator Paychex, any unpaid Deductions and Withholdings outstanding as of the Petition Date.

**E.      Payroll Services**

16.     In the ordinary course of its business, Debtor MabVax Holdings uses Paychex to administer its payroll and employee plans, benefits, policies, and programs.  Approximately one (1) day before each bi-weekly payment of the Wages/Salary Obligations, Debtor MabVax Holdings pre-funds all Wages/Salary Obligations owed to the Employees to Paychex which administers Debtor MabVax Holdings' payroll obligations.  Paychex processes direct deposit transfers to Debtor MabVax Holdings' Employees, as well as the appropriate third-party recipients of the Deductions and Withholdings.

17.     The services that Paychex provides are critical to the smooth functioning of Debtor MabVax Holdings' payroll system.  Paychex is responsible for ensuring that (i) Employees are paid on time, (ii) appropriate deductions are made, (iii) payroll reporting is accurate, and (iv) appropriate amounts are remitted to the applicable taxing authorities and other third-party payees.  Debtor MabVax Holdings pays Paychex approximately $127.34 per bi-weekly paid period (the "Paychex Fee").

18.     As of the Petition Date, Debtor MabVax Holdings estimates that it owes Paychex approximately $127.34 for the Paychex Fee.  By this motion, Debtor MabVax Holdings seeks authority, but not direction, to pay the Paychex Fee in the ordinary course and consistent with past practice and to continue payroll processing in the ordinary course during the administration of this chapter 11 case.

F.     **Reimbursable Expenses**

19.     In the ordinary course of business, Debtor MabVax Holdings reimburses certain Employees and directors and officers for reasonable and customary expenses incurred in the scope of their employment in furtherance of Debtor MabVax Holdings' business (collectively, the "Reimbursable Expenses").  Reimbursable Expenses include business expenses related to

transportation, lodging, and other miscellaneous business expenses.  In some cases, Employees and directors/officers may not have submitted reimbursement requests in time to have been processed prior to the Petition Date.  Any Reimbursable Expenses, if any, are expected to be *de minimis*.

20.     Debtor MabVax Holdings seeks authority to honor $5,000 in Reimbursable Expenses that accrued prepetition and to continue to pay the Reimbursable Expenses in the ordinary course.

## G.     Corporate Credit Card

21.     Debtor MabVax Holdings maintains corporate credit cards with American Express and First National Bank that three corporate officers are authorized to use to make necessary and authorized business purchases, such as business related travel, lodging, business purchases, such as office supplies, with certain vendors who require use of a credit card and other related business expenses (the "Corporate Credit Cards").  In the aggregate, Debtor MabVax Holdings incurs, on average, approximately $3,500 per month in business expenses charged to the Corporate Credit Cards.

22.     Debtor MabVax Holdings seeks authority to satisfy prepetition business expenses incurred on the Corporate Credit Cards in an amount not to exceed $6,000.

23.     Debtor MabVax Holdings also seeks authority to continue the Corporate Credit Cards in the ordinary course.  The Corporate Credit Cards are important to the MabVax Holdings' business operations insofar as it is one of the mechanisms by which business expenses incurred in the ordinary-course of business are paid without requiring the Employees themselves to advance funds on the Debtor MabVax Holdings' behalf and certain vendors require the Debtor to pay with a credit card.

## H.   Employee Benefit Programs

24.     In the ordinary course of business, Debtor MabVax Holdings maintains various employment benefit plans and policies, including, without limitation, a medical plan, a dental plan, a vision plan, life insurance, long-term disability insurance, short term disability insurance, travel assistance and other Employee programs (collectively, the "Employee Benefit Programs"). The Employee Benefit Programs are available to all full time Employees and their dependents, as well as, with respect to certain Employee Benefit Programs, former employees under COBRA[2] (the "Eligible Employees" and, with respect to each program they participate in, the "Program Participants").   Debtor MabVax Holdings seeks authority, in the exercise of its discretion, to pay prepetition claims (if applicable) associated with the Employee Benefit Programs in an amount no more than $7,000, to honor obligations, and to continue programs, in the ordinary course of business and consistent with past practice, relating to the Employee Benefits Programs, subject to Debtor MabVax Holdings' rights, if any, to modify or discontinue any Employee Benefit Programs to reduce applicable costs or the benefits provided thereunder.   The Employee Benefit Programs are described below.

## I.   Health Care Plans

25.     Eligible Employees can participate in Employee Benefit Programs providing medical insurance coverage (the "Medical Plans"), dental insurance coverage (the "Dental Plans"), and vision insurance coverage (the "Vision Plans" and, collectively, the "Health Care Plans").   In each case, participating Employees can elect that their contributions, up to certain limits, be made on a pre-tax basis.

---

[2] Currently, two form employees are receiving certain benefits under COBRA. The COBRA benefits are administered by Beyond Benefits at no cost to the Debtors.

26.     The Medical Plans and Dental Plans are provided by Anthem and administered by Beyond Benefits.  The monthly premium owed by Debtor MabVax Holdings is $5,527.84, which is due on the first day of every month, and covers services for that month.  Debtor MabVax Holdings has paid all monthly premiums through March 2019.  The participating Employees are responsible for a portion of the costs, depending on their coverage, which automatically is deducted from their pay by Paychex (which serves to reimburse Debtor MabVax Holdings' for paying the entire premium).

27.     The Vision Plan is provided and administered by VSP.  The monthly premium owed by Debtor MabVax Holdings is $122.30, which is due on the first of every month.  Debtor MabVax Holdings has paid all monthly premiums through March 2019.  The participating Employees are responsible for a portion of the costs, depending on their coverage, which is automatically withdrawn from their pay by Paychex.

28.     If the Employees terminated prior to the Petition Date elect to continue benefits coverage through COBRA, such coverage will be administered by Beyond Benefits at no cost to Debtor MabVax Holdings.

J.      **Insurance Plans and Disability Plans**

29.     Debtor MabVax Holdings offers full time Employees life insurance in the amount of their twice annual salary (with a cap of $500,000), voluntarily supplemental life insurance, long term disability and short term disability.  These additional benefits are provided through Anthem and administered by Beyond Benefits.  The monthly premiums are $747.65 per month and are paid directly by Debtor MabVax Holdings.  Debtor MabVax Holdings has paid all monthly premiums through March 2019.

K.      **401(k) Savings Plan**

30.     Debtor MabVax Holdings maintains a retirement savings plan (the "401(k) Plan") for the benefit of their Employees that satisfies the requirements of section 401(k) of title 26 of the United States Code (the "Internal Revenue Code").  The 401(k) Plan is administered by Paychex and allows for automatic pre-tax salary deductions of eligible compensation up to the limits set forth by the Internal Revenue Code.  Debtor MabVax Holdings matches up to 3% of qualified contributions.

31.     All Employee contributions are withheld from their pay by Paychex and then transmitted by Paychex to the 401(k) Plan.  As of the date hereof, the aggregate amount of employee contributions that are due is an amount no greater than $7,500 (the "Employee Contributions").  As of the date hereof, the aggregate amount of employer matching contributions that are due is an amount no greater than $3,000 (the "Employer Contributions" and together with the Employee Contributions, the "401(k) Contributions"). Debtor MabVax Holdings is seeking authority to pay the 401(k) Contributions in the ordinary course of business.

32.     The administrative fees for the 401(k) Plan payable by Debtor MabVax Holdings are included in the Paychex Fee.

**L.     Other Employee Programs**

33.     In addition to the foregoing, Debtor MabVax Holdings has certain other practices, programs, and policies that provide benefits to its Employees, including, but not limited to, military leave program and leave pursuant to the Family Medical Leave Act, Travel Assistance (collectively, the "Other Employee Programs").  The annual cost of the Other Employee Programs is less than $5,000.  Debtor MabVax Holdings intends to continue and honor such practices, programs, and policies after the Petition Date, as such practices, programs, and policies

may be modified, amended, or supplemented from time to time in the ordinary course of Debtor MabVax Holdings' operations.

## BASIS FOR RELIEF REQUESTED

**I.      The Proposed Payments are Afforded
        Priority Under Section 507(a) of the Bankruptcy Code**

34.      Pursuant to sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, Debtor MabVax Holdings Employees' claims for "wages, salaries, or commission, including vacation, severance and sick leave pay" earned within 180 days before the Petition Date, and claims against Debtor MabVax Holdings for contributions to employee benefit plans arising from services rendered within 180 days before the Petition Date, are afforded unsecured priority status in an amount not to exceed $12,850 per employee.  11 U.S.C. §§ 507(a)(4) and 507(a)(5).  The same holds true for the payment of the payroll taxes, as the relevant taxing authorities generally would hold priority claims under section 507(a)(8) of the Bankruptcy Code for such obligations and their payment will therefore not prejudice other creditors of Debtor MabVax Holdings. *See* 11 U.S.C. § 507(a)(8).[3] Thus, payment of the Employee Obligations merely expedites the treatment afforded to such claims and is consistent with the priority scheme of the Bankruptcy Code.

35.      To the extent that the amounts owed for Employee Obligations are under the statutory caps set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, Debtor MabVax Holdings submits there is sufficient justification to pay these amounts now to minimize any disruptions to employee morale and Debtor MabVax Holdings' operations.  Additionally, Debtor MabVax Holdings submits that, to extent any amount is over the statutory caps set forth

in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, the doctrine of necessity (described below) supports payment of these amounts to minimize any disruptions to employee morale and Debtor MabVax Holdings' operations.

## II.    The Proposed Payments are Appropriate Under Section 363 of the Bankruptcy Code

36.    Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

37.    Under section 363(b) of the Bankruptcy Code, a court should authorize non-ordinary course business transactions where the debtor has articulated a valid business justification for the requested use of estate assets. *See In re Bethlehem Steel Corp.*, Case No. 02 Civ. 2854, 2003 WL 21738964 at *10 (S.D.N.Y. July 28, 2003) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

38.    While payment of Employee Obligations is part of the ordinary course of business of Debtor MabVax Holdings, to the extent it is not in the ordinary course, Debtor MabVax Holdings submits that such payments are appropriate in this case. The prepetition Employee Obligations will preserve and protect the value of Debtor MabVax Holdings' business, retain current employees and maintain positive employee morale at this critical juncture. These reasons are more than sufficient business justification and support Debtor MabVax Holdings' request to pay the prepetition Employee Obligations.

---

[3] Section 507(a)(8) of the Bankruptcy Code affords priority to, among other things, unsecured claims of governmental units for (i) taxes required to be collected or withheld and for which the debtor is liable in whatever capacity (§ 507(a)(8)(C)) and (ii)

**III.    Payment of the Employee Obligations Should be Authorized**
**Under Section 105(a) of the Bankruptcy Code and the Doctrine of Necessity**

39.    Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provisions of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

40.    The purpose of section 105(a) of the Bankruptcy Code is "to assure the bankruptcy courts' power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."   *See* 2 COLLIER ON BANKRUPTCY ¶ 105.01 (16th ed. rev. 2009).   The relief requested herein is essential to Debtor MabVax Holdings' reorganization efforts and does not pose a burden on Debtor MabVax Holdings' creditors.

41.    Debtor MabVax Holdings believes that most of the prepetition Employee Obligations constitute priority claims or are obligations that arise in the ordinary course of business post-petition.   Payment of such amounts at this time is critical to preserve and protect the value of Debtor MabVax Holdings' business, retain current employees and maintain positive employee morale at this critical juncture.   Furthermore, to the extent any employee is owed in excess of $12,850 on account of the prepetition Employee Obligations, payment of such amounts is as critical as the payments that fall under the statutory caps and should be authorized under section 105(a) of the Bankruptcy Code pursuant to the "necessity of payment" doctrine, which "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor."

---

under certain circumstances, employment taxes on wages, salaries, or commissions (§ 507(a)(8)(D)).

*Ionosphere Clubs, Inc.*, 98 B.R. at 176; *see also In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment). This doctrine is consistent with the paramount goal of chapter 11 of "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176; *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims when payment is essential to continued operation of the debtor, such as where there is a "possibility that the creditor will employ an immediate economic sanction, failing such payment").

42.     Accordingly, the "necessity of payment" doctrine authorizes Debtor MabVax Holdings to pay the amounts it seeks authority to pay pursuant to this Motion. *See In re CEI Roofing, Inc.*, 315 B.R. 50, 61 (Bankr. N.D. Tex. 2004) ("[T]here has evolved a rule for the payment of prepetition wages and benefits which is based on both common sense and the express provisions of the Bankruptcy Code. If employees are not paid, they will leave."); *In re Gulf Air, Inc.*, 112 B.R. 152, 154 (Bankr. W.D. La. 1989) ("[The] retention of skills, organization, and reputation for performance must be considered valuable assets contributing to going concern value and aiding rehabilitation where that is possible.").

43.     The relief requested in this Motion is an appropriate exercise of Debtor MabVax Holdings' business judgment under sections 363(b) and 105(a) of the Bankruptcy Code. Continued payment, without interruption, of the Employee Obligations and the continued funding, without interruption, of the compensation and benefits plans, policies, programs, and practices attendant to the Employee Obligations as described in this motion are vital to Debtor

MabVax Holdings' business and will ensure a smooth transition into chapter 11 and enhance the success of this case.

44.     If the relief requested in this motion is not granted, Debtor MabVax Holdings' business operations will suffer to the detriment of Debtor MabVax Holdings' estate, creditors, and other stakeholders. Debtor MabVax Holdings believes that any delay in paying the prepetition Employee Obligations will adversely impact Debtor MabVax Holdings' relationship with Employees and will irreparably impair Employees' morale, dedication, confidence, and cooperation.  Employee support for Debtor MabVax Holdings' reorganization efforts is critical to the success of those efforts.  At this early stage, Debtor MabVax Holdings simply cannot risk the substantial damage to its business that would inevitably attend any decline in Employees' morale attributable to Debtor MabVax Holdings' failure to pay wages, salaries, benefits and other similar items.

45.     Absent an order granting the relief requested by this Motion, the Employees will suffer undue hardship and, in many instances, serious financial difficulties, because the amounts in question are needed to enable certain of the Employees to meet their own personal financial obligations.  For example, denial of continuation of health benefit coverage will unnecessarily burden sick Employees with a potential loss of coverage or reimbursement.  Further, without the requested relief, the stability of Debtor MabVax Holdings will be undermined, perhaps irreparably, by the possibility that otherwise loyal Employees will seek other employment opportunities with employers whose ability to offer competitive compensation and benefit programs has not been hindered.

46.     Accordingly, pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code, Debtor MabVax Holdings should be authorized to pay prepetition Employee Obligations

and Employee Obligations that become due and owing during the pendency of this case and to continue its practices, programs and policies with respect to the Employees, as such practices, programs and policies were in effect as of the Petition Date.

## IV.    The Relief Requested Is Supported By Section 541(d) of the Bankruptcy Code.

47.    As part of the relief requested herein, Debtor MabVax Holdings seeks authority to pay to the appropriate entities the deductions and the payroll taxes.  These amounts principally represent Employee earnings that governments, the Employees and judicial authorities have designated for deduction from the Employees' paychecks.

48.    Section 541(d) of the Bankruptcy Code provides that "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest" becomes property of the debtor's estate only to the extent of the debtor's legal title therein.  11 U.S.C. § 541(d).  It is well established in this District that "property a debtor holds in trust for another is not property of the estate" within the meaning of section 541 of the Bankruptcy Code. *See Golden v. The Guardian* (*In re Lenox Healthcare, Inc.*), 343 B.R. 96, 100 (Bankr. D. Del 2006); *see also In re Columbia Gas Sys., Inc*., 997 F.2d 1039, 1059 (3d Cir. 1993) (concluding that property which a debtor holds in trust – either express or constructive – for another does not become property of the estate when the debtor files for bankruptcy, and stating that "Congress clearly intended the exclusion created by section 541(d) to include not only funds held in express trust, but also funds held in constructive trust."); *EBS Pension L.L.C. v. Edison Bros. Stores, Inc. (In re Edison Bros., Inc.)*, 243 B.R. 231, 235 (Bankr. D. Del. 2000) (same).

49.    More specifically, pursuant to section 541(d) of the Bankruptcy Code, taxes collected on behalf of taxing authorities are not property of the estate.  *See Begier v. IRS*, 496 U.S. 53, 59 (1990) (holding that taxes such as excise taxes, FICA taxes and withholding taxes are

property held by the debtor in trust for another and, as such, do not constitute property of the estate); *see also Old Republic Nat'l Title Ins. Co. v. Tyler* (*In re Dameron*), 155 F.3d 718, 721 (4th Cir. 1998) (holding that deposits subject to an express trust are excluded from the bankruptcy estate); *City of Farrell v. Sharon Steel Corp. (In re Sharon Steel Corp.),* 41 F.3d 92, 98-103 (3d Cir. 1994) (finding that funds withheld from employees' paychecks may be subject to a trust, and thus are not property of a debtor's estate, even where such funds were commingled with the debtor's other property). Accordingly, such funds are not available for general distribution to a debtor's creditors.

50.     Moreover, Debtor MabVax Holdings and its officers are required by federal or state laws to make certain tax payments that have been withheld from their Employees' paychecks. 26 U.S.C. §§ 6672 and 7501(a); *see also Sharon Steel Corp.,* 41 F.3d at 95-97 (state law requiring debtor to withhold city income tax from its employees' wages created trust relationship between debtor and city for payment of withheld income taxes); *In re DuCharmes & Co.,* 852 F.2d 194, 196 (6th Cir. 1988) (noting individual officers of a company may be held personally liable for failure to pay trust fund taxes).

**V.     The Relief Requested is Supported by
Sections 1107(a), 1108, and 363(c) of the Bankruptcy Code.**

51.     Debtor MabVax Holdings, operating its businesses as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, is a fiduciary "holding the bankruptcy estate and operating the business for the benefit of . . . creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 debtor in possession is the duty "to protect and preserve the estate, including operating business's going-concern value." *Id.*

52.     There are instances in which a debtor in possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id*. The *CoServ* court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate" and also when the payment was to "sole suppliers of a given product." *Id*. at 497-98. The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id*. at 498.

53.     Payment of the Employee Obligations meets the test set forth in *CoServ*. As described above, Debtor MabVax Holdings' Employees are essential to the business and operation of Debtor MabVax Holdings. Without the cooperation of the Employees, the continued reliability and efficiency of Debtor MabVax Holdings' ongoing operations pending reorganization would be impossible.

**VI.     Interim Relief Is Necessary to Avoid Immediate and Irreparable Harm**

54.     Under Bankruptcy Rule 6003, the Court may grant a motion to "use . . . property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" within twenty-one (21) days after the chapter 11 case's commencement to the extent "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Here, the relief requested is necessary to avoid immediate and irreparable harm to Debtor MabVax

Holdings and its estate, as set forth in the Hansen Declaration, and relief on an interim basis is therefore appropriate under Bankruptcy Rule 6003, if applicable.

55.     The urgency of the relief requested justifies immediate relief.  To ensure the relief requested is implemented immediately, Debtor MabVax Holdings requests that the Court waive the notice requirements under Bankruptcy Rule 6004(a), if applicable, and the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## VII.  Banks Should be Authorized to Honor Checks and Payment Requests.

56.     Debtor MabVax Holdings also requests that all applicable banks and other financial institutions be authorized to receive, process, honor, and pay all checks presented for payment, and to honor all electronic payment requests made by Debtor MabVax Holdings related to prepetition obligations described herein, whether such checks were presented or electronic requests were submitted prior to or after the Petition Date.  Debtor MabVax Holdings further requests that all such banks and financial institutions be authorized to rely on Debtor MabVax Holdings' designation of any particular check or electronic payment request as approved pursuant to this Motion.

## NOTICE

57.     Notice of this motion has been given via e-mail, facsimile, telephone, and/or hand delivery to:  (i) the United States Trustee for the District of Delaware, attn.: Linda Richenderfer, (ii) MabVax Holdings' twenty (20) largest unsecured creditors; (iii) counsel to Oxford Finance LLC, the Debtors' Pre-Petition Lender; (iv) Anthem, (v) VSR; (vi) Paychex; (vii) Beyond Benefits; (viii) Pacific Premier Bank; (ix) American Express; (x) First National Bank; (xi) the Securities and Exchange Commission; (xii) the Food and Drug Administration; and (xiii) counsel to BioNTech Research and Development, Inc., as the proposed lender to the Debtors' post-

petition financing facility.  No trustee, examiner, or creditors' committee has been appointed in the Chapter 11 Cases.  As this motion is seeking "first day" relief, notice of this motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).  Due to the urgency of the relief requested, Debtor MabVax Holdings submits that no other or further notice is necessary.

**NO PRIOR REQUEST**

58.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an interim and a final order granting the relief requested in its entirety and any other relief as this Court deems just and proper.

Dated: March 21, 2019
       Wilmington, Delaware

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Scott J. Leonhardt*
Frederick B. Rosner (DE 3995)
Scott J. Leonhardt (DE 4885)
Jason A. Gibson (DE 6091)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com
       leonhardt@teamrosner.com
       gibson@teamrosner.com

*Proposed Counsel to Debtors and Debtors in Possession*

# Exhibit A

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) | Case No. 19- |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: D.I. ___** |

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) AND 1108 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING DEBTOR MABVAX THERAPEUTICS HOLDINGS, INC. TO (A) PAY CERTAIN PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS, (B) CONTINUE PAYMENT OF WAGES, COMPENSATION, AND EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS AND (C) CONTINUE PAYMENT OF EMPLOYMENT, UNEMPLOYMENT, SOCIAL SECURITY AND OTHER TAXES INCIDENT TO THE EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING THE DEBTORS' THIRD-PARTY PAYROLL ADMINISTRATOR AND DEBTORS' BANK TO RECEIVE, PROCESS, HONOR, AND PAY CHECKS ISSUED AND ELECTRONIC <u>PAYMENT REQUESTS RELATING TO THE FOREGOING</u>**

Upon consideration of the motion ("<u>Motion</u>")[2] of MabVax Therapeutics Holdings, Inc. ("<u>MabVax Holdings</u>") and MadVax Therapeutics, Inc. ("<u>MabVax</u>" and together with MabVax Holdings, the "<u>Debtors</u>"), as debtors and debtors in possession in the above-captioned Chapter 11 Cases, for entry of an interim order pursuant to sections 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) and 1108 of the Bankruptcy Code (i) authorizing, but not directing, Debtor MabVax Holdings to (a) pay certain prepetition wages, compensation, and employee benefits, (b) continue post-petition payment of wages, compensation, and employee benefits in the ordinary course of business, and (c) pay all employment, unemployment, Social Security, and

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

federal, state, and local taxes relating to the Employee Obligations; and (ii) authorizing and directing Paychex, banks and other financial institutions to receive, process, honor, and pay all checks issued and electronic payment requests made related to the foregoing, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of Debtor MabVax Holdings, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.       The Motion is GRANTED and approved on an interim basis as set forth herein.

2.       A final hearing (the "Final Hearing") on the Motion shall be held before the undersigned on April ___, 2019 at _____ __.m. (ET).  Any party that objects to the relief sought in the Motion must file a written objection to the Motion and serve a copy of the objection on counsel for Debtor MabVax Holdings so that the objection is received at least seven days before the Final Hearing.

3.       Debtor MabVax Holdings is authorized, but not directed, to pay the outstanding amounts owed as of the Petition Date for accrued and unpaid (i) salaries and wages of the Employees in an amount not to exceed, in aggregate, $60,000, and the Independent Contractor in

---

[2] Capitalized terms not defined herein are defined in the Motion.

an amount not to exceed, in aggregate, $1,250, and in no event in an amount exceeding the cap contained in §507(a)(4) for any one individual Employee or the Independent Contractor during the interim period; (ii) amounts Debtor MabVax Holdings is required by law to withhold from Employee payroll checks with respect to federal, state and local income taxes, including the employer portion of social security and Medicare taxes; and (iii) amounts that Debtor MabVax Holdings is required to directly pay on account of state unemployment taxes and contributions on behalf of Employees.

4.    Debtor MabVax Holdings is authorized, but not directed, to reimburse Employees for Reimbursable Expenses outstanding as of the Petition Date in an amount not to exceed $5,000.

5.    Debtor MabVax Holdings is authorized, but not directed, to pay First National Bank and American Express for all amounts outstanding as of the Petition Date under the Corporate Credit Cards in an amount not to exceed $6,000, and to continue to use the Corporate Credit Cards in the ordinary course of business.

6.    Debtor MabVax Holdings is hereby authorized, but not directed, to pay all amounts currently due under the Employee Benefit Programs in the ordinary course of business, including for prepetition services, but any payments on account of prepetition services shall not exceed $7,000 for the Health, Dental, Vision Life and Disability Plans, $10,500 for 401(k) Contributions, and $5,000 on account of the Other Employee Programs.

7.    Debtor MabVax Holdings is hereby authorized, but not directed, (i) to pay Paychex prepetition amounts owed for the services it renders in connection with the administration of Debtor MabVax Holdings' Employee Obligations in an amount not to exceed

$150 and (ii) to continue utilizing Paychex for the administration of Debtor MabVax Holdings' Employee Obligations post-petition in the ordinary course.

8.      Debtor MabVax Holdings is hereby authorized, but not directed, to continue (i) to pay the Employee Obligations that become due and owing during the pendency of this Chapter 11 Cases and (ii) its practices, programs, and policies with respect to the Employees, as such practices, programs and policies were in effect as of the Petition Date.

9.      Debtor MabVax Holdings is hereby authorized, but not directed, to pay Deductions and Withholdings incurred pre-petition in any amount not exceeding $25,000.

10.     Debtor MabVax Holdings is authorized, but not directed, to forward any unpaid amounts on account of Deductions and Withholdings to the appropriate third-party recipients or taxing authorities in accordance with Debtor MabVax Holdings' prepetition policies and practices.

11.     Debtor MabVax Holdings is authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Obligations, including all administrative and processing costs and payments to outside professionals.

12.     Paychex, the Banks, and other financial institutions at which Debtor MabVax Holdings maintains its accounts are authorized to (i) receive, process, honor, and pay any and all checks presented for payment, and to honor all electronic payment requests made by Debtor MabVax Holdings or Paychex related to prepetition obligations described in the Motion, whether such claims were presented or electronic requests were submitted prior to or after the Petition Date, and (ii) rely on Debtor MabVax Holdings' or Paychex's designation of any particular check or electronic payment request as approved pursuant to this Order.

{00025290. }                                    -4-

13.     The authorization to pay all amounts on account of prepetition Employee Obligations shall not affect Debtor MabVax Holdings' right to contest the amount, validity, or priority of any Employee Obligations.

14.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of Debtor MabVax Holdings' current or former Employees.

15.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall (a) be construed as a request for authority to assume any executory contract under section 365 of the Bankruptcy Code, (b) waive, affect, or impair any of Debtor MabVax Holdings' rights, claims, or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law, or any agreement, (c) grant third-party beneficiary status or bestow any additional rights on any third party, or (d) be otherwise enforceable by any third party.

16.     Authorizations given to Debtor MabVax Holdings in this Order empower, but do not direct Debtor MabVax Holdings, to effectuate the payments specified herein.  Debtor MabVax Holdings retains the business judgment to make or not make such payments.  All payments are subject to the condition that funds are available to effect any payment.

17.     Nothing in this order is authorizing or approving any payment subject to Section 503(c) of the Bankruptcy Code.

18.     Bankruptcy Rule 6003(b) has been satisfied.

19.     Debtor MabVax Holdings is authorized and empowered to take all actions necessary to implement the relief granted in this Order.  For the avoidance of doubt, unless

specifically provided herein, Debtor MabVax Holdings is authorized to take all actions permitted hereunder before the Final Hearing on the Motion.

20.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

21.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: March \_\_\_, 2019

_____

UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

**Proposed Final Order**

{00025290. }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MABVAX THERAPEUTICS HOLDINGS, INC., | ) | Case No. 19- |
| *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: D.I. ___** |

**FINAL ORDER PURSUANT TO SECTIONS 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) AND 1108 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING DEBTOR MABVAX THERAPEUTICS HOLDINGS, INC. TO (A) PAY CERTAIN PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS, (B) CONTINUE PAYMENT OF WAGES, COMPENSATION, AND EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS AND (C) CONTINUE PAYMENT OF EMPLOYMENT, UNEMPLOYMENT, SOCIAL SECURITYAND OTHER TAXES INCIDENT TO THE EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING THE DEBTOR'S THIRD-PARTY PAYROLL ADMINISTRATOR AND DEBTOR'S BANK TO RECEIVE, PROCESS, HONOR, AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS RELATING TO THE FOREGOING**

Upon consideration of the motion ("Motion")[2] of MabVax Therapeutics Holdings, Inc. ("MabVax Holdings") and MadVax Therapeutics, Inc. ("MabVax" and together with MabVax Holdings, the "Debtors"), as debtors and debtors in possession in the above-captioned Chapter 11 Cases, for entry of a final order pursuant to sections 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) and 1108 of the Bankruptcy Code (i) authorizing, but not directing, Debtor MabVax Holdings to (a) pay certain prepetition wages, compensation, and employee benefits, (b) continue post-petition payment of wages, compensation, and employee benefits in the ordinary course of business, and (c) pay all employment, unemployment, Social Security, and federal,

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

{00025290. }

state, and local taxes relating to the Employee Obligations; and (ii) authorizing and directing Paychex, banks and other financial institutions to receive, process, honor, and pay all checks issued and electronic payment requests made related to the foregoing, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of Debtor MabVax Holdings, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is GRANTED and approved as set forth herein.

2.      Debtor MabVax Holdings is authorized, but not directed, to pay the outstanding amounts owed as of the Petition Date for accrued and unpaid (i) salaries and wages of the Employees in an amount not to exceed, in aggregate, $60,000, and the Independent Contractor in an amount not to exceed, in aggregate, $1,250, and in no event in an amount exceeding the cap contained in §507(a)(4) for any one individual Employee or the Independent Contractor, with the exception of one employee for whom the Debtor MabVax Holdings is authorized to pay $16,538.46; (ii) amounts Debtor MabVax Holdings is required by law to withhold from Employee payroll checks with respect to federal, state and local income taxes, including the employer

---

[2] Capitalized terms not defined herein are defined in the Motion.

Case 19-10603-JTD   Doc 7   Filed 03/21/19   Page 32 of 34

portion of social security and Medicare taxes; and (iii) amounts that Debtor MabVax Holdings is required to directly pay on account of state unemployment taxes and contributions on behalf of Employees.

3.     Debtor MabVax Holdings is authorized, but not directed, to reimburse Employees for Reimbursable Expenses outstanding as of the Petition Date in an amount not to exceed $5,000.

4.     Debtor MabVax Holdings is authorized to pay First National Bank and American Express for all amounts outstanding as of the Petition Date under the Corporate Credit Cards in an amount not to exceed $6,000, and to continue to use the Corporate Credit Cards in the ordinary course of business.

5.     Debtor MabVax Holdings is hereby authorized, but not directed, to pay all amounts currently due under the Employee Benefit Programs in the ordinary course of business, including for prepetition services, but any payments on account of prepetition services shall not exceed $7,000 for the Health, Dental, Vision Life and Disability Plans, $10,500 for 401(k) Contributions, and $5,000 on account of the Other Employee Programs.

6.     Debtor MabVax Holdings is hereby authorized, but not directed, (i) to pay Paychex prepetition amounts owed for the services it renders in connection with the administration of Debtor MabVax Holdings' Employee Obligations in an amount not to exceed $150.00 and (ii) to continue utilizing Paychex for the administration of Debtor MabVax Holdings' Employee Obligations post-petition in the ordinary course.

7.     Debtor MabVax Holdings is hereby authorized, but not directed, to continue (i) to pay the Employee Obligations that become due and owing during the pendency of this Chapter 11 Cases and (ii) its practices, programs, and policies with respect to the Employees, as such practices, programs and policies were in effect as of the Petition Date.

{00025290. }                                        -3-

8.      Debtor MabVax Holdings is hereby authorized to pay Deductions and Withholdings incurred pre-petition in any amount not exceeding $25,000.

9.      Debtor MabVax Holdings, and Paychex, on behalf of Debtor MabVax Holdings, is authorized, but not directed, to forward any unpaid amounts on account of Deductions and Withholdings to the appropriate third-party recipients or taxing authorities in accordance with Debtor MabVax Holdings' prepetition policies and practices.

10.     Debtor MabVax Holdings is authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Obligations, including all administrative and processing costs and payments to outside professionals.

11.     The Banks, Paychex, Pre-Petition Lender and other financial institutions at which Debtor MabVax Holdings maintains its accounts are authorized to (i) receive, process, honor, and pay any and all checks presented for payment, and to honor all electronic payment requests made by Debtor MabVax Holdings or Paychex related to prepetition obligations described in the Motion (including the Severance), whether such claims were presented or electronic requests were submitted prior to or after the Petition Date, and (ii) rely on Debtor MabVax Holdings' or Paychex's designation of any particular check or electronic payment request as approved pursuant to this Order.

12.     The authorization to pay all amounts on account of prepetition Employee Obligations shall not affect Debtor MabVax Holdings' right to contest the amount, validity, or priority of any Employee Obligations.

13.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of Debtor MabVax Holdings' current or former Employees.

14.     Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall (a) be construed as a request for authority to assume any executory contract under section 365 of the Bankruptcy Code, (b) waive, affect, or impair any of Debtor MabVax Holdings' rights, claims, or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law, or any agreement, (c) grant third-party beneficiary status or bestow any additional rights on any third party, or (d) be otherwise enforceable by any third party.

15.     Authorizations given to Debtor MabVax Holdings in this Order empower, but do not direct Debtor MabVax Holdings, to effectuate the payments specified herein.  Debtor MabVax Holdings retains the business judgment to make or not make such payments.  All payments are subject to the condition that funds are available to effect any payment.

16.     Nothing in this order is authorizing or approving any payment subject to Section 503(c) of the Bankruptcy Code.

17.     Bankruptcy Rule 6003(b) has been satisfied.

18.     Debtor MabVax Holdings is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

20.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE