IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MABVAX THERAPEUTICS HOLDINGS, INC., et al.,[1] | ) Case No. 19-10603 (CSS) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |
| | ) Re: 4 |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; (II) DEEMING UTILITY COMPANIES ASSURED OF FUTURE PERFORMANCE; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

This matter is before the Court on the Debtors' *Motion for Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment* (the "Motion")[2].

The Court has considered the Motion, the Hansen Declaration, and the matters reflected in the record of the hearing held thereon. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, counsel to the proposed DIP Lender, counsel to Oxford Finance LLC, the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, and the Utility Companies and their counsel, if known; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

[2] All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED to the extent set forth herein on an interim basis.

2. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3. No Utility Company may alter, refuse, terminate, or discontinue services to, and/or discriminate against the Debtors on the basis of commencement of this case or on account of unpaid invoices for service provided by any of the Utility Companies to the Debtors prior to the Petition Date.

4. Within ten (10) business days after the entry of the Interim Order, the Debtors will deposit $2,675.00, which is equal to the Debtors' estimated average cost for half a month of Utility Services (the "Adequate Assurance Deposit") into a segregated bank account (the "Adequate Assurance Account"), with such Adequate Assurance Deposit to be held in escrow pending further order of this Court.

5. The Final Hearing upon the Motion shall be held before the undersigned on April 9, 2019 at 3:00 p.m. (ET). The deadline by which objections to entry of the proposed Final Order must be filed is April 2, 2019 at 4:00 p.m. Objections, if any, must be filed and served on: (i) counsel to the Debtors, The Rosner Law Group LLC, 824 N. Market Street, Suite 810, Attn: Frederick B. Rosner; (ii) counsel to the Stalking Horse Bidder, Covington & Burling LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Dianne F. Coffino; (iii) counsel to Pre-Petition Secured Creditor, Greenberg Traurig LLP, One International Place, Suite 2000, Boston, MA 02110, Attn: J. Gregory Milmoe; (iv) the U.S. Trustee; and (v) counsel to any official committee of unsecured creditors. If no objections to the entry of the proposed Final Order are timely filed, this Court may enter the proposed Final Order without further notice or hearing.

6. The Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their pre-petition practices, all undisputed invoices in respect of post-petition utility services rendered by the Utility Companies to the Debtors.

7. Notwithstanding the terms of paragraph 3 above, the following procedures shall be used by the Court to determine, if necessary, whether the requested assurance of payment by a Utility Company is adequate (the "Determination Procedures"):

   a. Absent compliance with the Determination Procedures, a Utility Company may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security.

   b. Within two business days after the entry of the Interim Order on the Motion, the Debtors will serve a copy of the Interim Order to the Utility Companies on the Utility Service List by overnight delivery. In the event that any Utility Company has been omitted from the Utility Service List, the Debtors shall supplement this list and shall promptly serve a copy of the Interim Order on such Utility Company upon learning of such omission.

   c. If a Utility Company is not satisfied with the Proposed Adequate Assurance provided by the Debtors, the Utility Company must make a request for additional assurance of payment (a "Request") and serve such Request on counsel for the Debtors, The Rosner Law Group LLC, Attn.: Frederick B. Rosner, Esq., 824 N. Market Street, Suite 810, Wilmington, Delaware 19801, and file such request with the Court. Any such Request by a Utility Company must specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company and must set forth (i) the type of utility services that are provided and the associated account number, (ii) the location for which the relevant utility services are provided, (iii) a list of any deposits or other security currently held by such Utility Company immediately prior to the Petition Date on account of the Debtors, (iv) a description of any payment delinquency or irregularity by the Debtors for the post-petition period, and (v) the average amount owed by the Debtors for the prior six months.

   d. Without further order of the Court, the Debtors may enter into agreements granting to the Utility Companies that have submitted Requests any assurance of payment that the Debtor, in its sole discretion, determine is reasonable.

   e. If a Utility Company requests assurance of payment that the Debtors believe is unreasonable, and if after good faith negotiations by the parties, the parties are not able to resolve the issue, the Debtors will request a hearing before this

       Court, to be held at a date and time to be scheduled promptly by the Debtors upon notice to the applicable Utility Company, to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

    f. Pending resolution of a Request at the Determination Hearing and pending entry of a final order thereon finding that the Utility Company is not adequately assured of future payment, such Utility Company shall be prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

    g. The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make a Request.

    h. At any time, the Debtors may terminate service from any of the Utility Companies, such termination being effective immediately upon Debtors' notice to the Utility Company. At such time, Debtors shall no longer be required to make any more payments to such Utility Company for any services provided after such termination, and any excess shall be returned forthwith.

8. In addition, the Debtors are authorized, as necessary, to provide notice and a copy of this Interim Order to any Additional Utility Companies as such Additional Utility Companies are identified. Such Additional Utility Companies shall be subject to the terms of the Interim Order, including the Determination Procedures.

9. The Debtors' right to dispute whether any of the entities now or hereafter listed in Exhibit A to the Motion are "utilities" within the meaning of section 366(a) of the Bankruptcy Code is reserved.

10. Nothing in this Order or the Motion shall be deemed to constitute the assumption of any agreement pursuant to section 365 of the Bankruptcy Code.

11.  This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Interim Order.

Dated: March 22, 2019

_____
UNITED STATES BANKRUPTCY JUDGE