## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) Case No. 19- 10603 CSS |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |
| | ) Re: D.I. 6 |

### INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(8), 541, 1107(a), AND 1108 OF THE BANKRUPTCY CODE AUTHORIZING (I) THE DEBTORS TO PAY CERTAIN PRE-PETITION TAXES AND FEES AND RELATED OBLIGATIONS AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

Upon consideration of the Motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code, authorizing but not directing (i) the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Authorities, and (ii) the Banks to honor and process checks and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given under the circumstances; and it appearing that no other or further notice of the Motion is required; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

{00025217.3 }

the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to pay pre-petition period Taxes and Fees, as they become due in the ordinary of business, to the Authorities in an amount not to exceed $10,000 without further order of this Court.

3.      The Banks are authorized, but not directed, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay pre-petition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and the Banks shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

4.      Nothing in this Interim Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with

respect to any and all claims or causes of action against any Authority; or (iv) shall be construed as a promise to pay a claim.

5.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

6.      The requirements of Bankruptcy Rule 6003(b) are satisfied.

7.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

9.      A final hearing (the "Final Hearing") on the Motion shall be held before the undersigned on April 9, 2019 at 3:00 p.m. (ET).  Any party that objects to the relief sought in the Motion must file a written objection to the Motion and serve a copy of the objection on counsel for Debtor MabVax Holdings so that the objection is received ~~at least seven days before~~ on 4/2/19 at 4:00 pm the ~~Final Hearing~~.


Dated: March 22, 2019
       Wilmington, Delaware


_____
UNITED STATES BANKRUPTCY JUDGE