IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| MABVAX THERAPEUTICS HOLDINGS, INC., et al.,[1] | ) Case No. 19- 10603 |
| Debtors. | ) Jointly Administered |
|  | ) Re: D.I. ___ |

**FINAL ORDER PURSUANT TO SECTIONS 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) AND 1108 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING DEBTOR MABVAX THERAPEUTICS HOLDINGS, INC. TO (A) PAY CERTAIN PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS, (B) CONTINUE PAYMENT OF WAGES, COMPENSATION, AND EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS AND (C) CONTINUE PAYMENT OF EMPLOYMENT, UNEMPLOYMENT, SOCIAL SECURITY AND OTHER TAXES INCIDENT TO THE EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING THE DEBTOR'S THIRD-PARTY PAYROLL ADMINISTRATOR AND DEBTOR'S BANK TO RECEIVE, PROCESS, HONOR, AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS <u>RELATING TO THE FOREGOING</u>**

Upon consideration of the motion ("<u>Motion</u>")[2] of MabVax Therapeutics Holdings, Inc. ("<u>MabVax Holdings</u>") and MadVax Therapeutics, Inc. ("<u>MabVax</u>" and together with MabVax Holdings, the "<u>Debtors</u>"), as debtors and debtors in possession in the above-captioned Chapter 11 Cases, for entry of a final order pursuant to sections 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) and 1108 of the Bankruptcy Code (i) authorizing, but not directing, Debtor MabVax Holdings to (a) pay certain prepetition wages, compensation, and employee benefits, (b) continue post-petition payment of wages, compensation, and employee benefits in the ordinary course of business, and (c) pay all employment, unemployment, Social Security, and federal,

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

{00025290. }

state, and local taxes relating to the Employee Obligations; and (ii) authorizing and directing Paychex, banks and other financial institutions to receive, process, honor, and pay all checks issued and electronic payment requests made related to the foregoing, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of Debtor MabVax Holdings, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED and approved as set forth herein.

2. Debtor MabVax Holdings is authorized, but not directed, to pay the outstanding amounts owed as of the Petition Date for accrued and unpaid (i) salaries and wages of the Employees in an amount not to exceed, in aggregate, $60,000, and the Independent Contractor in an amount not to exceed, in aggregate, $1,250, and in no event in an amount exceeding the cap contained in §507(a)(4) for any one individual Employee or the Independent Contractor, with the exception of one employee for whom the Debtor MabVax Holdings is authorized to pay $16,538.46; (ii) amounts Debtor MabVax Holdings is required by law to withhold from Employee payroll checks with respect to federal, state and local income taxes, including the employer

---

[2] Capitalized terms not defined herein are defined in the Motion.

portion of social security and Medicare taxes; and (iii) amounts that Debtor MabVax Holdings is required to directly pay on account of state unemployment taxes and contributions on behalf of Employees.

3. Debtor MabVax Holdings is authorized, but not directed, to reimburse Employees for Reimbursable Expenses outstanding as of the Petition Date in an amount not to exceed $5,000.

4. Debtor MabVax Holdings is authorized to pay First National Bank and American Express for all amounts outstanding as of the Petition Date under the Corporate Credit Cards in an amount not to exceed $6,000, and to continue to use the Corporate Credit Cards in the ordinary course of business.

5. Debtor MabVax Holdings is hereby authorized, but not directed, to pay all amounts currently due under the Employee Benefit Programs in the ordinary course of business, including for prepetition services, but any payments on account of prepetition services shall not exceed $7,000 for the Health, Dental, Vision Life and Disability Plans, $10,500 for 401(k) Contributions, and $5,000 on account of the Other Employee Programs.

6. Debtor MabVax Holdings is hereby authorized, but not directed, (i) to pay Paychex prepetition amounts owed for the services it renders in connection with the administration of Debtor MabVax Holdings' Employee Obligations in an amount not to exceed $150.00 and (ii) to continue utilizing Paychex for the administration of Debtor MabVax Holdings' Employee Obligations post-petition in the ordinary course.

7. Debtor MabVax Holdings is hereby authorized, but not directed, to continue (i) to pay the Employee Obligations that become due and owing during the pendency of this Chapter 11 Cases and (ii) its practices, programs, and policies with respect to the Employees, as such practices, programs and policies were in effect as of the Petition Date.

8. Debtor MabVax Holdings is hereby authorized to pay Deductions and Withholdings incurred pre-petition in any amount not exceeding $25,000.

9. Debtor MabVax Holdings, and Paychex, on behalf of Debtor MabVax Holdings, is authorized, but not directed, to forward any unpaid amounts on account of Deductions and Withholdings to the appropriate third-party recipients or taxing authorities in accordance with Debtor MabVax Holdings' prepetition policies and practices.

10. Debtor MabVax Holdings is authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Obligations, including all administrative and processing costs and payments to outside professionals.

11. The Banks, Paychex, Pre-Petition Lender and other financial institutions at which Debtor MabVax Holdings maintains its accounts are authorized to (i) receive, process, honor, and pay any and all checks presented for payment, and to honor all electronic payment requests made by Debtor MabVax Holdings or Paychex related to prepetition obligations described in the Motion (including the Severance), whether such claims were presented or electronic requests were submitted prior to or after the Petition Date, and (ii) rely on Debtor MabVax Holdings' or Paychex's designation of any particular check or electronic payment request as approved pursuant to this Order.

12. The authorization to pay all amounts on account of prepetition Employee Obligations shall not affect Debtor MabVax Holdings' right to contest the amount, validity, or priority of any Employee Obligations.

13. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of Debtor MabVax Holdings' current or former Employees.

14. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall (a) be construed as a request for authority to assume any executory contract under section 365 of the Bankruptcy Code, (b) waive, affect, or impair any of Debtor MabVax Holdings' rights, claims, or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law, or any agreement, (c) grant third-party beneficiary status or bestow any additional rights on any third party, or (d) be otherwise enforceable by any third party.

15. Authorizations given to Debtor MabVax Holdings in this Order empower, but do not direct Debtor MabVax Holdings, to effectuate the payments specified herein. Debtor MabVax Holdings retains the business judgment to make or not make such payments. All payments are subject to the condition that funds are available to effect any payment.

16. Nothing in this order is authorizing or approving any payment subject to Section 503(c) of the Bankruptcy Code.

17. Bankruptcy Rule 6003(b) has been satisfied.

18. Debtor MabVax Holdings is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: 4/4, 2019

UNITED STATES BANKRUPTCY JUDGE