IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MABVAX THERAPEUTICS HOLDINGS, INC., et al.,[1] | ) Case No. 19- 10603 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) Re: D.I. ___ |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), 363, 1107 AND 1108 AUTHORIZING: (A) CONTINUED MAINTENANCE OF EXISTING BANK ACCOUNTS, (B) CONTINUED USE OF EXISTING BUSINESS FORMS AND (C) WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS AND CERTAIN UNITED STATES TRUSTEE GUIDELINES**

Upon the Motion[2] of the Debtors for an Order, under sections 105, 345(b), 363, 1107 and 1108 of the Bankruptcy Code, authorizing (i) continued maintenance of existing bank accounts, (ii) continued use of existing business forms and (iii) a waiver of the section 345(b) deposit requirements and certain United States Trustee operating guidelines relating to bank accounts; and upon the representations contained in the Hansen Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, the creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.  The Motion is GRANTED on as final basis as provided herein.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

{00025163.3 }

2. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized to designate, maintain and continue to use the Bank Accounts with the same account numbers, and treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors in possession.

3. The Debtors are authorized to continue to use existing business forms (including letterhead, purchase orders, and invoices) and checks without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them, provided, however, in the event that the Debtors need to purchase new check stock or any other business forms during the pendency of these Chapter 11 Cases, such check stock or other business forms will include a legend referring to the Debtors as "Debtor in Possession" or "DIP."

4. After the Petition Date, and subject to the terms of this Order, Pacific Premier Bank, the bank at which the Bank Accounts are maintained, is authorized to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, wire transfers, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Bank Accounts, provided, however, that, unless otherwise ordered by the Court and requested by the Debtors, no checks, drafts, ACH transfers (excluding any ACH Transfer that the Bank is obligated to settle), or other items presented, issued, or drawn on the Bank Accounts on or prior to the Petition Date shall be honored.

5. The Bank shall implement reasonable handling procedures designed to effectuate the terms of this Order. If the Bank implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good-faith belief that

{00025163.3 }

the Court has authorized such prepetition check or item to be honored or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, it shall not be liable to the Debtors or their estates or otherwise in violation of this Order.

6. The Bank is authorized to honor all representations from the Debtors as to which checks should be honored or dishonored.

7. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

8. The Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors shall serve a copy of this Order on the Bank within five (5) business days of the entry of this Order.

Dated: April 4, 2019
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

{00025163.3 }