**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) Case No. 19-10603-CSS |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Hearing Date: 5/6/19 @ 10:00 a.m. (EST)** |
| | ) **Obj. Deadline: 4/19/19 @ 4:00 p.m. (EST)** |

**APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER BOTTS L.L.P. AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors-in-possession (the "**Debtors**") hereby submit this application (the "**Application**") pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order authorizing the retention and employment of Baker Botts L.L.P. ("**Baker Botts**") as special litigation counsel to MabVax Therapeutics Holdings, Inc., *nunc pro tunc* to the Petition Date (defined below). The facts and circumstances supporting this Application are set forth herein, in the *Declaration of Jonathan A. Shapiro* (the "**Shapiro Declaration**"), attached hereto as **Exhibit A** and which is incorporated herein by reference, and the *Declaration of J. David Hansen in Support of Chapter 11 Petition and First Day Pleadings* (the "**First Day Declaration**"). In further support of this Application, the Debtors respectfully state as follows:

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

{00025435.2 }

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. The Court has jurisdiction over the Debtors, their estate, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion, to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief sought in this Application are sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BACKGROUND

A. **THIS CHAPTER 11 CASE.**

5. On March 21, 2019 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**") thereby commencing this chapter 11 case (the "**Chapter 11 Case**").

6. The Debtors continue to be in possession of their properties and to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee, examiner, or official committee of unsecured creditors has been appointed in this chapter 11 case.

8. Additional factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of this chapter 11 case, is set forth in the First Day Declaration, which is fully incorporated here by reference.

### RELIEF REQUESTED

9. By this Application, the Debtors seek entry of an order pursuant to sections 327(e) and 328(a) of the Bankruptcy Code authorizing the Debtors to employ and retain Baker Botts as special litigation counsel, *nunc pro tunc* to the Petition Date, to provide MabVax Therapeutics Holdings, Inc. with legal services in connection with litigation and/or claims asserting fraud and other claims against certain of MabVax Therapeutics Holdings, Inc.'s investors, and matters related thereto (the "**Special Counsel Matters**"). For the reasons set forth herein, the relief requested is in the best interest of the Debtors and their estates, and therefore, should be granted.

### BAKER BOTTS'S RETENTION

10. As set forth more fully in the Shapiro Declaration, and the First Day Declaration, Baker Botts has represented MabVax Therapeutics Holdings, Inc. since May 2018, when it was retained to provide MabVax Therapeutics Holdings, Inc. and its chief executive officer advice and counsel in connection with the defense of what was then a non-public investigation by the United States Securities and Exchange Commission involving MabVax Therapeutics Holdings, Inc.'s relationship with, and apparent misconduct by, a group of outside investors. (the "**SEC Engagement**"). MabVax Therapeutics Holdings, Inc. and its chief executive officer executed engagement letters with Baker Botts—dated May 9, 2018, and May 1, 2018, respectively—covering the provision of that legal advice and other services.

11. MabVax Therapeutics Holdings, Inc. negotiated an engagement letter with Baker Botts, dated March 8, 2019, covering the provision of legal advice and other services in

connection with a potential lawsuit against a number of the investors and affiliates who have been the subject of the SEC Engagement since May 2018 ("**Illicit Investor Group**") seeking damages for, *inter alia*, fraud, misrepresentation, unlawful business practices, breach of fiduciary duty, tortious interference, and unjust enrichment (the "**Investor Litigation Engagement**").

12. MabVax Therapeutics Holdings, Inc. is prepared to file, and believes it is not in its interest to delay filing, an action against the Illicit Investor Group in the California Superior Court for the County of San Diego against members of the Illicit Investor Group seeking damages for, *inter alia*, fraud, misrepresentation, unlawful business practices, breach of fiduciary duty, tortious interference, and unjust enrichment (together with related matters—including to continue to facilitate MabVax Therapeutics Holdings, Inc.'s cooperation and communications with the SEC Enforcement Staff—collectively, the "**Special Counsel Matters**").[2]

13. Baker Botts has agreed to serve as MabVax Therapeutics Holdings, Inc.'s special litigation counsel in connection with the Special Counsel Matters. Baker Botts's familiarity with MabVax Therapeutics Holdings, Inc. and its business operations, and Baker Botts's history, institutional knowledge, and expertise with regard to the Special Counsel Matters gained over the last year, will allow Baker Botts most efficiently and effectively to handle these matters during these bankruptcy proceedings. Indeed, the Special Counsel Matters involve the very same transactions, circumstances, and relationships with the Illicit Investor Group that have been the subject of the SEC Engagement for nearly a year. The Debtors' estates would be significantly disadvantaged should MabVax Therapeutics Holdings, Inc. not be permitted to continue the retention of Baker Botts on the Special Counsel Matters.

---

[2] Additional information regarding the events leading to the Special Counsel Matters is set forth in the First Day Declaration.

14. Accordingly, pursuant to this Application, the Debtors request authority to employ Baker Botts as MabVax Therapeutics Holdings, Inc.'s special litigation counsel in connection with the Special Counsel Matters.

15. Baker Botts's representation of MabVax Therapeutics Holdings, Inc. will be limited to the Special Counsel Matters. Neither the Debtors, Baker Botts, nor The Rosner Law Group LLC ("**Rosner**"), the Debtors' proposed general bankruptcy counsel, anticipate any overlap in responsibility or duplication of efforts between Baker Botts and Rosner. However, out of an abundance of caution and a desire to efficiently provide legal services to the Debtors, Baker Botts and Rosner will coordinate efforts to avoid duplication of work and unnecessary fees. Baker Botts has agreed to make reasonable efforts to avoid duplication of services provided by any other professional employed by the Debtors.

16. Baker Botts is widely regarded as a leading firm in securities actions and related matters. If MabVax Therapeutics Holdings, Inc. is unable to retain Baker Botts in connection with the Special Counsel Matters, the Debtors, their estates, and all parties in interest would be severely prejudiced, as MabVax Therapeutics Holdings, Inc. would, among other things, lose attorneys providing invaluable experience and expertise on the matter.

17. Baker Botts has informed MabVax Therapeutics Holdings, Inc. that Jonathan A. Shapiro, as well as other partners and associates of Baker Botts who will be working on this case, are members in good standing of various states and federal bars, and have valuable substantive, factual, and legal experience and expertise with regard to the matters on which Baker Botts would be employed as special litigation counsel.

18. The Debtors believe that Baker Botts's history and expertise with regard to the Special Counsel Matters and its knowledge of the Debtors, their business operations, and the

SEC Engagement, together with Rosner's bankruptcy expertise, will provide MabVax Therapeutics Holdings, Inc. with high quality, efficient and cost-effective legal services.

## COMPENSATION OF SPECIAL LITIGATION COUNSEL

19. Section 328 of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including . . . on a contingent fee basis." 11 U.S.C. § 328(a). The compensation to be paid to Baker Botts in connection with the proposed retention is as follows:

   a. Thirty-nine percent (39%) of the net recovery, if any, up to $10 million;

   b. Thirty-three percent (33%) of the net recovery, if any, above $10 million and up to $20 million; and

   c. Twenty-seven percent (27%) of the net recovery, if any, above $20 million.

20. MabVax Therapeutics Holdings, Inc. will pay for all costs and expenses related to Baker Botts's representation of MabVax Therapeutics Holdings, Inc. Baker Botts may seek approval from the Court for compensation pursuant to the contingent fee and for reimbursement of any expenses incurred by Baker Botts. MabVax Therapeutics Holdings, Inc. submits that this arrangement regarding Baker Botts's professional fees and expenses is reasonable and customary in representing a client in a dispute of this nature.

## NO ADVERSE INTEREST

21. Based on the Shapiro Declaration, Baker Botts has searched its records and made reasonable inquiries as to any connections required to be disclosed pursuant to Bankruptcy Rule 2014, or any potential prohibited relationships pursuant to Bankruptcy Rule 5002. To the best of the Debtors' knowledge, and based on the Shapiro Declaration, Baker Botts does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Baker Botts is to be employed. Baker Botts does not have any connections or prohibited

relationships with the U.S. Trustee or any of its employees, or with the bankruptcy judge in this case. Furthermore, to the best of the Debtors' knowledge and based on the Shapiro Declaration, Baker Botts does not have any connection with the Debtors or any creditor or other parties in interest in this case, or their respective attorneys or accountants, except as otherwise set forth in the Shapiro Declaration. None of the connections disclosed in the Shapiro Declaration relate to or constitute an adverse interest with respect to the matters on which Baker Botts is to be employed, and thus the Debtors believe Baker Botts has no connections that would disqualify it as serving as MabVax Therapeutics Holdings, Inc.'s special litigation counsel herein. Baker Botts will conduct an ongoing review of its records to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or circumstances are discovered, Baker Botts will supplement its disclosure to the Court.

22. As of the Petition Date, Baker Botts holds a claim against MabVax Therapeutics Holdings, Inc. or its estate in the approximate amount of $1,063,632.97 for services rendered in connection with the SEC Engagement (the "**Prepetition Claim**").

28. Accordingly, for all the reasons set forth above, the Debtors believe that approval of this Application is in the best interest of the Debtors and their estates.

## BASIS FOR RELIEF REQUESTED

29. Section 327(e) of the Bankruptcy Code provides that a debtor, subject to court approval:

> may employ, for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

30.     Under section 327(e) of the Bankruptcy Code, four requirements must be met in order for counsel's retention by a debtor-in-possession to be approved: "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403, 406 (D. Del. 2005) (citations omitted). For reasons explained more fully, *supra*, Baker Botts satisfies the first three of these requirements because (1) it is uniquely qualified to advise MabVax Therapeutics Holdings, Inc. with respect to the Special Counsel Matters and MabVax Therapeutics Holdings, Inc. would incur substantial expenses if required to search for and retain new counsel, (2) Baker Botts has represented MabVax Therapeutics Holdings, Inc. in the past, and (3) the Debtors propose to retain Baker Botts to advise MabVax Therapeutics Holdings, Inc. only with respect to the specific Special Counsel Matters, which will not overlap with services to be provided by the Debtors' proposed general bankruptcy counsel, Rosner.

31.     Additionally, Baker Botts meets the fourth requirement because it does not represent or hold an interest adverse to the Debtors or the Debtors' estates with regard to the Special Counsel Matters. To qualify for retention as special counsel under section 327(e) of the Bankruptcy Code, an attorney does not need to be a "disinterested person,"[3] but simply must "not represent or hold any interest adverse to the debtor or to the estate *with respect to the matter*

---

[3] *Compare* with section 327(a) of the Bankruptcy Code, which requires both that an attorney not "hold or represent an interest adverse to the estate" and is a "disinterested person." "The term 'disinterested person' means a person that (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors not equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14).

{00025435.2}                                                8

*on which such attorney is to be employed.*" 11 U.S.C. § 327(e) (emphasis added). Thus, "where employment is sought only for specific limited purposes, [§327(e)] not only eliminates the disinterestedness requirement for a professional who has formerly represented the debtor, but also narrows the conflict of interest issue to one of factual evaluation of actual or potential conflict only as related to the particular matters for which representation is sought." *In re Statewide Pools, Inc.*, 79 B.R. 312, 314 (Bankr. S.D. Ohio 1987).

32. To the best of the Debtors' knowledge, except as otherwise set forth in the Shapiro Declaration, Baker Botts does not have any connections with the parties in interest in this bankruptcy or represent or hold any interest adverse to the Debtors or the Debtors' estates. The connections and adverse interests disclosed in the Shapiro Declaration are all unrelated to the Debtors, the Debtors' estates, these bankruptcy proceedings, and the Special Counsel Matters. Accordingly, the Debtors believe that Baker Botts does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Special Counsel Matters.

33. The Debtors believe that the employment of Baker Botts is necessary and in the best interest of the Debtors and their estates.

## NOTICE AND NO PRIOR REQUEST

34. Notice of this Application shall be provided to: (a) the Office of the United States Trustee for the District of Delaware, (b) the Debtors' twenty largest unsecured creditors as identified on its voluntary petition, (c) counsel to Oxford Finance LLC, the pre-petition secured lender, (d) counsel to the debtors-in-possession lender, and (e) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Application, the Debtors respectfully submit that no further notice is necessary.

35. No prior request for the relief sought in this application has been made to this or any other court.

*WHEREFORE*, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Application and such other and further relief as is just and proper.

Dated: April 5, 2019

Respectfully submitted,

By: _____
    J. David Hansen
    Chief Executive Officer
    MabVax Therapeutics Holdings, Inc.
    MabVax Holdings, Inc.