**EXHIBIT A**

**Shapiro Declaration**

{00025436. }

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 19-10603-CSS<br>)<br>)<br>) Jointly Administered<br>)<br>) **Hearing Date: 5/6/19 @ 10:00 a.m. (EST)**<br>) **Obj. Deadline: 4/12/19 @ 4:00 p.m. (EST)** |

**DECLARATION OF JONATHAN A. SHAPIRO IN SUPPORT OF THE APPLICATION
OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF BAKER BOTTS L.L.P.
AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

I, Jonathan A. Shapiro, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am a partner in the law firm of Baker Botts L.L.P. ("**Baker Botts**"), and am duly authorized to make this declaration on behalf of Baker Botts (the "**Declaration**"). I make this Declaration in support of the application (the "**Application**"),[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for an order, pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the retention and employment of Baker Botts as special litigation counsel to MabVax Therapeutics Holdings, Inc., *nunc pro tunc* to the Petition Date.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

{00025436. }

2.  The statements set forth below are based upon my personal knowledge or discussions with other partners and associates of Baker Botts who have acted as litigation counsel for MabVax Therapeutics Holdings, Inc., and client/matter records of Baker Botts reviewed by me or by associates or employees of Baker Botts acting under my supervision and direction.

### BAKER BOTTS'S RETENTION

3.  Baker Botts is widely regarded as a leading firm in securities actions and related matters. I, as well as other partners and associates of Baker Botts who will be engaged by MabVax Therapeutics Holdings, Inc. as special litigation counsel, are members in good standing of various states and federal bars, and we have valuable substantive, factual, and legal experience and expertise with regard to the matters on which Baker Botts would be employed as special litigation counsel, as follows.

4.  Baker Botts has represented the MabVax Therapeutics Holdings, Inc. since May 2018, when it was retained to provide MabVax Therapeutics Holdings, Inc. and its chief executive officer advice and counsel in connection with the defense of what was then a non-public investigation by the United States Securities and Exchange Commission involving the Debtors' relationship with, and apparent misconduct by, a group of outside investors. (the "**SEC Engagement**"). MabVax Therapeutics Holdings, Inc. and its chief executive officer executed engagement letters with Baker Botts—dated May 9, 2018, and May 1, 2018, respectively—covering the provision of that legal advice and other services.

5.  MabVax Therapeutics Holdings, Inc. negotiated an engagement letter with Baker Botts, dated March 8, 2019, covering the provision of legal advice and other services in connection with a potential lawsuit against a number of the investors and affiliates who have

been the subject of the SEC Engagement since May 2018 ("**Illicit Investor Group**") seeking damages for, *inter alia*, fraud, misrepresentation, unlawful business practices, breach of fiduciary duty, tortious interference, and unjust enrichment (the "**Investor Litigation Engagement**").

6. MabVax Therapeutics Holdings, Inc. is prepared to file, and believes it is not in the Debtors' interest to delay filing, an action against the Illicit Investor Group in the California Superior Court for the County of San Diego against a number of its investors seeking damages for, *inter alia*, fraud, misrepresentation, unlawful business practices, breach of fiduciary duty, tortious interference, and unjust enrichment (together with related matters—including to continue to facilitate MabVax Therapeutics Holdings, Inc.'s cooperation and communications with the SEC Enforcement Staff—collectively, the "**Special Counsel Matters**").[3]

7. MabVax Therapeutics Holdings, Inc. continues to require legal representation in connection with the Special Counsel Matters, which, as noted above, involve the same transactions, circumstances, and relationship with the Illicit Investor Group that have been the subject of the SEC Engagement. I believe that Baker Botts's familiarity with the Debtors and their business operations, and Baker Botts's history, institutional knowledge, and expertise with regard to the Special Counsel Matters gained over the course of the SEC Engagement, will allow Baker Botts most efficiently and effectively to handle these matters during these bankruptcy proceedings. The Debtors' estates would be significantly disadvantaged should MabVax Therapeutics Holdings, Inc. not be permitted to continue the retention of Baker Botts on the Special Counsel Matters.

8. Baker Botts's representation of MabVax Therapeutics Holdings, Inc. will be limited to the Special Counsel Matters. I do not anticipate any overlap in responsibility or

---

[3] Additional information regarding the events leading to the Special Counsel Matters is set forth in the First Day Declaration.

{00025436. }                                              3

duplication of efforts between Baker Botts or The Rosner Law Group LLC ("**Rosner**"), the Debtors' proposed general bankruptcy counsel. However, out of an abundance of caution and a desire efficiently to provide legal services to the Debtors, Baker Botts and Rosner will coordinate efforts to avoid duplication of work and unnecessary fees. Baker Botts will also make reasonable efforts to avoid duplication of services provided by any other professional employed by the Debtors.

## BAKER BOTTS'S CONFLICTS CHECK PROCEDURES

9. To confirm that Baker Botts did not have a prior representation that precluded its representation of MabVax Therapeutics Holdings, Inc. with respect to the matters upon which it is being employed, I caused Baker Botts attorneys under my supervision to conduct a review of potential connections and relationships between Baker Botts and the categories of parties as set forth in **Exhibit "1"** hereto (the "**Potential Parties in Interest**"). Baker Botts submitted these names as part of a computer search of its conflicts database, reviewing all resulting "hits," and made further internal inquiries as appropriate.

10. To the best of my knowledge after reasonable inquiry, Baker Botts does not have any connections or prohibited relationships with the U.S. Trustee or any of its employees, or with any of the bankruptcy judges sitting in this District. Thus, to the best of my knowledge, the proposed employment of Baker Botts is not prohibited by or improper under Bankruptcy Rule 5002.

11. Furthermore, to the best of my knowledge after reasonable inquiry, Baker Botts does not have any connection with the Debtors or any creditor or other parties in interest in this case, or their respective attorneys or accountants, except as otherwise discussed herein. I do not believe that any of the connections disclosed herein relate to or would constitute an adverse

interest with respect to the matters on which Baker Botts is to be employed, and thus I believe Baker Botts has no connections that would disqualify it as serving as MabVax Therapeutics Holdings, Inc.'s special litigation counsel herein. Baker Botts will conduct an ongoing review of its records to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or circumstances are discovered, Baker Botts will supplement its disclosure to the Court.

12. Our review of the conflicts checklist has revealed that Baker Botts currently represents or recently represented various Potential Parties in Interest (or affiliates thereof) in matters unrelated to the Special Counsel Matters. These connections are set forth in the chart marked **Exhibit "2"** annexed hereto.

13. As to these client or former client connections, Baker Botts's representations of the Potential Parties in Interest are unrelated to the Debtors or the Special Counsel Matters as to which Baker Botts seeks to be employed by MabVax Therapeutics Holdings, Inc. Accordingly, while the interests of the Baker Botts clients or recent former clients listed on **Exhibit "2"** and/or discussed below may actually or potentially be adverse to the Debtors, Baker Botts's current representations of these Potential Parties in Interest are all unrelated to the Special Counsel Matters on which Baker Botts would be employed. **Baker Botts has represented, and will continue to represent, only MabVax Therapeutics Holdings, Inc. in connection with the Special Counsel Matters.**

14. Baker Botts has not represented any Potential Parties in Interest in connection with the Debtors.

15. The Debtors have consented to Baker Botts's continued representation of clients listed on **Exhibit "2"** and/or discussed above, so long as it is in matters unrelated to this

Bankruptcy and the Special Counsel Matters, and to the extent necessary, current clients will be requested to provide waivers so that Baker Botts can continue to represent them in these unrelated matters, and can also represent MabVax Therapeutics Holdings, Inc. in the Special Counsel Matters. Baker Botts will not be representing these or any other clients other than MabVax Therapeutics Holdings, Inc. in connection with the Special Counsel Matters, and in so far as we can presently tell, the factual and legal issues likely to arise in the Special Counsel Matters are completely unrelated to the work we are presently doing on behalf of these other clients.

16.     To the best of my knowledge, and based on the review procedures described above, Baker Botts does not have any connection to the Potential Parties in Interest in this chapter 11 case requiring disclosure under Bankruptcy Rule 2014 except as in **Exhibit "2"** annexed hereto, which to my understanding are not disqualifying or problematic under section 327(e) of the Bankruptcy Code. **Exhibit "2"** includes the following categories of connections revealed by our conflict search: (1) Potential Parties in Interest (or an affiliate of the listed party) who are currently Baker Botts clients for whom we have provided services within the past two years, all in matters unrelated to the Special Counsel Matters; and (2) Potential Parties in Interest (or an affiliate of the listed party) who were former clients of Baker Botts for whom we provided services within the past two years, all in matters unrelated to the Special Counsel Matters.

17.     Baker Botts may have other relationships with certain Potential Parties in Interest, such as former client relationships with Potential Parties in Interest as to which the engagement has been over for more than two years, and there are situations in which other clients of Baker Botts (besides MabVax Therapeutics Holdings, Inc.) are adverse to Potential Parties in Interest in matters unrelated to the Debtors, which are not set forth on **Exhibit "2."** However, we are not

aware of any such relationships that would constitute an interest adverse to the Debtors or their estates with respect to the matters on which Baker Botts seeks to be employed as special counsel to MabVax Therapeutics Holdings, Inc.

18. In summary, as indicated herein and in **Exhibit "2,"** Baker Botts has represented or currently represents certain Potential Parties in Interest, including entities or individuals that may have business relationships with the Debtors. However, Baker Botts has not represented, and will not represent, any of these Potential Parties in Interest with regard to the Special Counsel Matters. Baker Botts will represent MabVax Therapeutics Holdings, Inc. in this bankruptcy only with regard to the Special Counsel Matters. Thus, in accordance with section 327(e) of the Bankruptcy Code, Baker Botts respectfully submits that none of the connections disclosed herein render Baker Botts adverse to the Debtors or their estates with respect to the matters on which Baker Botts is to be employed.

## COMPENSATION OF SPECIAL LITIGATION COUNSEL

19. Section 328 of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including . . . on a contingent fee basis." 11 U.S.C. § 328(a). The compensation to be paid to Baker Botts in connection with the proposed retention is as follows:

      a. Thirty-nine percent (39%) of the net recovery, if any, up to $10 million;

      b. Thirty-three percent (33%) of the net recovery, if any, above $10 million and up to $20 million; and

      c. Twenty-seven percent (27%) of the net recovery, if any, above $20 million.

20. MabVax Therapeutics Holdings, Inc. will pay for all costs and expenses related to Baker Botts's representation of MabVax Therapeutics Holdings, Inc. Baker Botts may seek approval from the Court for compensation pursuant to the contingent fee and for reimbursement

of any expenses incurred by Baker Botts. In my experience, this arrangement regarding Baker Botts's professional fees and expenses is reasonable and customary in representing a client in a dispute of this nature.

21. As of the Petition Date, Baker Botts holds a claim against MabVax Therapeutics Holdings, Inc. or its estate in the approximate amount of $1,063,632.97 for services rendered in connection with the SEC Engagement (the "**Prepetition Claim**").

25. No agreement or understanding in any form or guise exists between Baker Botts and any other person for a division of compensation for services rendered in or in connection with this Chapter 11 Case, and no such division of compensation prohibited by section 504 of the Bankruptcy Code will be made, except among members of Baker Botts. Baker Botts has not shared or agreed to share any compensation received in this Chapter 11 Case with any entity other than its partners, counsel and associates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2019

*/s/ Jonathan A. Shapiro*
Jonathan A. Shapiro
Partner, Baker Botts L.L.P

# **EXHIBIT 1**

**Conflict Check Parties**

{00025436. }

# Conflict Check Parties

**PREPETITION LENDERS/AGENTS/UCC-1 PARTIES**

OXFORD FINANCE LLC
BIONTECH RESEARCH AND DEVELOPMENT, INC.
PACIFIC PREMIER BANK

**DEBTORS AND DEBTOR AFFILIATES**

MABVAX THERAPEUTICS HOLDINGS, INC.
MABVAX THERAPEUTICS, INC.

**TOP 20 UNSECURED CREDITORS**

BAKER BOTTS LLP
MEMORIAL SLOAN KETTERING
COOLEY GODWARD & KRONISH
SICHENZIA ROSS FERENCE KESNER LLP
GREENHILL & CO.
MINTZ LEVIN ET AL. PC
SARAH CANNON RESEARCH INSTITUTE
HONOR HEALTH
JONES DAY
LATHAM & WATKINS
CHARLES RIVER LABORATORY
MORRIS NICHOLS, ARSHT & TUNNELL LLP
DIGITAL INTELLIGENCE
ALCAMI (PREVIOUSLY AAIPHARMA)
RUSSO PARTNERS LLC
IQVIA PREVIOUSLY QUINTILES
EXACT CLINICAL RESEARCH SERVICES
IBM CLINICAL PREVIOUSLY EMERGE

**EQUITY HOLDERS**

FROST GAMMA INVESTMENTS TRUST
GRQ CONSULTANTS
HS CONTRARIAN INVESTMENTS
OPKO HEALTH, INC.
GRANDER HOLDINGS, LLC
MELECHDAVID INC.
PHILIP O. LIVINGSTON, MD
PAUL W. MAFFUID, PH. D
EDWARD W. EASTON TTEE THE EASTON GROUP QRP PSP
SARGEANT CAPITAL VENTURES, LLC
DAVID MOSS


PARADOX CAPITAL PARTNERS, LLC
ROBERT S. COLMAN TRUST UDT 3/13/85

DONALD E. GARLIKOV
AIRY PROPERTIES
RYAN O'ROURKE
COREY PATRICK O'ROURKE
ROBERT S COLMAN TRUST UDT 3/13/85
BEN BRAUSER
JOSHUA A. BRAUSER
DANIEL A. BRAUSER
GREGORY AARON BRAUSER
RONALD B. LOW
MELECHDAVID INC
ERICK E. RICHARDSON

**INSURANCE CARRIERS**

FIRST INSURANCE FUNDING GROUP
CHUBB GROUP OF INSURANCE COMPANIES
AIG
MARSH & MCLENNAN AGENCY LLC
FEDERAL INSURANCE COMPANY
TRAVELERS INSURANCE COMPANIES
HISCOX USA
CRC (SAN FRANCISCO)
LIBERTY INSURANCE UNDERWRITERS INC.
NOVA CASUALTY COMPANY

**LEGAL AND OTHER PROFESSIONAL ADVISORS**

THE ROSNER LAW GROUP LLC
COVINGTON & BURLING LLP
GREENBERG TRAURIG, LLP

**TAXING AUTHORITIES AND OTHER REGULATORS**

INTERNAL REVENUE SERVICE
DELAWARE SECRETARY OF STATE
DELAWARE DIVISION OF REVENUE
DELAWARE SECRETARY OF TREASURY
SECURITIES AND EXCHANGE COMMISSION
FOOD AND DRUG ADMINISTRATION
STATE OF CALIFORNIA BOARD OF EQUALIZATION
STATE OF CALIFORNIA CORPORATE COMPLIANCE FILING
STATE OF CALIFORNIA CORPORATE FILING DIVISION
STATE OF CALIFORNIA COUNTY TAX COLLECTOR
STATE OF CALIFORNIA FRANCHISE TAX BOARD
STATE OF CALIFORNIA SDU

STATE OF CALIFORNIA SECRETARY OF STATE

**UTILITY PROVIDERS**

SAN DIEGO GAS AND ELECTRIC COMPANY
COX BUSINESS LLC

**U.S. TRUSTEE PROFESSIONALS AND JUDGES**

ATTIX, LAUREN
BUCHBINDER, DAVID
CASEY, LINDA
COX, NATALIE
CHIEF JUDGE BRENDAN L. SHANNON
DEANGELIS, ROBERTA A.
DICE, HOLLY
DORTCH, SHAKIMA L.
FOX, TIMOTHY J.
GIORDANO, DIANE
GREEN, CHRISTINE
HACKMAN, BENJAMIN
HECK, JEFFERY
JUDGE CHRISTOPHER S. SONTCHI
JUDGE KEVIN GROSS
JUDGE KEVIN J. CAREY
JUDGE LAURIE SELBER SILVERSTEIN
JUDGE MARY F. WALRATH
LEAMY, JANE
MCCOLLUM, HANNAH
O'MALLEY, JAMES R.
PANACIO, MICHAEL
SARKESSIAN, JULIET
SCHEPACARTER, RICHARD
SERRANO, EDITH
TINKER, T. PATRICK
STARR, KAREN
VARA, ANDY, US TRUSTEE REGION 3
VINSON, RAMONA
WEST, MICHAEL
WYNN, DION

**EXHIBIT 2**

**Current and Former Clients**

{00025436. }

**Current Clients:**

MabVax Therapeutics Holdings, Inc.
Memorial Sloan-Kettering Cancer Center
IQVIA (previously Quintiles)
AIG
Greenberg Traurig
San Diego Gas & Electric Company and certain affiliates
Cox Business LLC and certain affiliates
Affiliate of Sarah Cannon Research Institute
Affiliates of Marsh & McLennan Agency LLC

**Former Clients:**

Cooley Godward & Kronish LLC
HonorHealth (formerly known as Scottsdale Healthcare Hospitals)
Jones Day
Latham & Watkins
Affiliate of Sarah Cannon Research Institute
Affiliate of IBM Clinical Development
Subsidiary of OPKO Health, Inc.
The Chubb Group of Insurance Companies
Federal Insurance Company
Affiliate of CRC Insurance Services, Inc.
Affiliates of Liberty Insurance Underwriters