**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) ) ) ) | Case No. 19-10603-CSS |
| Debtors. | ) ) ) ) ) | Jointly Administered<br><br>Hearing Date: 5/6/19 @ 10:00 a.m. (EST)<br>Obj. Deadline: 4/19/19 @ 4:00 p.m. (EST) |

**APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BLOCK & LEVITON LLP AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors-in-possession (the "**Debtors**") hereby submit this application (the "**Application**") pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order authorizing the retention and employment of Block & Leviton LLP ("**Block & Leviton**") as special litigation counsel to the Debtors *nunc pro tunc* to the Petition Date (defined below). The facts and circumstances supporting this Application are set forth herein, in the *Declaration of Joel A. Fleming* (the "**Fleming Declaration**"), attached hereto as **Exhibit A** and which is incorporated herein by reference, and the *Declaration of J. David Hansen in Support of Chapter 11 Petition and First Day Pleadings* (the "**First Day Declaration**"). In further support of this Application, the Debtors respectfully state as follows:

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

{00025395.2}

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. The Court has jurisdiction over the Debtors, their estates, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion, to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief sought in this Application are sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BACKGROUND

**A.    THIS CHAPTER 11 CASE.**

5. On March 21, 2019 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**") thereby commencing this chapter 11 case (the "**Chapter 11 Case**").

6. The Debtors continue to be in possession of their properties and to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee, examiner, or official committee of unsecured creditors has been appointed in this chapter 11 case.

8. Additional factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in the First Day Declaration, which is fully incorporated here by reference.

## RELIEF REQUESTED

9. By this Application, the Debtors seek entry of an order pursuant to sections 327(e) and 328(a) of the Bankruptcy Code authorizing the Debtors to employ and retain Block & Leviton as special litigation counsel, *nunc pro tunc* to the Petition Date, to provide the Debtors with legal services in connection with litigation and/or claims against Debtors' prior counsel, Sichenzia Ross Ference LLP (f/k/a Sichenzia Ross Ference Kesner LLP f/k/a Sichenzia Ross Friedman Ference LLP) ("**Sichenzia**") and certain current and former partners of Sichenzia and matters related thereto (the "**Special Counsel Matters**"). For the reasons set forth herein, the relief requested is in the best interest of the Debtors and their estates, and therefore, should be granted.

## BLOCK & LEVITON'S RETENTION

10. As set forth more fully in the Fleming Declaration, and the First Day Declaration, Block & Leviton has represented the Debtors since September 2018 when Block & Leviton was retained to provide the Debtors advice and counsel in connection with a lawsuit brought by Debtors against Debtors' prior counsel, Sichenzia Ross Ference LLP (f/k/a Sichenzia Ross Ference Kesner LLP f/k/a Sichenzia Ross Friedman Ference LLP) ("**Sichenzia**") and certain other current and former partners of Sichenzia (the "**Sichenzia Engagement**"). The Debtors executed an engagement letter with Block & Leviton on September 4, 2018 covering the provision of that legal advice and other services related to the Sichenzia Engagement (the "**Engagement Letter**"). The Debtors, through Block & Leviton, filed a lawsuit against Sichenzia

and certain other current and former partners of Sichenzia on September 10, 2018 in the Superior Court for the State of California, County of San Diego. On October 3, 2018, Defendants removed the lawsuit to the United States District Court for the Southern District of California. *MabVax Therapeutics Holdings, Inc. v. Sichenzia Ross Ference LLP, et al.*, No. 3:18-cv-02494-WQH-MSB (S.D. Cal.). Defendants have filed motions to dismiss and/or transfer which have been fully briefed and are awaiting decision.

13. Block & Leviton has agreed to serve as the Debtors' special litigation counsel in connection with the Sichenzia Engagement under the same terms of the engagement letter it signed with Debtors on September 4, 2018.

14. Block & Leviton's familiarity with the Debtors, and the facts and legal issues underlying the Sichenzia Engagement, gained since the firm's retention, will allow Block & Leviton to most efficiently and effectively handle this matter during these bankruptcy proceedings.

15. Accordingly, pursuant to this Application, the Debtors request authority to employ Block & Leviton as their special litigation counsel in connection with the Special Counsel Matters.

16. Block & Leviton's representation of the Debtors will be limited to the Sichenzia Engagement. Neither the Debtors, Block & Leviton, nor The Rosner Law Group LLC ("**Rosner**"), the Debtors' proposed general bankruptcy counsel, anticipate any overlap in responsibility or duplication of efforts between Block & Leviton and Rosner. Out of an abundance of caution and a desire to efficiently provide legal services to the Debtors, however, Block & Leviton and Rosner will coordinate efforts to avoid duplication of work and

unnecessary fees. Block & Leviton has agreed to make reasonable efforts to avoid duplication of services provided by any other professional employed by the Debtors.

16. Block & Leviton is widely regarded as a leading firm in plaintiff-side securities litigation. If the Debtors are unable to retain Block & Leviton in connection with the Special Counsel Matters, the Debtors, their estate, and all parties in interest would be severely prejudiced, as the Debtors would, among other things, lose attorneys providing invaluable experience and expertise on the matter.

17. Block & Leviton has informed the Debtors that Jason M. Leviton, Joel A. Fleming, and Jacob A. Walker, as well as other partners and associates of Block & Leviton who will be working on this case, are members in good standing of various state and federal bars, and have valuable substantive, factual, and legal experience, and expertise with regard to the matters on which Block & Leviton would be employed as special litigation counsel.

18. The Debtors believe that Block & Leviton's prior history and expertise with regard to the Sichenzia Engagement will provide the Debtors with high quality, efficient and cost-effective legal services.

**COMPENSATION OF SPECIAL LITIGATION COUNSEL**

19. Section 328 of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including . . . on a contingent fee basis." 11 U.S.C. § 328(a). The compensation to be paid to Block & Leviton in connection with the proposed retention, as set forth in the Engagement Letter, is one-third of any recovery (whether through judgment, settlement, arbitration award, or otherwise) from any Defendant in the Sichenzia Engagement except that if any judgment includes the payment of attorneys' fees,

Block & Leviton will recover the larger of those attorney fees or one-third of the entire judgment.

20. Block & Leviton may seek approval from the Court for compensation pursuant to the contingent fee and for reimbursement of any expenses incurred by Block & Leviton. Reimbursement of expenses shall be paid from the proceeds of the recovery of the Sichenzia Engagement, if any. The Debtors submit that this arrangement regarding Block & Leviton's professional fees and expenses is reasonable and customary in representing a client in a dispute of this nature.

## NO ADVERSE INTEREST

21. As set forth in the Fleming Declaration, Block & Leviton has searched its records and made reasonable inquiries as to any connections required to be disclosed pursuant to Bankruptcy Rule 2014, or any potential prohibited relationships pursuant to Bankruptcy Rule 5002. To the best of the Debtors' knowledge, and as set forth in the Fleming Declaration, Block & Leviton does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Block & Leviton is to be employed. Block & Leviton does not have any connections or prohibited relationships with the U.S. Trustee or any of its employees, or with the bankruptcy judge in this case. Furthermore, to the best of the Debtors' knowledge and based on the Fleming Declaration, Block & Leviton does not have any connection with the Debtors or any creditor or other parties in interest in this case, or their respective attorneys or accountants, except as otherwise set forth in the Fleming Declaration. Debtors believe Block & Leviton has no connections that would disqualify it as serving as its special litigation counsel herein. Block & Leviton will conduct an ongoing review of its records to ensure that no conflicts

or other disqualifying circumstances exist or arise. If any new facts or circumstances are discovered, Block & Leviton will supplement its disclosure to the Court.

28. Accordingly, for all the reasons set forth above, the Debtors believe that approval of this Application is in the best interest of the Debtors and their estate.

### BASIS FOR RELIEF REQUESTED

29. Section 327(e) of the Bankruptcy Code provides that a debtor, subject to court approval:

> may employ, for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

30. Under section 327(e) of the Bankruptcy Code, four requirements must be met in order for counsel's retention by a debtor-in-possession to be approved: "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403, 406 (D. Del. 2005) (citations omitted).

31. For reasons explained more fully above, Block & Leviton satisfies the first three of these requirements because (1) it is uniquely qualified to advise the Debtors with respect to the Sichenzia Engagement and the Debtors would incur substantial expenses if required to search for and retain new counsel, (2) Block & Leviton entered into the representation of the Debtors well before their bankruptcy filings, and (3) the Debtors propose to retain Block & Leviton to

advise them only with respect to the specific Sichenzia Engagement, which will not overlap with services to be provided by the Debtors' proposed general bankruptcy counsel, Rosner.

31. Additionally, Block & Leviton meets the fourth requirement because it does not represent or hold an interest adverse to the Debtors or the Debtors' estates with regard to the Special Counsel Matters.[2] To qualify for retention as special counsel under section 327(e) of the Bankruptcy Code, an attorney does not need to be a "disinterested person,"[3] but simply must "not represent or hold any interest adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed*." 11 U.S.C. § 327(e) (emphasis added). Thus, "where employment is sought only for specific limited purposes, [§327(e)] not only eliminates the disinterestedness requirement for a professional who has formerly represented the debtor, but also narrows the conflict of interest issue to one of factual evaluation of actual or potential conflict only as related to the particular matters for which representation is sought." *In re Statewide Pools, Inc.*, 79 B.R. 312, 314 (Bankr. S.D. Ohio 1987).

32. To the best of the Debtors' knowledge, Block & Leviton does not have any connections with the parties in interest in this bankruptcy or represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matter on which Block & Leviton is to be employed. The connections and adverse interests disclosed in the Fleming Declaration are all unrelated to the Debtors, the Debtors' estate, these bankruptcy proceedings, and the Sichenzia Engagement. Accordingly, the Debtors believe that Block & Leviton does not

---

[2] As set forth in the Fleming Declaration, Block & Leviton has a prepetition claim against the Debtors and/or their estates for certain unpaid expenses related to the Sichenzia Engagement in the amount of $4,792.20. Prior to the petition, Debtors paid Block & Leviton $1,530.31 for expenses incurred in the Sichenzia engagement.

[3] *Compare* with section 327(a) of the Bankruptcy Code, which requires both that an attorney not "hold or represent an interest adverse to the estate" and is a "disinterested person." "The term 'disinterested person' means a person that (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors not equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14).

represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Special Counsel Matters.

33.     The Debtors believe that the employment of Block & Leviton is necessary and in the best interest of the Debtors and their estates.

**NOTICE AND NO PRIOR REQUEST**

34.     Notice of this Application shall be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to proposed DIP lender; (c) counsel to Oxford Finance LLC, the pre-petition secured lender; (d) the Debtors' twenty (20) largest unsecured creditors; and (e) all parties requesting notice pursuant to Bankruptcy Rule 2002.. In light of the nature of the relief requested in this Application, the Debtors respectfully submit that no further notice is necessary.

35.     No prior request for the relief sought in this application has been made to this or any other court.

*WHEREFORE*, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Application and such other and further relief as is just and proper.

Dated: April 5, 2019

                                        Respectfully submitted,

                                        By: _____
                                        J. David Hansen
                                        Chief Executive Officer
                                        MabVax Therapeutics Holdings, Inc.
                                        MabVax Holdings, Inc.