**EXHIBIT A**

**Fleming Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 19-10603-CSS<br>)<br>) Jointly Administered<br>)<br>) **Hearing Date: 5/6/19 @ 10:00 a.m. (EST)**<br>) **Obj. Deadline: 4/19/19 @ 4:00 p.m. (EST)** |

### DECLARATION OF JOEL A. FLEMING IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BLOCK & LEVITON LLP AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

I, Joel A Fleming, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am a partner in the law firm of Block & Leviton LLP ("**Block & Leviton**"), and am duly authorized to make this declaration on behalf of Block & Leviton (the "**Declaration**"). I make this Declaration in support of the application (the "**Application**"),[2] of the above-captioned debtors and debtors in possession (the "**Debtor**") for an order, pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the retention and employment of Block & Leviton as special litigation counsel to the Debtors, *nunc pro tunc* to the Petition Date.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

{00025421. }                                    2

2.       The statements set forth below are based upon my personal knowledge or discussions with other partners and associates of Block & Leviton who have acted as litigation counsel for the Debtor, and client/matter records of Block & Leviton reviewed by me or by associates or employees of Block & Leviton acting under my supervision and direction.

**BLOCK & LEVITON'S RETENTION**

3.       Block & Leviton is regarded as a leading firm in plaintiff-side securities litigation and related matters. I, as well as other partners and associates of Block & Leviton who will be engaged by the Debtors as special litigation counsel, are members in good standing of various states and federal bars, and we have valuable substantive, factual, and legal experience and expertise with regard to the matters on which Block & Leviton would be employed as special litigation counsel, as follows.

8.       Block & Leviton has represented the Debtors since September 2018, when it was retained to provide the Debtors advice and counsel in connection with a lawsuit against Debtors' prior counsel, Sichenzia Ross Ference LLP (f/k/a Sichenzia Ross Ference Kesner LLP f/k/a Sichenzia Ross Friedman Ference LLP) ("**Sichenzia**") and certain other current and former partners of Sichenzia (the "**Sichenzia Engagement**").

9.       The Debtors executed an engagement letter with Block & Leviton on September 4, 2018 covering the provision of legal services in connection with the Sichenzia Engagement.

4.       The Debtor, through Block & Leviton, filed a lawsuit against Sichenzia and certain current and former partners of Sichenzia on September 10, 2018 in the Superior Court for the State of California, County of San Diego. On October 3, 2018, Defendants removed the lawsuit to the United States District Court for the Southern District of California. *MabVax Therapeutics Holdings, Inc. v. Sichenzia Ross Ference LLP, et al.*, No. 3:18-cv-02494-WQH-

MSB (S.D. Cal.).[3] The Defendants have filed motions to dismiss and/or transfer which have been fully briefed and are awaiting decision.

5.  The Debtors continue to require legal representation in connection with the Sichenzia Engagement. I believe that Block & Leviton's familiarity with the Debtors and its expertise with regard to the facts and law underlying the Sichenzia Engagement will allow Block & Leviton to most efficiently and effectively handle these matters during these bankruptcy proceedings. The Debtors' estates would be significantly disadvantaged should the Debtors not be permitted to continue the retention of Block & Leviton on the Sichenzia Engagement.

6.  Block & Leviton's representation of the Debtors will be limited to the Sichenzia Engagement. I do not anticipate any overlap in responsibility or duplication of efforts between Block & Leviton or The Rosner Law Group LLC ("**Rosner**"), the Debtors' proposed general bankruptcy counsel. However, out of an abundance of caution and a desire efficiently to provide legal services to the Debtor, Block & Leviton and Rosner will coordinate efforts to avoid duplication of work and unnecessary fees. Block & Leviton will also make reasonable efforts to avoid duplication of services provided by any other professional employed by the Debtor.

## **BLOCK & LEVITON'S CONFLICTS CHECK PROCEDURES**

7.  To confirm that Block & Leviton did not have a prior representation that precluded its representation of the Debtors with respect to the matters upon which it is being employed, I caused Block & Leviton attorneys under my supervision to conduct a review of potential connections and relationships between Block & Leviton and the categories of parties as set forth in **Exhibit "1"** hereto (the "**Potential Parties in Interest**").

---

[3] Additional information regarding the events leading to the Sichenzia Engagement is set forth in the First Day Declaration.

8. To the best of my knowledge after reasonable inquiry, Block & Leviton does not have any connections or prohibited relationships with the U.S. Trustee or any of its employees, or with any of the bankruptcy judges sitting in this District. Thus, to the best of my knowledge, the proposed employment of Block & Leviton is not prohibited by or improper under Bankruptcy Rule 5002.

9. Furthermore, to the best of my knowledge after reasonable inquiry, Block & Leviton does not have any connection with the Debtors or any creditor or other parties in interest in this case, or their respective attorneys or accountants except that (1) Block & Leviton currently represents plaintiffs in matters where defendants are represented by law firms which are unsecured creditors of the Debtors (including Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.; Morris Nichols Arsht & Tunnell LLP; and Baker Botts LLP); and (2) Block & Leviton currently represents plaintiffs in matters where defendants are insured by insurance carriers who are Potential Parties in Interest. Block & Leviton will conduct an ongoing review of its records to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or circumstances are discovered, Block & Leviton will supplement its disclosure to the Court.

10. To the best of my knowledge, and based on the review procedures described above, Block & Leviton does not have any other connection to the Potential Parties in Interest in this Chapter 11 case requiring disclosure under Bankruptcy Rule 2014.

11. Block & Leviton has not represented, and will not represent, any Potential Parties in Interest with regard to the Sichenzia Engagement. Block & Leviton will represent the Debtors in this bankruptcy only with regard to the Sichenzia Engagement.

**COMPENSATION OF SPECIAL LITIGATION COUNSEL**

12. Section 328 of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including . . . on a contingent fee basis." 11 U.S.C. § 328(a). The compensation to be paid to Block & Leviton in connection with the proposed retention as set forth in the Engagement Letter, is one-third of any recovery (whether through judgment, settlement, arbitration award, or otherwise) from any Defendant in the Sichenzia Engagement except that if any judgment includes the payment of attorneys' fees, Block & Leviton will recover the larger of those attorney fees or one-third of the entire judgment.

13. The Debtor will pay for all costs and expenses related to Block & Leviton's representation of the Debtors. Block & Leviton may seek approval from the Court for compensation pursuant to the contingent fee and for reimbursement of any expenses incurred by Block & Leviton. Reimbursement of expenses shall be paid from the proceeds of recovery from the Sichenzia Engagement. In my experience, this arrangement regarding Block & Leviton's professional fees and expenses is reasonable and customary in representing a client in a dispute of this nature.

14. As of the Petition Date, Block & Leviton holds a claim against the Debtors or their estates in the approximate amount of $4,792.20 for unpaid expenses incurred in connection with the Sichenzia Engagement (the "**Prepetition Claim**"). The Debtors made one pre-petition payment to Block & Leviton of $1,530.31 as reimbursement for expenses incurred in connection with the Sichenzia Engagement.

15. No agreement or understanding in any form or guise exists between Block & Leviton and any other person for a division of compensation for services rendered in or in

connection with this Chapter 11 Case, and no such division of compensation prohibited by section 504 of the Bankruptcy Code will be made, except among members of Block & Leviton. Block & Leviton has not shared or agreed to share any compensation received in this Chapter 11 Case with any entity other than its partners, counsel and associates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2019

                                              */s/ Joel A. Fleming*
                                              Joel A. Fleming
                                              Partner, Block & Leviton LLP

**EXHIBIT 1**

**Potential Interested Parties**

Case 19-10603-JTD    Doc 75-1    Filed 04/05/19    Page 8 of 11

**Exhibit 1: Potential Interested Parties**

**Debtors**
MABVAX THERAPEUTICS HOLDINGS, INC.
MABVAX THERAPEUTICS, INC.

**Debtors' Board**
J. DAVID HANSEN
GREGORY P. HANSON
PHILIP O. LIVINGSTON

**Pre-Petition Lenders/Agents/UCC-1 Parties**
OXFORD FINANCE LLC
BIONTECH RESEARCH AND DEVELOPMENT, INC.
PACIFIC PREMIER BANK

**Top Unsecured Creditors**
BAKER BOTTS LLP
MEMORIAL SLOAN KETTERING
COOLEY GODWARD & KRONISH
SICHENZIA ROSS FERENCE KESNER LLP
GREENHILL & CO.
MINTZ LEVIN ET AL. PC
SARAH CANNON RESEARCH INSTITUTE
HONOR HEALTH
JONES DAY
LATHAM & WATKINS
CHARLES RIVER LABORATORY
MORRIS NICHOLS, ARSHT & TUNNELL LLP
DIGITAL INTELLIGENCE
ALCAMI (PREVIOUSLY AAIPHARMA)
RUSSO PARTNERS LLC
IQVIA PREVIOUSLY QUINTILES
EXACT CLINICAL RESEARCH SERVICES
IBM CLINICAL PREVIOUSLY EMERGE
HASKELL & WHITE
COMPUTERSHARE INC
SCIQUUS, INC.

**Equity Holders**
FROST GAMMA INVESTMENTS TRUST
GRQ CONSULTANTS
HS CONTRARIAN INVESTMENTS
OPKO HEALTH, INC.
GRANDER HOLDINGS, LLC
MELECHDAVID INC.

PHILIP O. LIVINGSTON, MD
PAUL W. MAFFUID, PH. D
EDWARD W. EASTON TTEE THE EASTON GROUP
QRP PSP
SARGEANT CAPITAL VENTURES, LLC
DAVID MOSS
PARADOX CAPITAL PARTNERS, LLC
ROBERT S. COLMAN TRUST UDT 3/13/85
DONALD E. GARLIKOV
AIRY PROPERTIES
RYAN O'ROURKE
COREY PATRICK O'ROURKE
ROBERT S COLMAN TRUST UDT 3/13/85
BEN BRAUSER
JOSHUA A. BRAUSER
DANIEL A. BRAUSER
GREGORY AARON BRAUSER
RONALD B. LOW
MELECHDAVID INC
ERICK E. RICHARDSON

**Insurance Carriers**
FIRST INSURANCE FUNDING GROUP
CHUBB GROUP OF INSURANCE COMPANIES
AIG
MARSH & MCLENNAN AGENCY LLC
FEDERAL INSURANCE COMPANY
TRAVELERS INSURANCE COMPANIES
HISCOX USA
CRC (SAN FRANCISCO)
LIBERTY INSURANCE UNDERWRITERS INC.
NOVA CASUALTY COMPANY

**Legal and Other Professional Advisors**
COVINGTON & BURLING LLP
GREENBERG TRAURIG, LLP

**Taxing Authorities and Other Regulators**
INTERNAL REVENUE SERVICE
DELAWARE SECRETARY OF STATE
DELAWARE DIVISION OF REVENUE
DELAWARE SECRETARY OF TREASURY
SECURITIES AND EXCHANGE COMMISSION
FOOD AND DRUG ADMINISTRATION
STATE OF CALIFORNIA BOARD OF EQUALIZATION
STATE OF CALIFORNIA CORPORATE COMPLIANCE FILING

STATE OF CALIFORNIA CORPORATE FILING DIVISION
STATE OF CALIFORNIA COUNTY TAX COLLECTOR
STATE OF CALIFORNIA FRANCHISE TAX BOARD
STATE OF CALIFORNIA SDU
STATE OF CALIFORNIA SECRETARY OF STATE

**Utility Providers**
SAN DIEGO GAS AND ELECTRIC COMPANY
COX BUSINESS LLC

**U.S. Trustee Professionals and Judges**
ATTIX, LAUREN
BUCHBINDER, DAVID
CASEY, LINDA
COX, NATALIE
DEANGELIS, ROBERTA A
DICE, HOLLY
DORTCH, SHAKIMA L.
FOX, TIMOTHY J.
GIORDANO, DIANE
GREEN, CHRISTINE
HACKMAN, BENJAMIN
HECK, JEFFERY
CHIEF JUDGE CHRISTOPHER S. SONTCHI
JUDGE BRENDAN L. SHANNON
JUDGE KEVIN GROSS
JUDGE KEVIN J. CAREY
JUDGE LAURIE SELBER SILVERSTEIN
JUDGE MARY F. WALRATH
LEAMY, JANE
MCCOLLUM, HANNAH
O'MALLEY, JAMES R.
PANACIO, MICHAEL
SARKESSIAN, JULIET
SCHEPACARTER, RICHARD
SERRANO, EDITH
TINKER, T. PATRICK
STARR, KAREN
VARA, ANDY, US TRUSTEE REGION 3
VINSON, RAMONA
WEST, MICHAEL
WYNN, DION

{00025421. }     3