# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 19-10603-CSS |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: D.I. 74** |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER BOTTS L.L.P. AS SPECIAL LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order, pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the retention and employment of Baker Botts L.L.P. ("**Baker Botts**") as special litigation counsel to MabVax Therapeutics Holdings, Inc. *nunc pro tunc* to the Petition Date; the Court, having reviewed the Application, the *Declaration of Jonathan A. Shapiro* (the "**Shapiro Declaration**"), annexed to the Application as **Exhibit A**, and the *Declaration of J. David Hansen in Support of Chapter 11 Petition and First Day Pleadings* (the "**First Day Declaration**"); and having heard the statements of counsel in support of the relief requested in the Application at the hearing before the Court (the "**Hearing**"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core matter

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application and the Shapiro Declaration.

{00025518. }

pursuant to 28 U.S.C. § 157(b)(2), that notice of the Application and the Hearing were sufficient under the circumstances, and that no further notice need be given; and the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein;

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to employ and retain Baker Botts as special litigation counsel to the Debtors pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, on the terms and conditions set forth in the Application and the Shapiro Declaration, effective *nunc pro tunc* to the Petition Date.

3. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Baker Botts is authorized to represent and advise the Debtors on all matters arising under or relating to the Special Counsel Matters.

4. Baker Botts is authorized to apply for a contingent fee as follows:

    a. Thirty-nine percent (39%) of the net recovery, if any, up to $10 million;

    b. Thirty-three percent (33%) of the net recovery, if any, above $10 million and up to $20 million; and

    c. Twenty-seven percent (27%) of the net recovery, if any, above $20 million.

Additionally, Baker Botts is authorized to seek reimbursement of actual, reasonable, and necessary expenses. Notwithstanding anything to the contrary in the Application, the Shapiro Declaration, or any engagement letter, all fees and expenses of Baker Botts shall be paid solely from the proceeds of the recovery, if any, of the Investor Litigation Engagement. Baker Botts shall apply to the Court for payment of any contingent fee and expenses pursuant to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures and any applicable orders of this Court for payment of any contingent fee earned.

{00025518. }

5. Notwithstanding anything to the contrary in the Application, the Shapiro Declaration, or any engagement letter, Baker Botts shall not seek reimbursement of any fees or costs arising from the prosecution or defense of Baker Botts's final fee application in these bankruptcy cases.

6. Baker Botts shall make reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals.

7. Notwithstanding anything to the contrary in the Application, the Shapiro Declaration, or any engagement letter, the terms of this Order shall control.

8. The terms of this Order shall be immediately effective and enforceable upon its entry.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

**Dated: April 23rd, 2019**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

{00025518. }