# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10603-JTD<br><br>Jointly Administered<br><br>**Hearing Date: Oct. 8, 2019 at 10:00 a.m. (ET)**<br>**Obj. Deadline: Sep. 30, 2019 at 4:00 p.m. (ET)** |

## APPLICATION OF THE DEBTORS FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GATTO, POPE & WALWICK LLP AS ACCOUNTANTS TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (together, the "Debtors"), by and through their undersigned counsel, hereby file this application (the "Application") pursuant to sections 327(a), 328 and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Gatto, Pope & Walwick ("GPW") as accountants to the Debtors *nunc pro tunc* to the Petition Date. In support of this Application, the Debtors rely upon the *Declaration of Thomas J. McFadden* (the "McFadden Decl.") attached hereto as **Exhibit B**. In further support of this Application, the Debtors respectfully represent as follows:

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

{00026330.2 }

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 327, 328 and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

**BACKGROUND**

3. On March 21, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases (the "Chapter 11 Cases").

4. The factual background regarding the Debtors, including their business operations and the events leading up to the commencement of these Chapter 11 Cases, is set forth in the *Declaration of J. David Hansen In Support of Debtors' Chapter 11 Petitions and First Day Motions* [D. I. 10] (the "First Day Declaration").[2]

5. As of the date of this filing, no request has been made for the appointment of a trustee or examiner, and no official committee has been established in these Chapter 11 Cases.

6. On May 7, 2019, the Court entered an order authorizing the assumption and assignment of certain executory contracts and a commercial lease and the sale of substantially all of the Debtors' assets (the "Sale") to BioNTech AG.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Hansen Declaration.

{00026330.2 }

2

7.      Post-Sale, the Debtors are seeking to monetize certain actions pending before other tribunals and collect certain milestone payments that may come due over time to the Debtors under existing sub-licenses.

## RELIEF REQUESTED

8.      By this Application, the Debtors, pursuant to §§ 327(a) and 1107 of the Bankruptcy Code, seek authority to retain and employ GPW to provide accounting and tax preparation services to the Debtors, *nunc pro tunc* to the Petition Date in these Chapter 11 Cases.

9.      As set forth in the McFadden Decl., GPW has provided accounting and tax preparation services to the Debtors over the course of 5 years.  GPW is familiar with the Debtors' business and operations, accounting systems, tax liabilities and related issues.  The Debtors believe that GPW is well qualified to perform the requested services and to represent the Debtors' interests in these Chapter 11 Cases in a cost effective, efficient and timely manner.

*Services to Be Provided by GPW*

10.     Subject to Court approval, the Debtors propose to retain GPW for a limited role, namely to prepare the Debtors' federal and state corporate income tax returns in connection with the Debtors' Chapter 11 Cases.

11.     In addition to the foregoing, GPW may provide such other consulting, advice, research, planning, and analysis regarding tax compliance and tax consulting services as may be necessary, desirable or requested from time to time.

12.     As set forth in the McFadden Decl., GPW has stated its desire and willingness to serve in this capacity and render the necessary professional services to the Debtors on the terms described herein.  The employment of GPW is in the best interest of the Debtors, their estate, creditors, and other parties in interest.

*GPW's Qualifications*

13. GPW is a certified public accounting firm as defined in the Code of Professional Conduct of the American Institute of Certified Public Accountants.

14. GPW has over thirty-five (35) years of experience in preparing corporate tax returns. The Debtors selected GPW because of this extensive taxation background and specialization in small-to medium sized operations.

*Payment of Fees and Expenses*

15. Subject to the Court's approval, GPW intends to: (i) charge the Debtors for its accounting and consulting services on an hourly basis in accordance with its ordinary and customary rates in effect on the date such services are rendered; and (ii) seek reimbursement of actual and necessary costs and expenses incurred by GPW in connection with these services. The hourly rates are set forth below:

| **Professional Level** | **Hourly Rate** |
|---|---|
| Administrative | $70 - $100 |
| Professional Staff | $110 - $170 |
| Senior | $190 - $240 |
| Manager | $250 - $350 |
| Partner | $350 - $450 |

*Payments to GPW Prior to the Petition Date*

16. As noted above, GPW has provided prepetition services to the Debtors. During the ninety day period prior to the commencement of these chapter 11 cases, GPW did not receive any payment from the Debtors for professional fees, charges and disbursements incurred prior to the

Petition Date. As of the Petition Date, the Debtors owe GPW approximately $7,700. GPW has agreed to waive its pre-petition claim against the Debtors' estates.

*GPW's Disinterestedness*

17. GPW has reviewed the list of interested parties provided by the Debtors. To the best of the Debtors' knowledge, except as set forth in the McFadden Decl., GPW: (i) does not have any connection with the Debtors, their creditors, or any other party in interest, and their respective attorneys and accountants, (ii) are "disinterested persons" as that term is defined in § 101(14) of the Bankruptcy Code, (iii) do not represent any interest adverse to these estates, (iv) are not insiders as the term is defined in § 101(31) of the Bankruptcy Code, and (v) are not related to any judge of this Court, the United States Trustee for the District of Delaware or any one employed in the Office of the United States Trustee in this district.

18. GPW will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise in such review, GPW will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

*Efforts to Avoid Duplication of Services*

19. The Debtors and GPW intend that all of the services that GPW will provide to the Debtors will be appropriately directed by the Debtors so as to avoid duplication of efforts among the other professionals retained in these Chapter 11 Cases and performed in accordance with applicable standards of the profession. GPW will work collaboratively with the Debtors' management and other professionals to avoid duplication of services among professionals. The

{00026330.2 }

5

Debtors believe that the services to be provided by GPW will complement and will not be duplicative of any services of the Debtors' other professionals.

**BASIS FOR RELIEF**

20.     Pursuant to section 327 of the Bankruptcy Code, a debtor in possession may employ one or more professionals who do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist the debtor-in-possession in carrying out its duties. 11 U.S.C. § 327(a).

21.     Under Bankruptcy Rule 2014, an application for retention of a professional must contain:

> specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

Additionally, Local Rule 2014-1 requires "[a]ny entity seeking approval employment of a professional under 11 U.S.C. § 327 . . . shall file with the Court a motion, a supporting affidavit or verified statement of the professional person and a proposed order for approval. Local Rule 2014-1(a).

22.     Bankruptcy Code section 328(a) provides in relevant part that a debtor in possession "with the court's approval, may employ or authorize the employment of a professional

person under section 327 . . . , on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis." 11 U.S.C. § 328(a).

23. To the best of the Debtor's knowledge, information, and belief, and based upon the McFadden Decl., GPW is a "disinterested party" within the meaning of Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a). Although GPW has provided services to the Debtors in the past, GPW has agreed to waive its pre-petition Claim against the Debtors. GPW has no connection otherwise with the Debtors, their creditors, the United States Trustee, or other parties in interest in the Chapter 11 Cases.

24. To the extent that GPW discovers additional facts bearing upon the matters described herein during the retention, GPW will supplement the information contained in the McFadden Decl., as required by Bankruptcy Rule 2014.

25. Employment of GPW will be beneficial to the Debtors and their estates by assisting the Debtors in filing their taxes for the 2018 year, and for future tax years during these Chapter 11 Cases. The assistance of GPW, as a qualified tax service provider is in the best interest of the estates.

26. Given the qualifications of GPW, the compensation requested is more than reasonable and will greatly benefit the Debtors' estates. Denial of this Application will seriously harm the Debtors, their estates, and all parties in interest.

27. Therefore, the Debtors submit that the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules have been met and that entry of an order approving the Application is supported.

## NOTICE

28.     Notice of this Application has been provided to: (a) the Office of the United States Trustee for the District of Delaware; and (b) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

29.     No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: September 23, 2019

                                            Respectfully submitted,

                                            By: */s/ J. David Hansen*
                                                   J. David Hansen
                                                   Chairman