**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | Case No. 19-10603 (JTD) |
| | Jointly Administered |
| Debtors. | **Re: D.I. 289** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**
**APPROVING AND CONFIRMING THE SECOND AMENDED COMBINED**
**DISCLOSURE STATEMENT AND JOINT PLAN OF LIQUIDATION FOR DEBTORS**

Upon consideration of (i) the *Second Amended Combined Disclosure Statement and Joint Plan of Liquidation for Debtors* [D.I. 289] (as amended, modified or supplemented, the "Combined Disclosure Statement and Plan")[2] and (ii) the *Motion of the Debtors for Entry of Order (A) Conditionally Approving the Combined Joint Plan and Disclosure Statement for Solicitation Purposes Only, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Joint Plan and Disclosure Statement, (C) Approving the Forms of Ballots and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures* [D.I. 260] (the "Motion") filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); and this Court, by Order dated January 10, 2020 [D.I. 291] (the "Interim Approval and Solicitation Procedures Order"), having conditionally approved the Combined Disclosure Statement and Plan for solicitation purposes only

---

[1]      The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

[2]      Capitalized terms not defined herein shall have the meanings provided to them in the Combined Disclosure Statement and Plan or Interim Approval and Solicitation Procedures Order.

and authorizing the Debtors to solicit approvals for the Combined Disclosure Statement and Plan;
and all objections and all reservations of rights (that have not been withdrawn, waived, or settled)
pertaining to final approval and confirmation of the Combined Disclosure Statement and Plan,
having been overruled on the merits; and a hearing having been held on March 5, 2020, regarding
final approval and confirmation of the Combined Disclosure Statement and Plan (the "Hearing");
and upon the evidence adduced and proffered and the arguments of counsel made at the Hearing;
and this Court having reviewed all documents in connection with confirmation and having heard
all parties desiring to be heard; and upon the record compiled in these cases; and after due
deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; this
Court hereby makes the following:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.      The findings and conclusions set forth herein and on the record of the Hearing
constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal
Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the
extent any of the following findings of fact constitute conclusions of law, they are adopted as such.
To the extent any of the following conclusions of law constitute findings of fact, they are adopted
as such.

B.      This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§
1334(a) and 157(1) and the *Amended Standing Order of Reference from the United States District
Court for the District of Delaware*, dated as of February 29, 2012.  Venue of these proceedings
and the Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This
is a core proceeding pursuant to 28 U.S.C. §157(b)(2) and this Court may enter a final order hereon
under Article III of the U.S. Constitution.

C.      On November 27, 2019, the Debtors filed the initial version of the Combined Disclosure Statement and Plan [D.I. 259].  On January 9, 2020, the Debtors filed the solicitation version of the Combined Disclosure Statement and Plan [D.I. 289].  The filing of the Combined Disclosure Statement and Plan satisfies Bankruptcy Rule 3016 and Local Rule 3017-2.

D.      As evidenced by the *Certificate of Service* [D.I. 295], on January 14, 2020, the Debtors caused the Ballots to be distributed as required by Bankruptcy Code Sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Local Rules, all other applicable provisions of the Bankruptcy Code, the Interim Approval and Solicitation Procedures Order, and all other rules, laws and regulations applicable to such solicitation.  The Solicitation Packages were transmitted in accordance with the Interim Approval and Solicitation Procedures Order.  Sufficient time was provided for the Voting Class to accept, reject or object to confirmation of the Combined Disclosure Statement and Plan.  Such transmittal and service was adequate and sufficient under the circumstances and no other or further notice is or shall be required.

E.      As evidenced by the *Supplemental Certificate of Service* [D.I. 299], the Debtors have provided proper, adequate, and sufficient notice of the Combined Disclosure Statement and Plan and the Confirmation Hearing, as required by Bankruptcy Rule 3017(d), to all Holders of Claims and Equity Interests and all other parties in interest, and no other or further notice is or shall be required.

F.      The solicitation of acceptance or rejection of the Combined Disclosure Statement and Plan has been fair, properly conducted, in good faith and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the Interim Approval and Solicitation Procedures Order, and all other rules, laws and regulations applicable to such solicitation.

G.    The Combined Disclosure Statement and Plan complies with all of the applicable provisions of the Bankruptcy Code including, but not limited to: (i) the proper classification of Claims and Interests (Bankruptcy Code Sections 1122, 1123(a)(i)); (ii) the specification of Unimpaired Classes (Bankruptcy Code Section 1123(d)(2)); (iii) the specification of treatment of Impaired Classes (Bankruptcy Code Section 1123(a)(3)); (iv) the provision for the equal treatment of each Claim or Interest within a particular class (Bankruptcy Code Section 1123(a)(4)); (v) the provision for adequate and proper means of implementation (Bankruptcy Code Section 1123(a)(5)); (vi) the prohibition against the issuance of non-voting equity securities (Bankruptcy Code Section 1123(a)(6)); (vii) the manner of selection of the Plan Administrator (Bankruptcy Code Section 1123(a)(7)); and (viii) the inclusion of additional Plan provisions permitted to effectuate and implement the transactions contemplated by the Combined Disclosure Statement and Plan (Bankruptcy Code Section 1123(b)); and, thus, the Combined Disclosure Statement and Plan satisfies Bankruptcy Code Section 1129(a)(1).

H.    As required by Bankruptcy Code Section 1129(a)(2), the Debtors, as proponents of the Combined Disclosure Statement and Plan, have complied with the Bankruptcy Code, Bankruptcy Rules, Local Rules, Interim Approval and Solicitation Procedures Order, all other rules, laws and regulations applicable to such solicitation, and other orders of this Court. In particular, the Debtors are proper debtors under Bankruptcy Code Section 109 and proper proponents of the Combined Disclosure Statement and Plan pursuant to Bankruptcy Code Section 1121(a).

I.    The Combined Disclosure Statement and Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code and not by any means forbidden by law, thus satisfying Bankruptcy Code Section 1129(a)(3).

J.      Any payments made or promised by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to approval of this Court as reasonable, thus satisfying Bankruptcy Code Section 1129(a)(4).

K.      The identity of, and the terms of the proposed compensation to be paid to, the proposed Plan Administrator is consistent with the interests of the Debtors' creditors and Holders of Interests and with public policy and thus, the Combined Disclosure Statement and Plan satisfies Bankruptcy Code Section 1129(a)(5).

L.      The provisions of Bankruptcy Code Section 1129(a)(6) are inapplicable to the Chapter 11 Cases.

M.      As evidenced by the Combined Disclosure Statement and Plan and at the Hearing, each holder of a Claim or Interest in the Impaired Class has either accepted the Combined Disclosure Statement and Plan or will receive or retain under the Combined Disclosure Statement and Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors liquidated under Chapter 7 of the Bankruptcy Code on such date.  Thus, the Combined Disclosure Statement and Plan satisfies Bankruptcy Code Section 1129(a)(7).

N.      Class 4 have voted to accept the Combined Disclosure Statement and Plan. Classes 1, 2 and 3 are not impaired under the Combined Disclosure Statement and Plan and are, therefore, deemed to have accepted the Combined Disclosure Statement and Plan under Bankruptcy Code Section 1126(f), thus satisfying Bankruptcy Code Section 1129(a)(8). The remaining classes of Claims and Interests are Impaired by the Combined Disclosure Statement and Plan and are not

entitled to receive or retain any property under the Combined Disclosure Statement and Plan and, therefore, are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to Bankruptcy Code Section 1126(g). As found and determined below, pursuant to Bankruptcy Code Section 1129(b)(1), the Combined Disclosure Statement and Plan may be confirmed notwithstanding the fact that such classes are Impaired and are deemed to have rejected the Combined Disclosure Statement and Plan.

O.       Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Combined Disclosure Statement and Plan of the type specified in Bankruptcy Code Sections 507(a)(1) and 507(a)(3) – 507(a)(8), if any, complies with the provisions of Bankruptcy Code Section 1129(a)(9).

P.       The only impaired class of Claims has accepted the Combined Disclosure Statement and Plan as to each Debtor, determined without including any acceptances of the Combined Disclosure Statement and Plan by any insider.   Thus, the Combined Disclosure Statement and Plan satisfies Bankruptcy Code Section 1129(a)(10).

Q.       The Combined Disclosure Statement and Plan provides for adequate means for its implementation and, thus, satisfies the requirements of Bankruptcy Code Section 1129(a)(11).

R.       All fees payable on or before the Effective Date, pursuant to United States Code title 28 section 1930, shall be paid in full in Cash by the Debtors on or before the Effective Date. All fees payable after the Effective Date shall be paid in full in cash by the Plan Administrator until the cases are converted, dismissed, or closed, whichever occurs first.   Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file a request for allowance of any Administrative Claims.

S.      No Debtor offered "retiree benefits," as that term is used in the Bankruptcy Code, was required to pay a domestic support obligation, or is an individual.  Accordingly, Bankruptcy Code Sections 1129(a)(13)–(15) are inapplicable.

T.      The Debtors are moneyed, business, or commercial corporations.  Accordingly, Bankruptcy Code Section 1129(a)(16) is inapplicable.

U.      No other chapter 11 plan has been moved for confirmation.

V.      The primary purpose of the Combined Disclosure Statement and Plan is not the avoidance of taxes or the requirements of Section 5 of the Securities Act of 1933.

W.      Confirmation of the Combined Disclosure Statement and Plan is not likely to be followed by the need for further financial reorganization of the Debtors.

X.      The Debtors have acted in good faith with respect to the formulation, solicitation and confirmation of the Combined Disclosure Statement and Plan pursuant to Bankruptcy Code Section 1125(e).

Y.      Holders of Claims and Interests in Classes 5, 6, 7 and 8 are deemed to have not accepted the Combined Disclosure Statement and Plan.  Based upon the evidence proffered, adduced, and presented by the Debtors at the Confirmation Hearing, the Combined Disclosure Statement and Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by Bankruptcy Code Sections 1129(b)(1) and (b)(2).  Thus, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the deemed rejection of the Combined Disclosure Statement and Plan by the Holders of Claims and Interests in Classes 5, 6, 7 and 8.

Z.      The other transactions contemplated pursuant to the Combined Disclosure Statement and Plan involving the Plan Administrator are essential elements of the Combined

Disclosure Statement and Plan, proposed in good faith, critical to the Combined Disclosure Statement and Plan, and in the best interests of the Debtors, their Estates, all Holders of Claims, all Holders of Interests, and all other parties in interest.  All of the documents to be executed and delivered in connection with such transactions, if any, were negotiated and proposed, and will be or have been entered into, in good faith, without collusion, and from arm's-length bargaining positions.  All of such documents are, or will be, valid, binding, and enforceable agreements, and are not in conflict with any applicable federal or state law.

AA.    The conditions to the occurrence of the Effective Date in Article XIII of the Combined Disclosure Statement and Plan are reasonably likely to be satisfied or waived in accordance with the Combined Disclosure Statement and Plan.

BB.    With respect to any and all Executory Contracts of the Debtors that have not been assumed or assumed and assigned by the Debtors as of the Effective Date, such Executory Contracts are burdensome to the Estates and rejection of such Executory Contracts is in the best interests of the Estates.

CC.    This Court has jurisdiction under 28 U.S.C. §§1334(a) and (b), and the *Amended Standing Order of Reference* dated as of February 29, 2012, from the United States District Court, to approve the releases set forth in Article XIV of the Combined Disclosure Statement and Plan, as well as the related injunctions or stays provided for therein.  Bankruptcy Code Section 105(a) permits approval of such releases and injunctions because, as has been established here, based upon the record in the Chapter 11 Cases and the evidence presented at the Confirmation Hearing, such provisions set forth in Article XIV of the Combined Disclosure Statement and Plan are: (i) given in exchange for the good and valuable consideration provided by the Released Parties (as applicable); (ii) a good faith settlement and compromise of the claims released by Article XIV of

the Combined Disclosure Statement and Plan; (iii) integral to the agreements among the various parties in interest and are essential to the formulation and implementation of the Combined Disclosure Statement and Plan, as provided in Bankruptcy Code Section 1123; (iv) in the best interests of the Debtors and their Estates; (v) fair, equitable, and reasonable; (vi) given and made after due notice and opportunity for hearing; and (vii) a bar to any Entity asserting any claim or Cause of Action released by Article XIV of the Combined Disclosure Statement and Plan.

DD.     The releases in Article XIV of the Combined Disclosure Statement and Plan, including, without limitation, the third-party releases in Section C of the Combined Disclosure Statement and Plan are consensual in nature.  The third-party release is consensual with respect to the Releasing Parties.  Specifically, the Confirmation Notice sent to parties in interest and the Ballot sent to all Holders of Impaired Claims in the Voting Class, in each case, unambiguously stated that the Combined Disclosure Statement and Plan contains the third-party release. Accordingly, in light of all of the circumstances, the releases satisfy the applicable standards contained in *In re Indianapolis Downs, LLC*, 486 B.R. 286, 303 (Bankr. D. Del. 2013), are fair to the Releasing Parties, and are otherwise appropriate under *In re W.R. Grace & Co.*, 475 B.R. 34, 107 (D. Del. 2012).

EE.     The Debtors, as proponents of the Combined Disclosure Statement and Plan, have met their burden of proving the elements of Bankruptcy Code Sections 1129(a) and (b) by a preponderance of the evidence, which is the applicable evidentiary standard. This Court also finds that the Debtors have satisfied the elements of Bankruptcy Code Sections 1129(a) and (b) under the clear and convincing standard of proof.

FF.     Article VIII, Section N, of the Combined Disclosure Statement and Plan provides for the substantive consolidation of the Debtors for all purposes related to the Combined

Disclosure Statement and Plan, including, without limitation, voting, confirmation, and Distributions thereunder.  Based on the record of these Chapter 11 Cases, the unanimous acceptance of the Combined Disclosure Statement and Plan by the Voting Class, and in the absence of any objections by parties impacted by the consolidation to such request, this Court finds that such substantive consolidation of the Debtors and their Estates is justified and appropriate in the Chapter 11 Cases for purposes of the Combined Disclosure Statement and Plan and the Distributions thereunder.

GG.    As a result of the foregoing, the Combined Disclosure Statement and Plan satisfies all applicable confirmation requirements.

HH.    This Court properly may retain jurisdiction over the matters set forth in Article XV of the Combined Disclosure Statement and Plan.

II.    Under the circumstances, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 7062(a) be waived.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1.    The Combined Disclosure Statement and Plan is approved and confirmed on a final basis pursuant to Bankruptcy Code Section 1129; provided, however, that, if there is any conflict between the terms of the Combined Disclosure Statement and Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.  The terms of the Combined Disclosure Statement and Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.  Any objections to confirmation of the Combined Disclosure Statement and Plan, or any reservations of rights thereto, to the extent not withdrawn, waived, or resolved herein, are hereby overruled and denied on the merits.

2.      The Combined Disclosure Statement and Plan is approved on a final basis as containing adequate information within the meaning of Bankruptcy Code Section 1125, and any objections to the adequacy of the information contained in the Combined Disclosure Statement and Plan not otherwise consensually resolved are overruled.

3.      Subject to the provisions of the Combined Disclosure Statement and Plan, in accordance with Bankruptcy Code Section 1141(a), and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be binding upon, and inure to the benefit of: (i) the Debtors; (ii) any and all Holders of Claims or Interests (irrespective of whether any of such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan or whether the Holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Combined Disclosure Statement and Plan, or whether such Holders filed a proof of claim or interest); (iii) any other Entity giving, acquiring or receiving property under the Combined Disclosure Statement and Plan; (iv) any and all non-Debtor Parties to any Executory Contract; (v) the Plan Administrator, in its capacity as such; and (vi) the respective Affiliates, officers, directors, agents, representatives, attorneys, successors or assigns, if any, of any of the foregoing. On the Effective Date, except as otherwise set forth in the Combined Disclosure Statement and Plan: (i) all settlements, compromises, releases, waivers, discharges, exculpations and injunctions set forth in the Combined Disclosure Statement and Plan shall be effective and binding on all Entities who have, or may have, or may not have, standing to assert any settled, compromised, released, waived, discharged, exculpated or enjoined Causes of Action, and no other Entity shall possess such standing to assert such Causes of Action following the Effective Date.

4.     For the avoidance of doubt, the Combined Disclosure Statement and Plan shall not become effective unless and until the conditions set forth in Sections A and B of Article XIII of the Combined Disclosure Statement and Plan have been satisfied or waived pursuant to Section C of Article XIII of the Combined Disclosure Statement and Plan.

5.     The payment or other satisfaction of Allowed Claims as set forth in the Combined Disclosure Statement and Plan is hereby approved.

6.     The Debtors shall remain debtors-in-possession under the Bankruptcy Code until the Effective Date.  The Post-Effective Debtors and Plan Administrator are hereby authorized to wind up the Debtors' affairs and may make distributions after the Effective Date in accordance with this Confirmation Order and the Combined Disclosure Statement and Plan.

7.     The appointment of David Hansen as the Plan Administrator and the terms of the proposed compensation thereof are hereby approved.  The Plan Administrator shall have such rights, powers, and duties and shall receive such compensation as is provided for in the Combined Disclosure Statement and Plan, this Confirmation Order, and any Plan Supplement (collectively, "Plan Documents").

8.     Except as otherwise expressly provided under the Combined Disclosure Statement and Plan or herein, any and all Executory Contracts that have not been assumed or assumed and assigned by the Debtors as of the Effective Date shall be deemed rejected effective as of the Effective Date.

9.     Any insurance policies of the Debtors in which the Debtors are or were insured parties (including any policies covering directors' or officers' conduct), or any related insurance agreement issued prior to the Petition Date, shall be treated in accordance with Article XI, Section A, of the Combined Disclosure Statement and Plan.  The obligations of the Debtors, or their Estates,

or their respective successors or assigns, to indemnify the Sole Director shall survive Confirmation in accordance with Article XI, Section C of the Combined Disclosure Statement and Plan.

10.     As of the Effective Date, the engagement of each Professional retained by the Debtors shall be terminated. Nothing herein shall prevent any of the Professionals retained by the Post-Effective Debtors or the Plan Administrator from being compensated for actual and necessary fees and expenses incurred for post-petition services.

11.     Unless required to be filed by an earlier date by another order of this Court, any Holder of an Administrative Claim that arose after August 10, 2019, but prior to the Effective Date, other than a Professional Fee Claim or a claim for U.S. Trustee Fees, must file with this Court and serve on (i) the Plan Administrator and its counsel, (ii) the U.S. Trustee, and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, a request for payment of such Administrative Claim so as to be received by the Final Administrative Claim Bar Date, which shall be 4:00 p.m. (prevailing Eastern Time) on the date that is forty-five (45) days after the Effective Date Notice is filed and served. Such request must include at a minimum: (i) the name of the Debtor(s) that are purported to be liable for the Administrative Claim; (ii) the name of the Holder of the Administrative Claim; (iii) the amount of the Administrative Claim; (iv) the basis of the Administrative Claim; and (v) all supporting documentation for the Administrative Claim. Any Administrative Claim that is not timely filed as set forth above will be forever barred, and holders of such Administrative Claims will not be able to assert such Claims in any manner against the Plan Administrator, the Debtors, or their Estates, or their respective successors or assigns or their respective property.

12.     Unless the Plan Administrator agrees otherwise, all Professional Fee Claims must be filed with this Court and served on (i) the Plan Administrator and its counsel (to the extent filed

after the Effective Date), (ii) the U.S. Trustee, and (iii) counsel to the Debtors, so as to be received

by the Professional Fee Claims Bar Date, which shall be 5:00 p.m. (prevailing Eastern Time) on

the date that is forty-five (45) days after the Effective Date Notice is filed and served. After notice

and a hearing in accordance with the procedures established by the Bankruptcy Code and prior

orders of Case this Court in the Chapter 11 Cases, this Court shall determine the Allowed amounts

of such Professional Fee Claims. Any request for payment of a Professional Fee Claim that is not

timely filed as set forth above will be forever barred, and holders of such Professional Fee Claims

will not be able to assert such Claims in any manner against the Plan Administrator, the Debtors,

or their Estates, or their respective successors or assigns or their respective property.

13.    The substantive consolidation of the Debtors, as set forth in Article VIII, Section

N, of the Combined Disclosure Statement and Plan, for purposes of confirming and consummating

the Plan, is approved pursuant to Bankruptcy Code Sections 105(a), 541, 1123 and 1129.

14.    This Confirmation Order shall constitute all approvals and consents required, if any,

by the laws, rules or regulations of any State or any other governmental authority with respect to

the implementation or consummation of the Combined Disclosure Statement and Plan.  Each

federal, state, commonwealth, local, or other governmental agency is hereby authorized to accept

any and all documents and instruments necessary or appropriate to effectuate, implement or

consummate the transactions contemplated by the Combined Disclosure Statement and Plan and

this Confirmation Order.

15.    The Debtors are hereby authorized to execute, deliver, file or record such

documents, contracts, instruments, releases, and other agreements, and to take such other actions,

as may be necessary or appropriate to effectuate, implement, or further evidence the terms and

conditions of the Combined Disclosure Statement and Plan.  On and after the Effective Date, the

Plan Administrator is authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases, and other agreements in the name of and on behalf of the Debtors.

16.     The provisions of the Combined Disclosure Statement and Plan and this Confirmation Order shall be, and hereby are now, and forever afterwards, binding on the Debtors, all holders of Claims and Equity Interests (whether or not impaired under the Combined Disclosure Statement and Plan and whether or not, if impaired, they accepted the Combined Disclosure Statement and Plan), any other party in interest, any other party making an appearance in the Chapter 11 Cases, and any other Entity affected thereby, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar officers, or any Entity claiming through or in the right of any such Entity.

17.     Each term and provision of the Combined Disclosure Statement and Plan, as it may have been altered or interpreted by the terms of this Confirmation Order, is: (i) valid and enforceable pursuant to its terms; (ii) integral to the Combined Disclosure Statement and Plan; and (iii) non-severable and mutually dependent.

18.     This Court hereby retains jurisdiction of the Chapter 11 Cases and all matters arising under, arising out of, or related to, the Chapter 11 Cases and the Combined Disclosure Statement and Plan (i) as provided for in Article XV of the Combined Disclosure Statement and Plan, (ii) as provided for in this Confirmation Order, and (iii) for the purposes set forth in Bankruptcy Code Sections 1127 and 1142.

19.     The release, exculpation, injunction, and indemnification provisions contained in the Combined Disclosure Statement and Plan including, without limitation, those set forth in

Article XIV of the Combined Disclosure Statement and Plan, are expressly incorporated into this Confirmation Order as if set forth in full and are hereby authorized and approved and shall be effective and binding on all persons or entities, to the extent provided therein.

20.      No Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Combined Disclosure Statement and Plan other than assets required to be distributed to that Entity under the Combined Disclosure Statement and Plan.  All parties are precluded from asserting against any property to be distributed under the Combined Disclosure Statement and Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Combined Disclosure Statement and Plan or this Confirmation Order.  Except as otherwise expressly provided for in the Combined Disclosure Statement and Plan or in obligations issued pursuant to the Combined Disclosure Statement and Plan, all Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest, from: (i) commencing or continuing in any manner any action or other proceeding of any kind against or in the name of any of the Estates, the Plan Administrator, their successors and assigns, and any of their assets and properties; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, their successors and assigns, and any of their assets and properties including, specifically, the Derivative Actions; (iii) creating, perfecting or enforcing any encumbrance of any kind against any Estate, their successors and assigns, and any of their assets and properties; (iv) asserting any right of setoff or subrogation of any kind against any obligation due from any Estate or their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim; or (v)

commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Interest or Cause of Action released under Article XIV of the Combined Disclosure Statement and Plan. All injunctions or stays provided for in the Chapter 11 Cases under Bankruptcy Code sections 105 or 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of the Chapter 11 Cases.

21.     The failure to reference or discuss any particular provision of the Combined Disclosure Statement and Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability or such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Combined Disclosure Statement and Plan.

22.     The provisions of Federal Rule of Civil Procedure 62, as applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order. The period in which an appeal with respect to this Confirmation Order must be filed shall commence immediately upon the entry of this Confirmation Order.

23.     Pursuant to Bankruptcy Rule 2002(f)(7) and 3020(c), the Plan Administrator shall serve the Notice of Effective Date no later than five (5) Business Days after the Effective Date.

24.     In accordance with Article VIII, Section E of the Combined Disclosure Statement and Plan, from and after the Effective Date, the Debtors shall continue in existence pursuant to the terms of the combined Disclosure Statement and Plan. The Plan Administrator is authorized and empowered to effect the dissolution of any of the Debtors as soon as practicable after the Effective Date without the need for any company action or approval, and neither the Debtors nor the Plan Administrator shall be required to pay any taxes or fees to cause such dissolution. On the Effective Date or as soon thereafter as is reasonably practicable, the Plan Administrator shall wind-up the

affairs of the Debtors and file final tax returns for the Debtors. All company governance activities of a Debtor shall be exercised by the Plan Administrator and the Plan Administrator shall be authorized and empowered to take or cause to be taken all company actions necessary or appropriate to implement and consummate the Plan. The Post-Effective Debtors shall bear the cost and expense of the wind-up of the affairs of the Debtors and the cost and expense of the preparation and filing of the final tax returns for the Debtors.

25.    This Confirmation Order shall be deemed to be a separate confirmation order with respect to each Debtor and it shall be sufficient for the purposes thereof that the Clerk of this Court enters this Confirmation Order in the docket of the above-captioned jointly administered case.

26.    Subject to the occurrence of the Effective Date, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, 8001 or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be, and hereby are, immediately effective and enforceable and deemed binding upon the Debtors, the Plan Administrator, any and all other Holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan or whether the Holders of such Claims or Equity Interests accepted, were deemed to have accepted, rejected or were deemed to have rejected the Combined Disclosure Statement and Plan), any trustees or examiners appointed in the Chapter 11 Cases, all Entities that are party to or subject to the settlements, compromises, releases, discharges, injunctions, stays and exculpations described in the Combined Disclosure Statement and Plan or herein, each Entity acquiring property under the Combined Disclosure Statement and Plan, any and all non-Debtor parties to Executory Contracts, and the respective heirs, executors, administrators, successors or assigns, affiliates,

officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, of any of the foregoing.

27.    The Debtors are authorized to consummate the Combined Disclosure Statement and Plan at any time after the entry of the Confirmation Order, subject to satisfaction or waiver of the conditions precedent to the occurrence of the Effective Date as set forth in Article XIII of the Combined Disclosure Statement and Plan.  On the Effective Date and the commencement of Distributions under the Combined Disclosure Statement and Plan, the Plan shall be deemed to be substantially consummated within the meaning in Bankruptcy Code Section 1101 and pursuant to Bankruptcy Code Section 1127(b).

**Dated: March 5th, 2020**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**