# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | ) Case No. 19-10603 (JTD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: Nov. 2, 2020 at 2:00 p.m. (ET)** |
| | ) **Obj. Deadline: Oct. 15, 2020 at 4:00 p.m. (ET)** |
| | ) |
| | ) **Re: D.I. 360** |

## MOTION OF BLOCK & LEVITON LLP TO FILE UNDER SEAL THE FIRST AND FINAL APPLICATION OF BLOCK & LEVITON LLP, SPECIAL LITIGATION COUNSEL, FOR CONTINGENT FEE AND REIMBURSEMENT OF POST-PETITION EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM MARCH 21, 2019 THROUGH SEPTEMBER 15, 2020

Block & Leviton LLP, in its capacity as special litigation counsel for the Post-Effective bankruptcy estates of MabVax Therapeutics Holdings, Inc. and MabVax Therapeutics, Inc., the debtors and debtors in possession (together, the "**Debtors**"),[2] in the above-captioned cases, hereby moves pursuant to section 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Code for the District of Delaware (the "**Local Rules**") for an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing filing, under seal, certain portions of the *First and*

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

[2] Capitalized terms used herein but otherwise not defined shall have the meaning ascribed to them in the Fee Application.

*Final Application of Block & Leviton LLP, Special Litigation Counsel, for Contingent Fee and Reimbursement of Post-Petition Expenses as Counsel to the Debtors and Debtors in Possession* (the "**Fee Application**") [D.I. 360]; and (ii) directing that the Fee Application remain under seal. In support of this motion (the "**Seal Motion**"), Block & Leviton respectfully states as follows:

## Jurisdiction

1. This Court has jurisdiction over this Seal Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b). The bases for the relief requested herein are section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Rule 9018-1 of the Local Rules.

## Background

2. On March 21, 2019 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**") commencing these chapter 11 cases. The Debtors' bankruptcy cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. The factual background regarding the Debtors, including their historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the *Declaration of J. David Hansen in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 10].

4. On May 7, 2019, the Court entered an order [D.I. 141] approving the sale of substantially all of the Debtors' assets to BioNTech AG. Following the sale, certain assets remained with the Debtors including the SRF Litigation.

5. On March 5, 2020, the Court entered an order [D.I. 327] confirming the *Second Amended Combined Disclosure Statement and Joint Plan of Liquidation for Debtors* (the "**Plan**").

The Plan became effective, and was substantially consummated, on March 20, 2020 (the "**Effective Date**"). *See* D.I. 328. The Plan expressly retained prosecution of the SRF Action for the benefit of the Post-Effective Debtors and their stakeholders. *See* Plan at Sections II.1.95 and VIII.M

6. Upon occurrence of the Effective Date, J. David Hansen was appointed as Plan Administrator of the Debtors' estates. The Plan Administrator is tasked with and authorized to liquidate the Post-Effective Date Debtors' assets in accordance with the Plan, including prosecuting and settling the SRF Action.

7. The SRF Action was pending for almost two years. The parties engaged in extensive motion practice including, but not limited to, motions to transfer venue, motions to dismiss, and motions to compel. Following intensive and lengthy negotiations between the Debtors and the SRF Defendants, the parties reached a negotiated Settlement (the "**Settlement**").

*8.* On September 15, 2020, the Court granted the *Motion of the Plan Administrator to File Under Seal the Motion by the Plan Administrator for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement* (the "**Settlement Seal Order**") [D.I. 357]. Pursuant to the Settlement Seal Order, the Court approved the sealing of certain confidential terms of the Settlement, including the Settlement Payment.

9. Also on September 15, 2020, the Court granted the *Motion by the Plan Administrator for Entry of an Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement* (the "**Settlement Agreement**") [D.I. 358].

10. The factual background supporting this Seal Motion is more fully set forth in the Fee Application, which is fully incorporated herein by reference.

## Relief Requested

11. As a condition to the Settlement Agreement, the Debtors agreed to file, and did file, a motion to seal the Settlement, which the Court granted. D.I. 357. The Fee Application includes confidential information from the Settlement Agreement that was filed under seal. Accordingly, Block & Leviton requests authority to file and maintain portions of the Fee Application under seal for *in camera* review by the Court.

## Basis for Relief

12. Section 107(b) of the Bankruptcy Code provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper in a case under this title.

11 U.S.C. § 107(b). Similarly, Bankruptcy Rule 9018, which implements section 107(b), provides as follows:

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Fed. R. Bankr. P. 9018.

13. Section 107(b) of the Bankruptcy Code does not require an entity seeking to file documents under seal to demonstrate "good cause." *See In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994). "The criteria to be considered in determining whether confidentiality provisions in settlements justify keeping the substance of such settlements from public access must be flexible and vary according to the nature of the settlement and the specific extent and core-ness of the impact of the settlement on the bankruptcy case." *In re: Hemple,* 295, 202 B.R. 200 (Bankr. D. Vt. 2003).

14. The negotiated Settlement requires the parties to treat certain terms as confidential. And those terms are commercial in that they reflect the resolution of a business dispute between a formerly publicly traded entity and its former outside counsel.

15. The Fee Application contains information that would disclose, or allow third parties to extrapolate, confidential Settlement terms that the Court has authorized be kept under seal in other filings.

16. The Court should grant this motion. As explained more fully in the Motion to Seal the Settlement Agreement, D.I. 357, as a condition of the Settlement Agreement, the Debtors agreed to seek leave to file under seal any filing discussing the Settlement. Among the reasons the parties negotiated the prior seal motion: SRF does not want the terms of the Settlement disclosed because it would provide information to third parties with no interest in the estate, thereby disadvantaging SRF. At the same time, disclosing the terms of Settlement would provide no advantage to the Debtors' estate.

## CERTIFICATION PURSUANT TO 9018-1(d)(iv)

17. In accordance with Local Rule 9018-1(d)(iv), the undersigned hereby certifies that counsel to the Plan Administrator and counsel to the SRF Defendants conferred in good faith prior

to the filing of the Motion to Seal the Settlement Agreement and reached an agreement concerning what information contained in the Settlement Agreement must remain sealed from public view. Furthermore, counsel to the Office of the United States Trustee provided informal comments to the Motion to Seal Settlement Agreement. Thereafter, the Plan Administrator revised the proposed redactions to the Settlement Agreement to resolve the U.S. Trustee's informal comments.

WHEREFORE, Block & Leviton respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, granting this Seal Motion and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 1, 2020

**BLOCK & LEVITON LLP**

*/s/ Joel A. Fleming*
Joel A. Fleming
260 Franklin St. Suite 1860
Boston, MA 02110
Tel.: 617-398-5600
Email: joel@blockleviton.com

*Special Litigation Counsel to the Debtors and Debtors in Possession*