**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | Case No. 19-10603 (JTD) |
| Debtors. | Jointly Administered |
| | **Hearing Date: Nov. 18, 2020 at 2:00 p.m. (ET)**<br>**Obj. Deadline: Oct. 27, 2020 at 4:00 p.m. (ET)** |

**MOTION OF THE PLAN ADMINISTRATOR
FOR ENTRY OF AN ORDER, PURSUANT TO BANKRUPTCY
RULES 9006 AND 9027, EXTENDING THE PERIOD WITHIN WHICH
THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452**

J. David Hansen, as plan administrator (the "Plan Administrator")[2] of the Post-Effective Date estates of the above-captioned debtors and debtors in possession (together, the "Debtors"), by and through his undersigned counsel, hereby move the Court for an order, pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the period during which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 (the "Removal Deadline") through and including February 10, 2021. In support of this Motion, the Plan Administrator respectfully states as follows:

## JURISDICTION

1.    This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Plan

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is 11535 Sorrento Valley Road, Suite 400, San Diego, CA 92121.

[2] Capitalized terms used herein but otherwise not defined shall have the meaning ascribed to them in the Plan.

{00029238. }

Administrator hereby consents to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

## BACKGROUND

### A.    The Chapter 11 Cases

2.    On March 21, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases. The Debtors' bankruptcy cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.    The Debtors continue to manage and operate their business as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

4.    On May 7, 2019, the Court entered an order [D.I. 141] approving the sale of substantially all of the Debtors' assets to BioNTech AG.

5.    The factual background regarding the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the *Declaration of J. David Hansen in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 10].

6.    On March 5, 2020, the Court entered an order [D.I. 327] confirming the *Second Amended Combined Disclosure Statement and Joint Plan of Liquidation for Debtors* (the "Plan.")  The Plan became effective, and was substantially consummated, on March 20, 2020 (the "Effective Date").  *See* D.I. 328.

**B.**      **The Removal Deadline**

1.      On June 11, 2019, the Debtors filed the *Debtors' Motion for Entry of an Order, Pursuant to Bankruptcy Rules 9006 and 9027, Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [D.I. 164] seeking entry of an order extending the initial deadline to remove actions pursuant to 28 U.S.C. § 1452.

2.      On June 25, 2019, the Court entered an order [D.I. 180] extending the deadline to remove actions pursuant to 28 U.S.C. § 1452 through and including October 17, 2019 (the "Removal Deadline"), without prejudice to the Debtors' rights to seek further extensions thereof.

3.      On October 16, 2019, the Debtors filed the *Second Motion of the Debtors' for Entry of an Order, Pursuant to Bankruptcy Rules 9006 and 9027, Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [D.I. 244] seeking entry of an order further extending the Removal Deadline.

4.      On November 6, 2019, the Court entered an order [D.I. 252] further extending the deadline to remove actions pursuant to 28 U.S.C. § 1452 through and including February 14, 2020, without prejudice to the Debtors' rights to seek further extensions thereof.

5.      On February 10, 2020, the Debtors filed the *Third Motion of the Debtors' for Entry of an Order, Pursuant to Bankruptcy Rules 9006 and 9027, Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [D.I. 297] seeking entry of an order further extending the Removal Deadline.

6.      On February 26, 2020, the Court entered an order [D.I. 305] further extending the deadline to remove actions pursuant to 28 U.S.C. § 1452 through and including June 15, 2020, without prejudice to the Debtors' rights to seek further extensions thereof.

7.     On June 15, 2020, the Debtors filed the *Fourth Motion of the Debtors' for Entry of an Order, Pursuant to Bankruptcy Rules 9006 and 9027, Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452* [D.I. 341] seeking entry of an order further extending the Removal Deadline.

8.     On June 24, 2020, the Court entered an order [D.I. 347] further extending the deadline to remove actions pursuant to 28 U.S.C. § 1452 through and including October 13, 2020, without prejudice to the Debtors' rights to seek further extensions thereof.

## RELIEF REQUESTED

9.     By this Motion, the Plan Administrator seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, further extending the Removal Deadline to and including February 10, 2021, without prejudice to seek further extensions of time within which to remove actions and related proceedings. The Plan Administrator respectfully requests that the proposed Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3).

## BASIS FOR RELIEF

10.     28 U.S.C. § 1452 and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

11.     Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of

> removal may be filed [in the bankruptcy court] only within the
> longest of (A) 90 days after the order for relief in the case under
> the Code, (B) 30 days after entry of an order terminating a stay, if
> the claim or cause of action in a civil action has been stayed under
> § 362 of the Code, or (C) 30 days after a trustee qualifies in a
> chapter 11 reorganization case but not later than 180 days after the
> order for relief.

Bankruptcy Rule 9027(a)(2).

12.    With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a

notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise,
> of a copy of the initial pleading setting forth the claim or cause of action sought to
> be removed, or (B) 30 days after receipt of the summons if the initial pleading has
> been filed with the court but not served with the summons.

Bankruptcy Rule 9027(a)(3).

13.    Bankruptcy Rule 9006(b) provides that the court may extend unexpired time

periods, such as a debtor's removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in its
> discretion . . . with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of the
> period originally prescribed or as extended by a previous order.

Bankruptcy Rule 9006(b).

14.    The Court is authorized to extend, for cause, the removal period provided under

28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17

(3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S.

124, 134-35 (1995) (holding the bankruptcy court's power to grant an extension of the removal

period pursuant to Bankruptcy Rule 9006(b) is "clear"); *see also Caperton v. A.T. Massey Coal

Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (Bankruptcy Rule 9006 provides authority to

enlarge time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R.

988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the

Bankruptcy Rules); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989)

(period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006);

*In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme

Court intended to give bankruptcy judges the power to enlarge the filing periods under

Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

15.     Since commencing these cases, the Debtors have, among other things:

(i)     conducted an auction for the sale of substantially all of the Debtors assets;

(ii)    established the deadline for parties to submit proofs of claim and proofs of administrative claim against the Debtors' estates and begun reconciling claims filed in these chapter 11 cases;

(iii)   settled litigation surrounding the assumption of certain contracts;

(iv)    confirmed a plan of liquidation; and

(v)     settled litigation in a state court action.

16.     As a result of the foregoing, the Plan Administrator has not had sufficient time to

determine whether to seek removal with respect to certain pending actions. Accordingly, out of

an abundance of caution, the Plan Administrator seeks a further extension of the time established

by Bankruptcy Rule 9027 to remove actions to protect the rights of the Debtors and their estates.

## NO PRIOR REQUEST

17.     Other than as stated herein, no prior request for the relief sought herein has been

made by the Plan Administrator or the Debtors to this or any other court.

## NOTICE

18.     Notice of this Motion will be provided to (i) counsel to the Office of the United

States Trustee; and (ii) all parties that have requested notice under Rule 2002 of the Bankruptcy

Rules and Local Rule 2002-1(b). Based on the relief sought herein, the Debtors submit that no further notice of this Motion is required.

WHEREFORE, the Plan Administrator respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Removal Deadline to and including February 10, 2021, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 13, 2020
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Jason A. Gibson*
Frederick B. Rosner (DE 3995)
Scott J. Leonhardt (DE 4885)
Jason A. Gibson (DE 6091)
Zhao (Ruby) Liu (DE 6436)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email: rosner@teamrosner.com
    leonhardt@teamrosner.com
    gibson@teamrosner.com
    liu@teamrosner.com

*Counsel to the Plan Administrator*