# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1] | Case No. 19-10603 (LSS) |
| Debtors. | Jointly Administered |
| | Hearing Date: 9/4/2025 at 11:00 a.m. (ET) |
| | Response Deadline: 8/26/2025 at 4:00 p.m. (ET) |

## PLAN ADMINISTRATOR'S OMNIBUS (NON-SUBSTANTIVE) OBJECTIONS TO PROOFS OF INTEREST

J. David Hansen, as plan administrator (the "Plan Administrator") of the Post-Effective Date estates of the above-captioned debtors (together, the "Debtors"), by and through his undersigned counsel, hereby files this objection ("Objection") seeking entry of an order, pursuant to sections 105(a) and 502(a) of the Bankruptcy Code, to disallow and expunge certain proofs of interest. In support hereof, the Plan Administrator incorporates his declaration, attached hereto as **Exhibit A**, and respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Article XV of the *Second Amended Combined Disclosure Statement and Joint Plan of Liquidation for Debtors* [D.I. 289] (the "Plan"). Venue of these cases and this Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is section 502(a) of the Bankruptcy Code.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765). The Debtors' mailing address is P.O. Box 1519, Clinton, AR 72031 c/o David Hansen.

1

**BACKGROUND**

2.      On March 21, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtors thereafter sold substantially all of their asserts, and confirmed their joint plan of liquidation that, among other things, appointed the Plan Administrator to oversee the winddown of the Debtors' post-confirmation estates and set a Record Date to determine holders of equity interests in the Debtor. Pursuant to the Plan, the Plan Administrator paid all secured creditors and thereafter all general unsecured creditors in full with interest.

3.      The continued prosecution of certain litigations post-confirmation resulted in more funds being available for distribution to holders of allowed equity interests. Toward that end, on March 31, 2025, the Plan Administrator filed the *Motion by Plan Administrator for an Order (a) Setting the Proof of Interest Bar Date; (b) Approving the Proof of Interest Form and Related Instructions for Filing Proofs of Interest; (c) Approving the Adequacy and Sufficiency of Providing Actual and Constructive Notice to All Interest Holders of the Proof of Interest Bar Date; (d) Disallowing Notice of the Bar Date Package and Distributions to Certain Excluded Parties; (e) Authorizing the Employment and Retention of Stretto, Inc. as Noticing Agent to Implement the Equity Distribution; and (f) Granting Related Relief* [D.I. 657].

4.      On May 5, 2025, the Court entered the *Order Approving Equity Distribution Procedures and Granting Related Relief* [D.I. 665] (the "Bar Date Order"). Among other things, the Court established the deadline for filing of proof of interest as July 7, 2025, at 5:00 p.m. (the "Bar Date"). The Bar Date Order sets certain requirements for filing proofs of interest including, among others:

- state the date Equity Interest was acquired.

- attach any documents evidencing ownership of the Equity Interest to the Proof of Interest form; and

- include properly completed and executed tax form (e.g., W-9 form) to receive a distribution.

*See* D.I. 665-3 (Filing Instructions); *see also* D.I. 665 at ¶ C (Bar Date Order – Requirements for Preparing and Filing Proofs of Interest); D.I. 665-4 (Publication Notice containing similar language).[2] These filing requirements were set so the Plan Administrator could determine the universe of allowed proofs of interests and make final distributions to qualifying holders of equity interests. The Plan Administrator is also vetting the number of shares asserted in each filed proof of interest against the stock ledger maintained by Broadridge Financial Services ("<u>Broadridge</u>").[3]

5. Stretto, as noticing agent, provided notice of the Bar Date consistent with the Bar Date Order as evidenced by the *Affidavit/Declaration of Service re: Notice of Deadline for Filing Proofs of Interest, Proof of Interest Form, and General Instructions for Preparing and Filing a Proof of Interest* [D.I. 668]. Thereafter, holders of equity interests filed proofs of interest with Stretto.

6. As of the date hereof, Stretto received one hundred and forty-five (145) proofs of interest representing a total of approximately 2,315,707 shares of common stock. None of the

---

[2] The Publication Notice states as follows:

**Contents of Proofs of Interest.** Subject to the Bar Date Order, each proof of interest must: (i) be written in English; (ii) conform substantially to the Interest Form provided by Stretto; (iii) be signed by the holder of the interest or by an authorized agent or legal representative of the holder of the Interest; **(iv) include a current W-9 form that contains the Registered Holder, Nominee or Preferred Shareholder's tax identification number; (v) contain supporting documentation; (vi) state the date the interest holder acquired the Equity Interest**; (vii) for holders of Preferred Shares, the Interest form must include a sworn declaration that the Preferred Shareholder did not previously convert its Preferred Shares to common stock; and (viii) payment instructions.

(**emphasis** added).

[3] Post-confirmation, the Plan Administrator has obtained a list of Non-Objecting Beneficial Owners as of the Record Date (the "NOBO List"). The NOBO List shows the names and addresses of 1,864 holders of common stock, including the number of shares held.

3

proofs of interest was filed by holders of preferred shares or holders of warrants. Fifty-four (54) of the 145 proofs of interest meet the criteria set forth in the Bar Date Order and are eligible for distribution. The remaining proofs of interest were deficient and/or objectionable for one or more of the following reasons:

- duplicate proofs of interest filed for the same shares;
- late filed proof of interest;
- failure to submit the required W-9 form;
- failure to include information or documents sufficient to constitute prima facie evidence of the validity and amount of the shares asserted; and
- inconsistent with the Debtors' books and records

The deficient proofs of interest (the "Deficient POI") and the reasons therefor are set forth on the **Exhibit 1** (Duplicative Interests), **Exhibit 2** (Late-filed Interests) and **Exhibit 3** (Interests with Insufficient Documentation) attached to the Proposed Order.

**RELIEF REQUESTED**

7. By this Objection, the Plan Administrator requests that this Court enter an order, pursuant to sections 105(a) and 502(a) of the Bankruptcy Code, disallowing and expunging the Deficient POI.

**BASIS FOR RELIEF REQUESTED**

8. The Plan Administrator has the fiduciary duty and obligation to review and vet each proof of interest and object to the allowance of any equity interest that is improper or not filed in accordance with the Bar Date Order. By this Objection, the Plan Administrator will be able to develop a register of allowed equity interests for distribution purposes.

9. Section 502(a) of the Bankruptcy Code provides:

> A claim or **interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest**, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, **objects**.

11 U.S.C. § 502(a) (emphasis added).

10. Bankruptcy Rule 3002 (a) provides: "[a] secured creditor, unsecured creditor, or equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004 and 3005." Fed. R. Bankr. P. 3002(a). Rule 3003 further provides, in a chapter 11 case, "[a]ny creditor or equity security holder whose claim or interest is not schedule or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

11. Consistent with the Bar Date Order, all holders of equity interests received due and sufficient notice of the Bar Date.

12. As set forth in **Exhibit 1** (Duplicative Interests), **Exhibit 2** (Late-filed Interests) and **Exhibit 3** (Interests with Insufficient Documentation), each Deficient POI fails to satisfy one or more of the following requirements set forth in the Bar Date Order:

- Failure to submit the POI before or on the Bar Date;

- Failure to submit a Form W-9.

- Missing or insufficient documentation reflecting ownership of shares as of the Record Date. For example, some POI submitted documents reflecting ownership before or after the Record Date, but not as of the Record Date.

- Missing or insufficient documentation evidencing actual ownership of shares as of the Record Date. For example, some POI attached tax-related documentation that does not specifically reference MabVax shares.

- Asserted number of shares is inconsistent with the Debtors' books and records (*i.e.*, the holdings shown in the Broadridge register as of the Record Date).

5

> For example, where POI relies on broker statements, the number of shares reflected did not account for post-reverse split adjustments.

- Missing or insufficient documentation evidencing current ownership of asserted shares.

13. Because the Deficient POIs fail to comply with the requirements established by the Bar Date Order, such equity interests should be disallowed and expunged. The Deficient POI are unenforceable pursuant to 11 U.S.C. §502(a). The Plan Administrator respectfully requests that the Court disallow and expunge the Deficient POI.

## NOTICE

14. Notice of this Objection has been provided to: (i) the Interest Holders of the Deficient POI Claims and (ii) the Office of the United States Trustee. The Plan Administrator has provided the Deficient POI holders with at least thirty (30) days' notice of the hearing on this Objection,[4] and submits that no further notice is necessary.

## NO PRIOR REQUEST

15. No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B,** disallowing and expunging the Deficient POI, and granting the Plan Administrator such other relief as the Court may deem proper.

---

[4] Although Bankruptcy Rule 3007 and Local Rule 3007-1 only govern objection to claims (not objections to interests), the Plan Administrator followed these rules as a guidance for purpose of calculating objection deadline and notice period. To the best of the Plan Administrator's knowledge and belief, this Objection complies with Local Rule 3007-1. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that such requirement be waived.

4909-7692-2966, v. 3

Dated: August 5, 2025
     Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE #3995)
Zhao (Ruby) Liu (DE #6436)
Chan (Cora) Dong (DE #7393)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com
Email: liu@teamrosner.com
Email: dong@teamrosner.com

*Attorney for the Plan Administrator*