# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MABVAX THERAPEUTICS HOLDINGS, INC., *et al.*,[1]<br><br>Post-Effective Debtors. | Chapter 11<br><br>Case No. 19-10603 (LSS)<br><br>Jointly Administered<br><br>**Re: D.I. 721** |

## FINAL REPORT AND ACCOUNT IN CHAPTER 11 CASES

Pursuant to Rule 3022-1(a) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), J. David Hansen, in his capacity as plan administrator ("Plan Administrator") for the Post-Effective Date Debtors (together, "MabVax" or "Debtors") in the above-captioned cases, hereby submits this final report and accounting (the "Final Report") in connection with the *Motion of Plan Administrator for Entry of an Order and Final Decree: (I) Authorizing and Approving Final Distributions to Holders of Allowed Proofs Of Interest; (II) Authorizing Abandonment And Destruction of Debtors' Remaining Books and Records; (III) Terminating Noticing Services; (IV) Approving the Discharge of Plan Administrator and Counsel; (V) Closing the Chapter 11 Cases; (VI) Approving Form and Manner of Notice of This Motion And (VII) Granting Related Relief* [D.I. 721] (the "Final Decree Motion"). The following information is true and correct, to the best of the Plan Administrator's knowledge, information, and belief.

## The Plan and Confirmation Order

1. On March 5, 2020, this Court entered an order [D.I. 327] (the "Confirmation

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) MabVax Therapeutics Holdings, Inc. (7903) and (ii) MabVax Therapeutics, Inc. (1765) (together, the "Chapter 11 Cases"). The Debtors' mailing address is P.O. Box 1519, Clinton, AR 72031 c/o David Hansen.

Order") confirming the Debtors' *Second Amended Combined Disclosure Statement and Joint Plan of Liquidation for Debtors* [D.I. 289] (the "Plan").

2.    The Plan went effective on March 20, 2020 (the "Effective Date"). Upon the effective and pursuant to the Plan and Confirmation Order, Mr. Hansen was appointed as the Plan Administrator to, among others, wind up the Debtors' affairs and make distributions. *See* Plan at Art. VIII, § G.

## Distributions

3.    As of the date hereof, the percentage recoveries to creditors and interest holders under the Plan are approximately as follows:

| Class | Claim/ Interest | % Recovery |
|---|---|---|
| 1 | DIP Claims | 100% |
| 2 | Other Secured Claims | 100% |
| 3 | Priority Non-Tax Claims | 100% |
| 4 | General Unsecured Claims | 100%, plus interests at judicial rate |
| 5 | 510(a) and 510(b) Subordinated Claims | 0%, expunged pursuant to the plan |
| 6 | 510(c) Subordinated Claims | 0%, expunged pursuant to the plan |
| 7 | Intercompany Claims | 0%, expunged pursuant to the plan |
| 8 | Equity Interests | 0% to preferred shareholders<br>$1.35 to $1.43 per common share |

## Fees and Expenses

4.    To the best of my knowledge, information, and belief, the following is an accurate summary of the fees and expenses paid, or to be paid, to the Debtors' professionals[2] in these chapter 11 cases from the Petition Date through the date hereof:

---

[2] Certain professionals set forth below (marked with *) were retained on a contingency basis. The Court previously has entered orders authorizing the amount of contingency fees awarded to such professionals be filed under seal. *See* D.I. 402, 458, 473, 550, 618, 650 & 369.

| Professional | Professionals' Role in Case | Amount |
|---|---|---|
| The Rosner Law Group LLC | Bankruptcy Counsel to the Debtors | $1,553,095.82 |
| Baker Botts LLP* | Special Litigation Counsel to the Debtors | $8,408,679.99 |
| Goodwin Procter LLP* | Special Litigation Counsel to the Debtors | $626,987.42 |
| Block & Leviton LLP* | Special Litigation Counsel to the Debtors | $951,275.29 |
| Gatto, Pope & Walwick LLP | Accountant to the Debtors | $52,800.00 |
| Gavin/Solmonese LLC | Independent Director to the Debtors | $29,933.40 |
| | **TOTAL** | **$11,622,771.92** |

5. No trustee, committee, or examiner was appointed in these chapter 11 cases. Accordingly, no fees or expenses were incurred with respect to any trustee, committee, or examiner.

6. The Debtors are current on all fees owed pursuant to 28 U.S.C. § 1930 (the "U.S. Trustee Fees") through October 31, 2025. Within thirty (30) days after entry of a final decree closing these chapter 11 cases, the Plan Administrator will file its final quarterly report and pay all U.S. Trustee Fees due through the date of entry of the final decree.

7. The Plan Administrator has established a reserve for the remaining U.S. Trustee Fees, along with a reserve for administrative expenses related to making the final distributions and closing out these cases including, but not limited to, any other activities as further described in the Final Decree Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: November 26, 2025   /s/ J. David Hansen
J. David Hansen
Plan Administrator to the post-Effective Date Debtors